Deborah A. Sivas (CA Bar No. 135446)
Leah J. Russin (CA Bar No. 225336)
Noah Long (Certified Law Student)
ENVIRONMENTAL LAW CLINIC
MILLS LEGAL CLINIC
Stanford Law School
Crown Quadrangle
559 Nathan Abbot Way
Stanford, CA 94305-8610
Telephone: (650) 723-0325
Facsimile (650) 723-4426

Justin Augustine (CA Bar No. 235561)
CENTER FOR BIOLOGICAL DIVERSITY
1095 Market Street, Suite 511
San Francisco, CA 94103
Phone: (415) 436-9682
Facsimile: (415) 436-9683
Email: jaugustine@biologicaldiversity.org

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>THE OFFICE OF MANAGEMENT AND BUDGET,<br><br>Defendant. | Civil Action No. C 07 4997 MHP<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**<br><br>(Freedom of Information Act, 5 U.S.C. §§ 552, *et seq.*) |

**INTRODUCTION**

1. This complaint alleges violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by the White House Office of Management and Budget ("OMB") for denying the Center for Biological Diversity's ("the Center") fee waiver request.

2. On August 29, 2006, the Center submitted a FOIA request to the OMB, the Department of Transportation ("DOT") and the National Highway Traffic Safety Administration ("NHTSA") for documents relating to the development of the final rule setting average fuel economy standards for light trucks for model years 2008-2011 (71 Fed. Reg. 17566-17679). The Center requested this information to shed light on the federal government's rationale for promulgating emission standards for light trucks that do not achieve "maximum feasible average fuel economy" as required by law. 49 U.S.C. § 32902(a).

3. The fuel economy of light trucks is no small matter. Light trucks make up eight percent of annual U.S. greenhouse gas emissions and will emit approximately 2.8 billion metric tons of carbon dioxide during their lifetimes. For the United States to effectively address the growing problem of global warming, the contribution of light trucks cannot be ignored. Thus, the public at large, including state governments and environmental groups, has an interest in access to documents related to the rulemaking.

4. The OMB was closely involved with DOT's promulgation of the light truck final rule, especially in regard to the economic analysis that was conducted.

5. The Center's August 29, 2006 FOIA request included a fee waiver request to each agency. The DOT and NHTSA granted the fee waiver request, but OMB denied it.

6. The Center seeks a judgment that OMB violated FOIA by denying the Center's request for a fee waiver.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (United States as a defendant), and 5 U.S.C. § 552(a)(4)(B) (action arising under FOIA).

8. This Court has authority to grant the requested relief pursuant to 28 U.S.C. §§ 2201-2202 (declaratory and injunctive relief) and 5 U.S.C. § 552(a)(4)(B) (action arising under FOIA).

9. Venue lies in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) (complainant resides in the Northern District of California).

**INTRADISTRICT ASSIGNMENT**

10. This action is properly assigned to either the San Francisco or Oakland Division of this court because Plaintiff Center for Biological Diversity maintains an office in San Francisco.

**PARTIES**

11. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("the Center") is a non-profit corporation with over 30,000 members and offices in San Francisco, Los Angeles, and San Diego, California; Washington, D.C.; Portland, Oregon; Tucson and Phoenix, Arizona; and Silver City, New Mexico. The Center is dedicated to the preservation, protection, and restoration of biodiversity and ecosystems throughout the world. Center members, staff, and board have a long-standing interest in improving the regulation of vehicle emissions to help combat global warming and ensure the protection of air quality, public health, wildlife, and habitat. The Center has been actively involved in the development, enforcement, and reform of laws and regulations that impact air quality and climate change for many years.

12. The Center regularly produces written reports and policy documents, submits comments on agency proposals, and otherwise is actively involved with government actions that address air quality and climate change. The Center also regularly conveys information to the public regarding air quality and climate change, including information obtained through FOIA requests, via its newsletters, press releases, website, action alerts, and other publications.

13. The OMB must provide this information to the Center for the Center to continue its conservation and education work related to emissions from light trucks. The Center regularly obtains and uses FOIA-obtained documents in order to comment on, and submit complaints and other information regarding, agency actions, as well as to keep its members and the public informed.

14. The Center brings this suit on its own behalf and on behalf of its adversely affected members, staff, and board. The Center and its members have been and continue to be injured by

Defendant's refusals to provide documents responsive to the Center's FOIA request. Only by granting the requested relief will the Center's injuries be redressed.

15. Defendant OMB is a federal agency within the meaning of FOIA and has possession or control of records that the Center seeks.

**STATUTORY BACKGROUND**

16. FOIA allows any person to obtain access to the records of federal agencies provided the statute's disclosure exemptions do not apply to the requested information. 5 U.S.C. § 552(a)(3)(A).

17. After receiving a FOIA request, an agency has twenty working days to "determine whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i).

18. "Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request." 5 U.S.C. § 552(a)(6)(C)(i).

19. In "unusual circumstances," an agency may take ten additional days to respond to a request. However, FOIA does not permit an agency to delay a response indefinitely. 5 U.S.C. § 552(a)(6)(B). Unusual circumstances include the need to search for and collect requested documents from other offices, the need to appropriately examine a voluminous amount of separate and distinct records, and the need to consult with another agency. 5 U.S.C. § 552(a)(6)(B)(iii)(I-III).

20. When a FOIA requester appeals an agency's FOIA response, the agency "shall make a determination within twenty working days after the receipt of such appeal." 5 U.S.C. § 552(a)(6)(A)(ii).

21. FOIA states that a requester "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i).

22. FOIA provides for fee waivers when the information sought "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

23. FOIA provides this Court with "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

24. FOIA permits the Court to "assess reasonable attorney fees and other litigation costs reasonably incurred in any case in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E).

## FACTUAL BACKGROUND

**DOT's Final Rule on Emission Standards for Light Trucks**

25. In its first major overhaul of the fuel economy regulatory program for "light trucks" since 1979, DOT issued a final rule on April 6, 2006, setting fuel emission standards for light trucks.

26. OMB was actively involved in setting the light truck final rule, especially in regard to the economic analyses and policy assumptions on which the final rule was based.

27. Members of the public submitted a wealth of authoritative information to DOT regarding greenhouse gas emissions and global warming, and the agency acknowledges that light trucks will emit approximately 2.8 billion metric tons of carbon dioxide over their lifetimes.
In setting the standard, the agency largely ignored the effect of its decision on global warming.

**The Center's August 29, 2006 FOIA Request**

28. In order to fully understand DOT's light truck fuel emissions final rule, the Center submitted an August 29, 2006 FOIA request to DOT's Office of the Secretary and National Highway Traffic Safety Administration and to the OMB. The request sought:

> All documents relating to the development of the Final Rule setting average fuel economy standards for light trucks for model years 2008-2011 (71 Fed. Reg. 17566-17679, "rulemaking") that are not already posted on the internet in Docket Nos. 2005-22223 and 2006-24309. This request includes communications among staff and with others that were created during the development of the Final Rule and the Proposed Rule (70 Fed. Reg. 51414-51466). This request includes but is not limited to e-mail exchanges or other correspondence among agency staff and between agency staff and others, draft documents, internal reviews and critiques, inter-agency reviews, agency meeting notes, etc.

29. The Center's request included a fee waiver request pursuant to FOIA's public interest exception, 5 U.S.C. § 552(a)(4)(A)(iii). The fee waiver request described why the information would be "likely to contribute significantly to public understanding of the operations or activities of the

government," pointed out that the information sought is not publicly available, and discussed the Center's ability to disseminate the information effectively to the public at large. The Center has a long track record of widely disseminating information obtained through FOIA requests.

30. The Center intends to disseminate the requested information to its members and the general public in order to provide a better understanding of emissions standards and their impacts on public health and the environment.

**Agency Responses and the Center's Administrative Appeals Regarding the August 29, 2006 FOIA Request**

31. On October 12, 2006, the Center received a half-page letter from OMB stating that the Center's August 29, 2006 FOIA request was overly broad. No explanation was provided for this conclusory assertion.

32. On October 20, 2006, the Center received a similar letter from the DOT claiming that the Center's FOIA request was "extremely broad" but likewise provided little rationale for the determination.

33. On November 7, 2006, the Center appealed both the DOT and OMB findings, fully explaining the need for the documents and why the August 29, 2006 FOIA request was not overly broad.

34. On December 8, 2006, the Center received a response from DOT to its November appeal. DOT stated that it did not consider the Center's November appeal to be an appeal and that regardless, DOT was denying the Center's request for a fee waiver on the grounds that the public interest prong of the fee waiver request was not satisfied. DOT stated that it would not proceed with the FOIA request until the Center had paid DOT's estimate of the fees, which it calculated to be $4,080.

35. On December 15, 2006, the Center filed a second administrative appeal with DOT regarding the denial of the fee waiver which fully explained why DOT's assertions were in error and why the Center is entitled to a fee waiver.

36. On January 22, 2007, the Center received a two sentence letter from the DOT Office of Counsel, stating that the Center's fee waiver appeal had been granted and that DOT and NHTSA would process the Center's FOIA request without imposing fees.

37. Meanwhile, OMB had provided absolutely no response to the Center's November 7, 2006, administrative appeal. Despite the fact that FOIA mandates a 20-day response period, OMB delayed its response for two-and-one-half months. The Center finally received its response on January 26, 2007. Much like DOT, OMB claimed that the Center's November 7, 2006, letter was not an "appeal." Unlike DOT, OMB denied the Center's fee waiver request. OMB's fee waiver denial was based on the same assertions that DOT ultimately overturned.

38. On January 29, 2007, the Center appealed OMB's fee waiver denial, fully explaining why OMB's assertions were erroneous and a waiver was appropriate.

39. Although a response to the Center's fee waiver appeal was due by March 1, 2007, OMB did not respond until June 12, 2007. Again, OMB denied the Center's fee waiver appeal and stated that it would not proceed with the FOIA until the Center had paid an advance fee of $3,000.

40. The June 12, 2007, letter invited the Center to provide "additional information in support of" the Center's fee waiver request. In a good faith effort to resolve the issue without resort to litigation, the Center sent a letter to OMB on July 19, 2007, once again fully explaining why the Center's request qualifies for a fee waiver and why OMB's claims were misplaced.

41. Despite the fact that over 20 working days have passed since that letter was sent to OMB, and despite the fact that the Center has left phone messages with OMB on three different occasions since July 19, 2007, OMB has not responded to the letter nor has OMB returned the Center's phone calls.

## CLAIM FOR RELIEF

### OMB's Failure to Provide Responsive Documents to the Center Violates the Freedom of Information Act

42. Each of the allegations set forth above are incorporated by reference herein.

43. OMB has not adequately responded to Plaintiff's August 29, 2006 FOIA request.

44. OMB's failure to provide all responsive documents violates 5 U.S.C. § 552(a).

45. By denying the Center's request for a fee waiver, which was part of the Center's August 29, 2006 FOIA request, OMB has violated FOIA's mandate to provide documents without charge when the information sought "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

46. The Center is entitled to obtain the requested records immediately at no cost.

47. OMB's failure to respond to the Center's July 19, 2006 fee-waiver appeal within twenty working days violates 5 U.S.C. § 552(a)(6)(A)(ii).

**PRAYER FOR RELIEF**

The Center for Biological Diversity respectfully requests that this Court:

1. Declare that OMB has violated FOIA by failing to provide all records responsive to the Center's August 29, 2006 FOIA request;
2. Declare that OMB has violated FOIA by unlawfully denying a request for fee waiver in the Center's August 29, 2006 FOIA request;
3. Order OMB to immediately provide the Center with copies of all requested information at no cost within twenty days;
4. Grant the Center such other injunctive and declaratory relief as this Court deems just and proper;
5. Retain jurisdiction over this case to ensure compliance with this Court's decree; and
6. Award the Center its reasonable attorney fees, costs, and expenses incurred in pursuing this action.

Dated: Sept. 25th, 2007

Respectfully submitted,

ENVIRONMENTAL LAW CLINIC
MILLS LEGAL CLINIC

/s/ DEBORAH A. SIVAS
By: ______________________________
DEBORAH A. SIVAS

Attorneys for Plaintiffs CENTER FOR BIOLOGICAL DIVERSITY