SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954 )
Assistant United States Attorney

>450 Golden Gate Avenue, Box 36055
>San Francisco, California 94102-3495
>Telephone: (415) 436-7322
>FAX: (415) 436-6748
>e-mail: michael.t.pyle@usdoj.gov

Attorneys for Defendant Office of Management and Budget

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>THE OFFICE OF MANAGEMENT AND BUDGET,<br><br>Defendant. | No. C 07-4997 MHP<br><br>**ANSWER** |

Defendant Office of Management and Budget (OMB), by and through the United States Attorney for the Northern District of California, answers and otherwise responds to the Complaint as follows:

1. Paragraph one alleges plaintiff's characterization of the action and requires no response.

2. With regard to paragraphs two through six, defendant alleges that it received a request under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), from plaintiff; that the request was by letter dated August 29, 2006; and that the request included a request for a fee waiver. Defendant also alleges that it serves an advisory and deliberative oversight role as a component agency within the Executive Office of the President. Defendant further alleges that the Office of

ANSWER
C 07-4997 MHP                                   1

1  Information and Regulatory Affairs (OIRA) was established as an entity within OMB by
2  Congress in the 1980 Paperwork Reduction Act.  OIRA designates and reviews significant
3  regulations under Presidential Executive Order 12866 (1993).  Under Executive Order 12866,
4  OIRA consults with federal agencies and reviews drafts of significant regulations and regulatory
5  analyses concerning a federal regulation's potential effects on society.  In that capacity, OMB
6  alleges that it consulted with the Department of Transportation (DOT) as part of the DOT's
7  rulemaking process.  OMB alleges that DOT issued a final rule on April 6, 2006 regarding fuel
8  emission standards for light trucks and further alleges that it consulted with DOT while DOT was
9  engaging in its rulemaking process.  This rulemaking process for the DOT rule is described in 71
10 Fed. Reg. 17566-17679.  Defendant further alleges that the public regulatory docket information
11 related to that rulemaking process is available at www.reginfo.gov.  The remaining allegations
12 contains plaintiff's characterization of its action, about which defendant is without knowledge or
13 information sufficient to form a belief as to the truth of the allegations and to which no response
14 is required.  Except as so alleged, defendant denies those allegations of those paragraphs.
15     3. With regard to paragraphs seven though ten, defendant alleges that the Court has
16 jurisdiction and venue over the action.  Except as so alleged, defendant denies the allegations of
17 those paragraphs.
18     4. Paragraphs 11 through 14 describe the plaintiff and require no response.  To the extent
19 a response is required, defendant is without knowledge or information sufficient to form a belief
20 as to the truth of the allegations.
21     5. As to paragraph 15, defendant OMB admits that it is an office within the Executive
22 Office of the President and that it is an agency within the meaning of 5 U.S.C. § 552(f) and thus
23 subject to the requirements of FOIA.  Except as so admitted, defendant is without knowledge or
24 information sufficient to form a belief as to the truth of the remaining allegations of paragraph
25 15.
26     6. As to paragraphs 16 through 24, plaintiff has quoted various sections of FOIA, which
27 speak for themselves and which require no response.
28     7. With regard to paragraphs 25 through 27, defendant alleges that DOT issued a final

ANSWER
C 07-4997 MHP                                2

1  rule on April 6, 2006 regarding fuel emission standards for light trucks and further alleges that it
2  did consult with DOT about the proposed rule. OMB further alleges that, as part of this
3  rulemaking, it consulted with DOT as part of OMB's review of draft significant regulations and
4  conduct of regulatory analyses in accordance with Executive Order 12866. Except as so alleged,
5  defendant does not have sufficient information to admit or deny the remaining allegations of
6  these paragraphs.

7      8. With regard to paragraphs 28 through 41, defendant alleges that it received from
8  plaintiff a FOIA request dated August 29, 2006. It further alleges that OMB responded by letter
9  dated October 12, 2006, a copy of which is attached hereto as Exhibit 1. OMB also alleges that
10 plaintiff wrote to it on November 7, 2006 and that OMB again responded by letter dated January
11 26, 2007, a copy of which is attached as Exhibit 2. OMB admits that plaintiff wrote a January
12 29, 2007 letter which it characterized as an "appeal" and that OMB responded by letter dated
13 June 12, 2007, a copy of which is attached as Exhibit 3. Defendant further alleges that those
14 letters speak for themselves and that no response is required regarding the contents of those
15 letters. With regard to plaintiff's allegations regarding DOT, defendant does not have sufficient
16 information to admit or deny those allegations.

17     9. With regard to paragraph 42, defendant incorporates by reference its responses to each
18 of the allegations set forth in paragraphs one through 41 of the complaint.

19     10. With regard to paragraphs 43 and 44, defendant alleges that it did not provide
20 responsive documents because plaintiff did not arrange to pay the fee, agree to pay the fee, and/or
21 satisfy the requirements for a fee waiver. Except as so alleged, defendant denies the allegations
22 of those paragraphs.

23     11. With regard to paragraphs 45 through 47, defendant alleges, in part, that as set forth
24 in its June 12, 2007 letter to plaintiff, a copy of which is attached as Exhibit 3, a significant
25 amount of information related to this rulemaking is already in the public domain. Defendant
26 alleges that plaintiff had enough information from the public domain to have filed a petition for
27 judicial review of DOT's final rule against the National Highway Traffic Safety Administration
28 (and not OMB), a matter that was argued and submitted to the United States Court of Appeals for

ANSWER
C 07-4997 MHP                3

1  the Ninth Circuit on May 14, 2007 in a case entitled *Center for Biological Diversity v. National Highway Traffic Safety Administration*, Case No. 06-71891.  Defendant further alleges that to the extent plaintiff's FOIA request seeks documents that consist of pre-decisional opinions, discussions and/or draft versions of the proposed and final rule, such documents would be exempt from mandatory disclosure pursuant to FOIA exemption 5, 5 U.S.C. § 552(b)(5).  Except as so alleged, defendant denies the allegations of those paragraphs.

12. The remaining paragraphs of the complaint constitute a prayer for relief to which no response is required.  Defendant denies that plaintiff is entitled to any relief.

13. Defendant denies all allegations contained in the Complaint that it has not specifically admitted.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

Plaintiff has failed to pay (or agree to pay) the fee necessary for defendant to process its FOIA request or to satisfy the requirements necessary to obtain a FOIA fee waiver.

Second Affirmative Defense

Should plaintiff either pay (or agree to pay) the required FOIA fee or satisfy the requirements necessary to obtain a FOIA fee waiver, defendant would process plaintiff's FOIA request in a manner consistent with its procedures and with FOIA statutory exemptions, including exemption 5 at 5 U.S.C. § 552(b)(5) .

WHEREFORE, defendant prays that:

1. The complaint be dismissed with prejudice;
2. plaintiff take nothing by this action;
3. no injunctive relief be awarded plaintiff;
4. the Court enter judgment in favor of defendant; and
5. the Court grant such other and further relief as is deems just and proper.

Dated: November 2, 2007           Respectfully submitted,

                                  SCOTT N. SCHOOLS
                                  United States Attorney

ANSWER
C 07-4997 MHP                              4

| | |
|---|---|
|1| |
|2|By:      /s/<br>Michael T. Pyle<br>Assistant U.S. Attorney|
|3| |

ANSWER
C 07-4997 MHP                                5