

EXECUTIVE OFFICE OF THE PRESIDENT
OFFICE OF MANAGEMENT AND BUDGET
WASHINGTON, D.C. 20503

June 12, 2007

Mr. Justin Augustine
Staff Attorney
Center for Biological Diversity
1095 Market Street
Suite 511
San Francisco, CA 94103

[SENT VIA FACSIMILE (415) 436-9683 AND FIRST CLASS U.S. MAIL]

Dear Mr. Augustine:

This responds to your letter to the Office of Management and Budget's (OMB) dated January 29, 2007, in which you appealed OMB's denial of the request by the Center for Biological Diversity (CBD or Center) for a fee waiver under the Freedom of Information Act (FOIA).

As a preliminary matter, it is our understanding that you submitted an essentially identical FOIA request to the Department of Transportation, which is the agency that issued the proposed and final rules setting the average fuel economy standards for light trucks. As you may be aware, the Department of Transportation, and not OMB, is the rulemaking agency that issued the proposed rule, considered public comments to the proposed rule, signed the final rule and conducted the implemented of the regulation you are seeking information about under your FOIA request. As discussed more fully below, that Department has already made available to the public (via its website) a substantial amount of information regarding this rulemaking.

Before turning to your appeal, I want to summarize briefly the history of the correspondence regarding your FOIA request to OMB.

Your FOIA request was dated August 29, 2006, and was received by OMB's FOIA office on September 14, 2006. In your request, you asked for "[a]ll documents relating to the development of the Final Rule setting average fuel economy standards for light trucks for the model years 2008-2011 (71 Fed. Reg. 17566-17679, "rulemaking") that are not already posted on the internet in Docket Nos. 2005-22223 and 2006-24309," including "communications among staff and with others that were created during the development of the Final Rule and the Proposed Rule (70 Fed. Reg. 51414-51466)." Your request also stated that it "includes, but is not limited to e-mail exchanges or other correspondence among agency staff and between agency staff and others, drafting documents internal reviews and critiques, inter-agency reviews, agency meeting notes, etc." In your request, you asked that OMB waive the applicable FOIA fees, based on the FOIA's general fee waiver authority.

OMB responded to your request in our letter dated October 12, 2006. In our letter, we noted the breadth of your request and offered you the opportunity to "refine the scope of your request to focus on the information that is of most interest to you." You replied in your letter of November 9, 2006. In that letter, you declined to refine the scope of your request, and instead stated your belief that your FOIA request is detailed enough and not be too broad or burdensome.

EXHIBIT 3

Since you reiterated that you wanted OMB to process your request as it was originally submitted, OMB notified you, in our letter dated January 26, 1997, that OMB was beginning the processing of your FOIA request by responding to your request for a general fee waiver. OMB then went on to explain that OMB may waive or reduce FOIA fees when OMB determines that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the Government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); see 5 C.F.R. § 1303.70 (OMB's FOIA regulations). OMB then went on to explain that your fee waiver request did not satisfy this standard, and accordingly OMB denied your fee waiver request. Attached for your convenience is a copy of OMB's letter of January 26, 2007.

In addition, it is our understanding that the Transportation Department similarly offered you the opportunity to refine the scope of your FOIA request and that you declined to do so.

In response to OMB's denial of your fee waiver request, you submitted your letter dated January 29, 2007, in which you have appealed this denial.

In response to your appeal, we have again reviewed your request for a fee waiver. For the following reasons, we have again concluded that your request does not satisfy the governing standard, under the FOIA statute and OMB's FOIA regulations, for the waiver or reduction of fees. Accordingly, based on the information that you have supplied to date, your appeal and your request for a fee waiver are denied.

As noted above, and in OMB's letter of January 26, 2007, an agency may waive or reduce FOIA fees if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the Government and is not primarily in the commercial interest of the requester." In previously denying your request for a fee waiver, OMB concluded that your request did not satisfy this standard. In considering your appeal, we have again reached the same conclusion, for the following reasons.

First, it is the Transportation Department, not OMB, that is the rulemaking agency that issued the proposed and final rules, and the Department has already made available to the public (on the internet) a substantial amount of information regarding this rulemaking. The fact that the rulemaking agency has already made publicly available a substantial amount of information regarding its rule argues strongly against the conclusion that any additional information that OMB is likely to disclose (in response to your FOIA request) will be "*likely* to contribute *significantly*" to the public's understanding of this rulemaking.

The information that the Transportation Department has already made available to the public on the internet is found in Department's regulatory dockets for this rulemaking – No. 2005-22223 for the proposed rule and 2006-24309 (for the final rule). The Department's regulatory dockets includes the proposed rule (comprising 53 Federal Register pages) and the final rule (comprising 49 Federal Register pages), which provide the most direct explanation of the Department's decision-making in this rulemaking. In addition, the Department's regulatory docket also includes copies of the "over 45,000 individual submissions to the rulemaking docket" that the

Department received "prior to the close of the comment period, including ones from vehicle manufacturers and associations, environmental and consumer advocacy groups, members of Congress, and private individuals" (71 Fed. Reg. 17577).

In the preamble to the final rule, the Department responded to these comments and explained the changes that the Department had made, and that are reflected in the final rule, as a result of the Department's consideration of the comments. Moreover, the Department's regulatory docket also includes the following materials related to OMB's review of this rulemaking under Executive Order 12866 (these documents are also included in OMB's public docket for its review): the text of the drafts of the proposed and final rules as the Department originally submitted them to OMB for review; the Regulatory Impact Analysis that the Department had prepared for the proposed and final rule (which is required by EO 12866 and OMB Circular A-4); the Department's Environmental Impact Assessment for the proposed and final rule; and the Department's completed forms for submitting the drafts of the proposed and final rules to OMB for review.

Second, in response to your FOIA request, OMB is unlikely to release a significant amount of information that is not already in the public domain. Thus, again, such release would not be "*likely* to contribute *significantly*" to the public's understanding of this rulemaking.

In our letter to you of January 26, 2007, denying your fee waiver request, OMB stated that it is our expectation that most of the responsive documents that OMB would locate (in response to your FOIA request) would consist of pre-decisional opinions, discussions and/or draft versions of the proposed and final rule which were being considered, commented upon, and revised by Executive Branch staff. As such, these documents would constitute intra-agency or inter-agency, pre-decisional, deliberative communications that would be exempt from mandatory disclosure pursuant to FOIA Exemption 5, 5 U.S.C. § 552(b)(5).

Moreover, based on OMB's experience in responding to FOIA requests seeking similar types of deliberative materials, our expectation is that OMB would decline to release most of these documents, because their disclosure would chill the deliberative process by inhibiting the frank and candid exchange of views that is necessary for effective government decision making. In this regard, given our experience in responding to FOIA requests seeking similar types of deliberative information, any factual portions of these deliberative documents are likely to be inextricably intertwined with the deliberative material, such that the factual portions could not be reasonably segregated. Furthermore, to the extent that the responsive documents that OMB located contain confidential commercial information or attorney-client information, OMB would decline to release those documents under FOIA Exemptions 4 and 5, respectively.

Finally, in the January 26, 2007 letter, OMB also outlined our expectation that the responsive documents (or portions of documents) that OMB would most likely release will likely contain information that is already in the publicly domain, either because it is information that is in the Transportation Department's regulatory docket or because it is information that is available in the press or other public documents.

Third, any information that OMB is likely to release, in response to the FOIA request, is not "*likely* to contribute *significantly*" to the public's understanding on the issue for which you have expressed specific interest: namely, the compliance of the Department's proposed and final rules with the Energy Policy and Conservation Act and the National Environmental Policy Act.

In support of your FOIA appeal, you state on pages 4-5 of your January 29, 2007 letter that the documents you seek from OMB "will undoubtedly provide meaningful understanding of OMB's compliance with federal statutes including the Energy Policy and Conservation Act ('EPCA') and the National Environmental Policy Act ('NEPA'), . . . . This is certain to shed light on the OMB's decision-making process and compliance with applicable law."

Your letter is based on an incorrect premise. It is the Transportation Department, not OMB, that is the rulemaking agency, and therefore it is the Department, not OMB, that has the legal responsibility for promulgating CAFE regulations that are in compliance with such statutes as EPCA and NEPA. As a result, the documents that are most likely to contribute significantly to the public's understanding of the rulemaking's compliance with EPCA and NEPA would be maintained by the Department, and our expectation is that most of the documents would be in the Department's regulatory docket for the proposed and final rules, which is already available to the public on the internet. Moreover, to the extent that the Department possesses other documents that address its compliance with EPCA and NEPA, which are not in the regulatory dockets, such documents would presumably be responsive to the separate FOIA request that you submitted to the Department.

Fourth, it is not clear to OMB that any information that we would disclose to you, in response to your request, would contribute to the understanding *of the public at large*, as is required by the FOIA's general fee waiver standard.

Under the general fee waiver standard, the proper focus is on whether the information that will be disclosed will contribute significantly to *the public's* understanding, not on whether the information will provide any personal benefit to the FOIA requester. In your January 29th letter, you acknowledge that CBD has a particular litigation interest in these documents, because CBD is a plaintiff in civil litigation against the Transportation Department (the Center, as a litigant, can readily avail itself of appropriate discovery under the applicable rules governing such litigation).

Moreover, in your appeal letter, you do not explain how CBD will actively disseminate any information that you obtain from OMB, in a manner that will contribute significantly *to the public's* understanding (and that would consist of more than the Center simply making such released materials available to the public, which does not satisfy the general fee waiver standard). Requests that make no showing of how the information would be disseminated, other than through passively making it available to anyone who might seek access to it, do not meet the burden of demonstrating that the information will increase *the public's* understanding of this rulemaking.

Consequently, after analyzing the Center's request for a fee waiver under the criteria established by the FOIA statute and OMB's implementing regulation, it is my conclusion that OMB properly denied the Center's fee waiver request.

As we noted in our prior letter dated January 26, 2007, we estimated the cost of an electronic search alone (not including manual search time and not including photocopying costs) would be approximately $6,171 (six thousand one hundred and seventy-one dollars) and that an electronic search would comprise only one portion of a FOIA search. The above is a preliminary estimate, and OMB has not yet conducted a search (electronic or otherwise) of the records in response to your request. Consequently, the actual search costs might ultimately turn out to be higher (perhaps significantly) as our search progresses.

In addition, since the required fees for processing your FOIA request would exceed $250, pursuant to OMB's FOIA regulations you are required to provide an advance payment at this point (with a subsequent payment being owed when the search has been completed). Because we are confident that the search costs would exceed $3,000 (one-half of the estimated fee for the electronic search alone), the advance payment shall be of $3,000. Please make your check or money order in this amount payable to the U.S. Treasury and mail it the attention of Ms. Dionne Hardy, OMB's FOIA Officer.

If you wish to reformulate your FOIA request in an effort to reduce the search and copying costs and to expedite our processing of your request, please contact Assistant General Counsel Stuart Bender at (202) 395-7533 or via fax at (202) 395-3108. In addition, if you would like to submit, for our consideration, additional information in support for your request for a fee waiver (for us to consider before reaching a final decision on your fee waiver request), please submit the information to Mr. Bender via fax at (202) 395-3108.

Please note that your FOIA request will not be processed by OMB until the advance payment is made or the fee issue is otherwise resolved.

If you do not wish to submit additional information in support of your fee waiver request, and therefore consider this response to be a denial of your appeal, you may seek judicial review of my action on your appeal in accordance with the provisions of 5 U.S.C. § 552(a)(4).

Sincerely,

Steven D. Aitken
Deputy General Counsel

Attachment (OMB's January 26, 2007 letter)