Deborah A. Sivas (Calif. Bar No. 135446)
Leah J. Russin (Calif. Bar No. 225336)
Noah Long (Certified Law Student)
ENVIRONMENTAL LAW CLINIC
Mills Legal Clinic at Stanford Law School
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 725-8571
Facsimile: (650) 723-4426

Justin Augustine (Calif. Bar No. 235561)
CENTER FOR BIOLOGICAL DIVERSITY
1095 Market Street, Suite 511
San Francisco, CA 94103
Telephone: (415) 436-9682
Facsimile: (415) 436-9683

Attorneys for Plaintiff CENTER FOR BIOLOGICAL DIVERSITY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br><br>    Defendant. | Case No. C 07-4997 MHP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| PEOPLE OF THE STATE OF CALIFORNIA *ex rel.* EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>    Defendants. | Case No. C 07-2055 JSW |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONSIDER WHETHER
CASES SHOULD BE RELATED – Case Nos. C07-4997 MHP and C07-2055 JSW

## I. INTRODUCTION

Plaintiff Center for Biological Diversity ("Center") opposes Defendant Office of Management and Budget's ("OMB") motion to relate the above-captioned cases.[1]  The Center's case, CBD v. OMB, Case No. C07-4997 MHP, seeks to compel OMB to grant a fee waiver for its Freedom of Information Act request, which was first submitted to the agency over 15 months ago. After months of OMB delay and foot-dragging, ultimately ending in denial of the fee waiver request, the Center seeks to resolve this issue as quickly as possible so that it can obtain the requested documents, and it is prepared to move forward on summary judgment at the very earliest date allowed by the Court.  Relating the Center's simple case to the ongoing litigation in California v. EPA, Case No. C07-2055 JSW, where a fee waiver is not at issue, will further delay expeditious adjudication of the outstanding fee waiver issue and prejudice the Center's urgent interest in receiving the requested documents, while not advancing the purposes of the related case provisions of Local Rule 3-12.  Accordingly, OMB's untimely motion should be denied.

## II. FACTUAL BACKGROUND

The CBD v. OMB case is the culmination of a year of delays and denials by OMB.  On August 29, 2006, the Center first requested documents from OMB related to that agency's involvement in the April 6, 2006 corporate fuel economy standards rulemaking for light trucks by the National Highway Traffic Safety Administration ("NHTSA"), within the Department of Transportation, and sought a fee waiver for the requested documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Complaint at ¶¶ 28-29.  Despite the 20-day statutory response deadline imposed by FOIA, OMB's first response came 43 days after the request, asking that the Center narrow the scope of its request.  Id. at ¶ 31.  The Center reiterated its request,

---

[1] The Center received electronic service of this motion at approximately 4:38 p.m. on December 5, 2007, although the moving papers have not been formally e-filed in the CBD v. OMB case. Accordingly, this opposition is timely filed under Local Rule 7-11(b) (opposition must be filed no later than the third court day after the motion was filed).

explaining the need for the documents and why the request was not overly broad. Id. at ¶ 33. After another delay, this time of 80 days, OMB finally responded, denying the Center's fee waiver request and refusing to process the document request until the Center paid $6,171 in fees. Id. at ¶ 37. The Center immediately appealed the fee waiver denial, explaining that the waiver is mandated based on the plain statutory language of FOIA and that the interpretation taken by OMB has no legal basis. Id. at ¶ 38. In the meantime, the Department of Transportation reversed its prior position and granted an identical fee waiver request for documents within its possession. Id. at ¶ 36. After another delay of four and one-half months, OMB formally denied the Center's appeal. Id. at ¶ 39. OMB's denial letter stated that the Center could treat the response as a final decision on appeal or could submit "additional information" before a final decision was made. Id. at ¶ 40. OMB also demanded an initial payment of $3,000 before proceeding on the request. Id. at ¶ 39. In response, the Center sent additional information to OMB on July 19, 2007, further explaining the illegality of OMB's decision. Id. ¶ 40. OMB has never responded to the Center's most recent letter, nor has it returned telephone calls from the Center since that time. Id. ¶ 41. Accordingly, the Center filed its complaint in CBD v. OMB on September 27, 2007. The complaint challenges OMB's failure to grant the fee waiver and provide the responsive documents. Id. at ¶¶ 42-47.

      OMB answered the complaint in CBD v. OMB on November 2, 2007, but did not notify the Court or the Center of the pending claims in California v. EPA, despite the fact that OMB is represented by the same attorney in both actions. By letter dated November 8, 2007, the Center advised OMB's counsel that it was prepared to move forward immediately with adjudication of the fee waiver issue. However, after reviewing the Court's standing order applicable to the CBD v. OMB matter, which prohibits the filing of motions to dismiss prior to the initial Case Management Conference, and confirming with the Court that this prohibition applies to all dispositive motions, the Center believed it could not file its summary judgment until the initial Case Management Conference, currently scheduled in this matter for January 7, 2008. See

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONSIDER WHETHER
CASES SHOULD BE RELATED – Case Nos. C07-4997 MHP and C07-2055 JSW    - 2 -

Standing Orders of Chief Judge Marilyn Hall Patel (eff. Sept. 4, 2002). The Center has been and remains fully prepared to file its summary judgment motion as soon as the Court allows. Now, nearly two and one-half months after the complaint was filed, over a month after the answer was filed, and just a few weeks before the Center will finally be permitted to file its summary judgment motion, OMB has filed its tardy motion to relate these matters.

### III.  ARGUMENT

The CBD v. OMB case presents a simple question: Is an established non-profit environmental organization entitled to a public interest fee waiver under FOIA when requesting previously undisclosed government documents related to a significant public policy decision – here, the setting of vehicle fuel economy standards that significantly implicate national policy on global warming? This fee waiver claim can be resolved quickly through summary judgment based on the applicable law and the few relevant pieces of correspondence between the parties.

The claims in California v. EPA, on the other hand, are not related to a FOIA fee waiver issue of any kind. Indeed, the Center has learned that Defendant OMB already granted a FOIA fee waiver to Plaintiff State of California before that case was filed and subsequently provided both some responsive documents and a Vaughn Index of withheld documents. Thus, the only question before the Court in that case is whether certain documents withheld by EPA, NHTSA, and OMB must be produced. The documents at issue there are targeted at state preemption discussions and specific meetings between NHTSA and representatives of the automobile industry. See Declaration of Michael T. Pyle ("Pyle Decl.") at Exh. I. Although there is the potential for some overlap between the documents requested in the two cases, the Center's request is not aimed at NHTSA's state preemption discussions; rather, the Center seeks internal OMB communications and analyses that were not produced as part of the public docket for the light truck fuel economy standards rulemaking. Complaint at ¶ 28. Thus, in their present posture, the two cases do not concern "substantially the same parties, property, transaction, or event." Local Rule 3-12(a)(1). In fact, the question of whether and what overlap exists between the requested documents in the

two cases cannot begin to be addressed until the Court resolves the threshold fee waiver issue and orders OMB to properly respond to the Center's request.

Moreover, it is not "likely that there will be an unduly burdensome duplication of labor and expenses or conflicting results if the cases are conducted by different Judges." Local Rule 3-12(a)(2). Summary judgment briefing in California v. EPA is well under way, with cross-motions already filed by the parties and a hearing scheduled for January 18, 2008. The merits of that case may well be resolved before the CBD v. OMB matter even gets to a hearing on the threshold question of the fee waiver. Certainly, any subsequent litigation over the disclosure or withholding of specific documents requested by the Center will be many months away, if it ever occurs. Thus, judicial economy will not be served by relating the Center's fee waiver claim against OMB to the State's nearly-resolved challenge to the withholding of certain NHTSA documents concerning specific state preemption discussions.

The cases not only fail to satisfy either of the two mandatory prongs set out in the "Related Case" definition found at Local Rule 3-12, but the delay that will inevitably result from the transfer of the CBD v. OMB matter and the consequent rescheduling of the initial Case Management Conference and delay of summary judgment will further prejudice the Center's interests. The Center's FOIA request relates to OMB documents that NHTSA failed to produce as part of the administrative record in the underlying fuel economy rulemaking challenge before the Ninth Circuit Court of Appeals. Recognizing the urgency of that matter, the Ninth Circuit expedited the case for review and recently decided the merits in the Center's favor. See Center for Biological Diversity v. National Highway Traffic Safety Administration, Slip op., Case No. 06-71891 (9th Cir. Nov. 15, 2007). In doing so, the Court ordered NHTSA "to promulgate new standards consistent with this opinion as expeditiously as possible and for the earliest model year practicable." Id., Slip op. at 14924. Accordingly, time is of the essence in having the Center's fee waiver request resolved. The fee waiver denial effectively prevents a non-profit organization like the Center from timely obtaining the requested documents or, if necessary, from timely resolving

any privilege that the agency may subsequently assert. Until the Court adjudicates the fee waiver denial, the Center is stymied in its efforts to ensure that the remanded fuel economy rulemaking is not based on improper considerations or undue influence by OMB.

OMB's attorney was well aware of the pending California v. EPA case when he filed the answer in CBD v. OMB because he is the lead attorney on both matters. Yet, OMB counsel failed to "promptly file" his related case motion as soon as he knew of the potential relationship between the cases, as required by Local Rule 3-12(b), choosing instead to wait until the Center notified Defendant of its intent to proceed as expeditiously as possible in the CBD v. OMB matter.[2] OMB should not now gain a tactical advantage from its dilatory actions by further stalling the Center's diligent efforts to obtain the critical public documents at issue, especially where, as here, the two cases do not involve the same legal claims or parties and will not substantially benefit from being heard by a single judge.

## VI. CONCLUSION

For the foregoing reasons, the Center respectfully requests that the Court deny OMB's belated motion to relate and instead allow the CBD v. OMB case to proceed as expeditiously as possible before the judge originally assigned to it.

DATED: December 10, 2007        Respectfully submitted,

ENVIRONMENTAL LAW CLINIC
Mills Legal Clinic at Stanford Law School

By: /s/ Deborah A. Sivas
    Noah Long, Certified Law Student
    Deborah A. Sivas, CBN 135446

Attorneys for Plaintiff CENTER FOR BIOLOGICAL DIVERSITY

---

[2] OMB's counsel also failed to comply with Local Rule 7-11(a) in that he never sought to notify or discuss this motion with the Center prior to filing it and failed to submit a declaration explaining his reason for not doing so.