1  SCOTT N. SCHOOLS (SCSBN 9990)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MICHAEL T. PYLE (CSBN 172954)
   Assistant United States Attorney
4
       450 Golden Gate Avenue, Box 36055
5      San Francisco, California 94102-3495
       Telephone: (415) 436-7322
6      FAX: (415) 436-6748

7  Attorneys for Defendant Office of Management and Budget

8  Deborah A. Sivas (CSBN 135446)
   Leah J. Russin (CSBN 225336)
9  Noah Long (Certified Law Student)
   ENVIRONMENTAL LAW CLINIC
10 MILLS LEGAL CLINIC
   Stanford Law School
11 Crown Quadrangle
   559 Nathan Abbot Way
12 Stanford, CA 94305-8610
   Telephone: (650) 723-0325
13 Facsimile: (650) 723-4426

14 Justin Augustine (CSBN 235561)
   CENTER FOR BIOLOGICAL DIVERSITY
15 1095 Market Street, Suite 511
   San Francisco, CA 94103
16 Phone: (415) 436-9682
   Facsimile: (415) 436-9683
17
   Attorneys for Plaintiff Center for Biological Diversity
18

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit organization, | No. C 07-4997 MHP |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| THE OFFICE OF MANAGEMENT AND BUDGET, | Date: January 7, 2008<br>Time: 4:00 p.m. |
| Defendant. | |

JOINT CASE MGMT. CONF. STMT.
C 07-4997 MHP                              1

1  Plaintiff, the Center for Biological Diversity ("CBD" or "Center" or "Plaintiff"), and defendant, the Office of Management and Budget ("OMB" or "Defendant"), by and through their undersigned counsel, hereby submit the following Joint Case Management Conference Statement pursuant to Civil Local Rule 16-9:

1.  <u>Jurisdiction and Service</u>:   This is an action arising under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), over which this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  The parties agree that personal jurisdiction, venue, and service are not at issue.

2.  <u>Facts</u>:

<u>Plaintiff CBD</u>: Defendant OMB denied CBD's fee waiver request related to its FOIA request for documents.  The Center had requested documents relating to the development of the final rule setting average fuel economy standards for light trucks for model years 2008-2011 (71 Fed. Reg. 17566-17679).  The Center requested this information to shed light on the federal government's rationale for promulgating emission standards for light trucks that do not achieve "maximum feasible average fuel economy" as required by law.  49 U.S.C. § 32902(a).  OMB was closely involved with the Department of Transportation's ("DOT") promulgation of the light truck final rule, especially in regard to the economic analysis that was conducted. The public at large, including state governments and environmental groups such as the Center, has an interest in access to documents related to the rulemaking.  The Center intends to disseminate the information it gleans from the requested documents to its many members as well as the public at large, and to use the information to support its continued campaign against global warming.

The Center sent similar FOIA requests to DOT and the National Highway Traffic Safety Administration ("NHTSA").  NHTSA and DOT ultimately granted the Center's fee waiver requests, but OMB denied it.  The Center appealed the denial to no avail.

<u>Defendant OMB</u>:   OMB serves an advisory and deliberative oversight role as a component agency within the Executive Office of the President.  The Office of Information and Regulatory Affairs ("OIRA") was established as an entity within OMB by Congress in the 1980 Paperwork Reduction Act.  OIRA designates and reviews significant regulations under Presidential Executive Order 12866 (1993).  Under Executive Order 12866, OIRA consults with

1  federal agencies and reviews drafts of significant regulations and regulatory analyses concerning
2  a federal regulation's potential effects on society.  In that capacity, OMB consulted with the DOT
3  as part of the DOT's rulemaking process that culminated in DOT's issuance of a final rule on
4  April 6, 2006 regarding fuel emission standards for light trucks.
5       OMB received from CBD a FOIA request dated August 29, 2006 seeking "all documents
6  relating to the development of the Final Rule" including "communications among staff and with
7  others that were created during the development of the Final Rule and Proposed Rule."  In its
8  letters to CBD thereafter OMB explained that it had determined that the request was overly broad
9  and OMB repeatedly invited CBD to narrow the scope of the request or advise it of the
10 information of greatest interest to CBD, invitations that CBD declined.
11      In a letter dated June 12, 2007 OMB detailed the reasons for its denial of CBD's fee
12 waiver request, a copy of which is attached as Exhibit 3 to OMB's Answer.  OMB explained in
13 its five-page letter the basis for its determination that CBD's request for a fee waiver did not
14 meet the statutory and regulatory requirement that "disclosure of the information is in the public
15 interest because it is likely to contribute significantly to public understanding of the operations or
16 activities of the Government."  5 U.S.C. § 552(a)(4)(A)(iii); 5 C.F.R. § 1303.70 (OMB's FOIA
17 regulations).  The letter asked CBD to make an advance payment of $3,000; CBD filed this suit
18 rather than make the advance payment.  As a result, OMB has not begun to process CBD's FOIA
19 request.  OMB does, however, from its experience in other litigation, have a basis for its view
20 that most of the documents at issue in this case have either previously been made publicly
21 available or would properly be withheld by OMB based on one or more of the FOIA exemptions.
22 3.   <u>Legal Issues</u>:
23      <u>Plaintiff CBD</u>: OMB violated FOIA by denying the Center's request for a fee waiver.
24 FOIA provides for fee waivers when the information sought "is likely to contribute significantly
25 to public understanding of the operations or activities of the government and is not primarily in
26 the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii).  Further, OMB's failure
27 to provide all responsive documents violates 5 U.S.C. § 552(a).
28      <u>Defendant OMB</u>: OMB denies that it has violated any provision in FOIA.  OMB

JOINT CASE MGMT. CONF. STMT.
C 07-4997 MHP         3

respectfully submits that the first legal issues in this case is whether or not OMB was required to give CBD a fee waiver. After that issue is resolved the legal issue will be whether or not OMB is required to produce any documents to CBD. Intertwined in that second issue will be OMB's assertion that most of the documents at issue in this case have either previously been made publicly available or would properly be withheld by OMB based on one or more of the FOIA exemptions, particularly the deliberative process privilege.

4. <u>Motions</u>: The parties anticipate filing cross-motions for summary judgment on the issue of whether or not OMB was required to grant CBD a fee waiver. After the fee waiver issue has been resolved the parties anticipate filing cross-motions for summary judgment on the issue of whether OMB is required to produce any documents to CBD pursuant to the FOIA request at issue. At this time the parties do not anticipate any other motions.

5. <u>Amendment of Pleadings</u>: The parties believe it is unlikely that any amendments to the pleadings will be necessary in this case, but they request that the Court set a deadline for amendment of pleadings approximately three weeks after the ruling on the motion(s) for summary adjudication of the fee waiver issue.

6. <u>Evidence Preservation</u>: The parties have taken affirmative steps to preserve documents and evidence related to this action.

7. <u>Disclosures</u>: The parties do not believe initial disclosures are either appropriate or necessary in this case since they expect it to be resolved by motion practice based on the existing administrative record.

8. <u>Discovery</u>: The parties do not believe that any discovery is either appropriate or necessary in this case since they expect it to be resolved by motion practice based on the existing administrative record.

9. <u>Class Actions</u>:  Not applicable.

10. <u>Related Cases</u>: OMB filed an Administrative motion to relate this case to *People of the State of California v. EPA et al.*, Case No. 07-2055 JSW, which motion was denied by the Court. OMB respectfully notes for the Court that it has produced a *Vaughn* index in the *State of California* action regarding documents withheld by OMB on various grounds and that would

1 appear to fall within the scope of CBD's FOIA request at issue in this case. Motions for
2 summary judgment are pending before Judge White with regard to the documents listed on
3 OMB's *Vaughn* index. OMB further respectfully notes for the Court that it prevailed in
4 substantial part in a case brought by the State of California involving the Proposed Rule (70 Fed
5 Reg. 51414-51466) for fuel emission standards for light trucks. Judgement was entered in that
6 case on June 13, 2007 following cross-motions for summary judgment. That case is *People of*
7 *the State of California v. OMB et al.*, 06-2654 SC. OMB respectfully submits that Judge Conti
8 has already ruled on the propriety of OMB's withholding of certain documents regarding the
9 Proposed Rule.
10 11.    Relief:
11         Plaintiff CBD: CBD respectfully requests that this Court:
12         1. Declare that OMB has violated FOIA by failing to provide all records responsive to
13 the Center's August 29, 2006 FOIA request;
14         2. Declare that OMB has violated FOIA by unlawfully denying a request for a fee waiver
15 in the Center's August 29, 2006 FOIA request;
16         3. Order OMB to immediately provide the Center with copies of all requested
17 information at no cost within twenty days;
18         4. Grant the Center such other injunctive and declaratory relief as this Court deems just
19 and proper;
20         5. Retain jurisdiction over this case to ensure compliance with this Court's decree; and
21         6. Award the Center its reasonable attorneys fees, costs and expenses incurred in
22 pursuing this action.
23         Defendant OMB: Defendant OMB seeks dismissal of this action and the assessment of
24 costs.
25 12.    Settlement and ADR: The parties disagree about whether or not an ADR process would
26 be appropriate in this case. The parties each believe that important principles are at stake in this
27 litigation that may be difficult to resolve through an ADR process, but OMB has been willing to
28 mediate the fee waiver portion of this case and the related issue of the scope of CBD's FOIA

1  request.  The parties filed a Notice of Need for ADR Phone Conference, which has been
2  scheduled for January 4, 2008 at 11:30 a.m.
3  13.    <u>Consent to Magistrate Judge for All Purposes</u>:   The parties do not consent to have this
4  matter heard by a magistrate judge for all purposes.
5  14.    <u>Other References</u>: Neither party requests any reference.
6  15.    <u>Narrowing of Issues</u>: None at this time.
7  16.    <u>Expedited Schedule</u>: The parties believe that this case will proceed without discovery or
8  initial disclosures and will be resolved through motion practice on the existing administrative
9  record.
10 17.    <u>Scheduling</u>: The parties request that the Court schedule a hearing date for the motion(s)
11 for summary adjudication of the fee waiver issue and that it schedule a further status conference
12 after the fee waiver issue has been resolved.  CBD anticipates filing its motion for summary
13 adjudication on the fee waiver issue one week after the Case Management Conference and
14 believes any cross motion should be filed the same day.  OMB will not be able to file any cross
15 motion a week after the Case Management Conference due to its counsel's existing obligations in
16 other cases; OMB submits that it should be allowed to bring a cross motion for summary
17 adjudication at the time it files its opposition to CBD's motion.
18 18.    <u>Trial</u>: The parties believe that this case will be resolved through motion practice on the
19 existing administrative record and that no trial will be necessary.  The parties thus submit that the
20 Court should defer setting a trial date in this matter and request that the Court hold a status
21 conference to select a trial date at such time as the Court determine that one or more issues need
22 to be tried.  The parties agree that any trial in this matter would be a bench trial.
23 19.    <u>Disclosure of Non-party Interested Entities or Persons</u>:  CBD filed its certification of
24 interested entities or persons pursuant to Civil L.R 3-16 on September 27, 2007 and certified that
25 //
26 //
27 //
28 //

1  it had no interest to report.  Civil L.R. 3-16 does not apply to OMB by the terms of that rule since
2  OMB is a federal agency.

4  Dated: December 31, 2007

                                        Respectfully submitted,

                                        SCOTT N. SCHOOLS
                                        United States Attorney

                          By:           /s/
                                        MICHAEL T. PYLE
                                        Assistant United States Attorney
                                        Attorney for Defendant OMB




                          By:           /s/
                                        DEBORAH A. SIVAS
                                        Attorneys for Plaintiff Center for Biological
                                        Diversity