JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7322
FAX: (415) 436-6748
e-mail: michael.t.pyle@usdoj.gov

Attorneys for Defendant Office of Management and Budget

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit organization,<br><br>    Plaintiff,<br><br>v.<br><br>THE OFFICE OF MANAGEMENT AND BUDGET,<br><br>    Defendant. | No. C 07-4997 MHP<br><br>**DEFENDANT OFFICE OF MANAGEMENT AND BUDGET'S NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION OF FEE WAIVER ISSUE**<br><br>Date: February 25, 2008<br>Time: 2:00 p.m.<br>Judge: Honorable Marilyn Hall Patel<br>       Courtroom 15 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TABLE OF CONTENTS

NOTICE OF MOTION ............................................................... 1

RELIEF REQUESTED .............................................................. 1

ISSUES PRESENTED ................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................ 1

   I.     INTRODUCTION AND SUMMARY OF ARGUMENT ................... 1

   II.    STATEMENT OF FACTS ....................................................... 3

        A.    OMB ................................................................... 3

        B.    The NHTSA Rulemaking and OMB's Role in the Rulemaking ........ 4

        C.    CBD's FOIA Request and the Administrative Record Leading to OMB's Denial of CBD's Fee Waiver Request ............................... 5

   III.   ARGUMENT ................................................................... 7

        A.    CBD Bears The Burden of Establishing an Entitlement to a Fee Waiver . 7

        B.    CBD Is Not Entitled to a Fee Waiver ..................................... 8

            1.    FOIA Policy Arguments Do Not Entitle CBD to a Waiver ...... 8

                a.    NHTSA, the Rulemaking Agency, Has Already Disclosed A Substantial Amount of Information About the Rulemaking ................................................... 9

                b.    OMB Would Be Unlikely to Release Information Not Already in the Public Domain .................... 10

                c.    CBD Cannot Obtain a Fee Waiver to Use FOIA To Test Compliance With Federal Statutes ................ 12

            2.    CBD Is Not Entitled To A Fee Waiver Because Any Information That Might Be Released Would Not Be "Likely to Contribute Significantly" to the Public's Understanding of NHTSA's Rulemaking ................................................... 9

                a.    NHTSA, the Rulemaking Agency, Has Already Disclosed A Substantial Amount of Information About the Rulemaking ..... 9

   IV.   CONCLUSION ................................................................ 14

DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION OF FEE WAIVER ISSUE
C 07-4997 MHP                       i

# TABLE OF AUTHORITIES

## FEDERAL CASES

AFGE v. U.S. Department of Commerce,
    632 F. Supp. 1272 (D.D.C. 1986),
    *aff'd*, 907 F.2d 203 (D.C. Cir. 1990) .................................... 14

Carney v. U.S. Department of Justice,
    19 F.3d 807 (2d Cir. 1994) .............................................. 10

Carter v. U.S. Department of Commerce,
    307 F.3d 1084 (9th Cir. 2002) .......................................... 12

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) ................................................... 7

Center for Biological Diversity v. National Highway Traffic Safety Administration,
    508 F.3d 508 (9th Cir. 2007) ........................................ 5, 13

Coastal States Gas Corp. v. Department of Energy,
    617 F.2d 854 (D.C. Cir. 1980) ......................................... 11

Edmonds Institute v. U.S. Department of Interior,
    460 F. Supp. 2d 63 (D.D.C. 2006) ...................................... 8

Judicial Watch, Inc. v. United States Department of Energy,
    310 F. Supp. 2d 271 (D.D.C. 2004),
    *reversed in part on other grounds*, 412 F.3d 125 (D.C. Cir. 2005) ........ 10

Larson v. C.I.A.,
    843 F.2d 1481 (D.C. Cir. 1988) ......................................... 8

Maricopa Audubon Society v. U.S. Forest Serv.,
    108 F.3d 1089 (9th Cir. 1997) .......................................... 12

McClellan Ecological Seepage Situation v. Carlucci,
    835 F.2d 1282 (9th Cir. 1987) ..................................... 7, 8, 13

Media Access Project v. FCC,
    883 F.2d 1063 (D.C. Cir. 1989) ......................................... 8

National Labor Rel. Board v. Sears, Robuck & Co.,
    421 U.S. 132 (1975) ................................................... 11

National Treasury Employees Union v. Griffin,
    811 F.2d 644 (D.C. Cir. 1987) ...................................... 13, 14

National Wildlife Federation v. U.S. Forest Serv.,
    861 F.2d 1114 (9th Cir. 1988) .......................................... 12

Vaughn v. Rosen,
    523 F.2d 11136 (D.C. Cir. 1975) ........................................ 12

VoteHemp, Inc. v. Drug Enforcement Admin.,
    237 F. Supp. 2d 55 (D.D.C. 2002) .................................................. 10, 14

**DOCKETED CASES**

People of the State of California ex rel. Edmund G. Brown, Attorney General of the State of California v. NHTSA et al.,
Case No. 06-2654 .................................................................................. 11

**FEDERAL STATUTES**

5 U.S.C. § 552(b)(5) .............................................................................. 6, 10

5 U.S.C. § 552(a)(4)(A)(i) ........................................................................ 8

5 U.S.C. § 552(a)(4)(A)(iii) ...................................................................... 1

5 U.S.C. § 552(a)(4)(A)(vii) ..................................................................... 7

**FEDERAL REGULATIONS**

5 C.F.R. § 1303.70 ................................................................................ 2, 8

**FEDERAL RULES**

Fed.R.Civ.P. 56 .................................................................................... 1, 7

Fed.R.Civ.P. 56c ..................................................................................... 7

Fed.R.Civ.P. 56e ..................................................................................... 7

**MISCELLANEOUS**

Corporate Average Fuel Economy
68 Fed. Reg. 74,908 (Dec. 29, 2003) ......................................................... 4

Corporate Average Fuel Economy
70 Fed. Reg. 51414-51466 (Aug. 30, 2005) ............................................... 4

Corporate Average Fuel Economy
71 Fed. Reg. 17566-17679 (Aug. 30, 2005) ............................................... 5

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that Defendant the Office of Management and Budget ("OMB"), hereby moves pursuant to Federal Rule of Civil Procedure, Rule 56, for summary adjudication against Plaintiff the Center for Biological Diversity ("CBD" or "Plaintiff"). This motion is based upon the Notice of Motion and Memorandum of Points and Authorities contained herein, the declaration of John F. Morrall, III, the papers and pleadings on file in this action, and any other matters that the Court may wish to consider. This motion will be heard at 2:00 p.m. on February 25, 2008, before the Honorable Marilyn Hall Patel, in Courtroom 15, at the United States Courthouse located at 450 Golden Gate Avenue, San Francisco, California 94102.

**RELIEF REQUESTED**

OMB seeks an order from the Court that CBD is not entitled to a fee waiver for its Freedom of Information Act ("FOIA") request at issue in this case.

**ISSUES PRESENTED**

1.  Whether OMB is entitled to summary adjudication of CBD's claim that it is entitled to a fee waiver for its FOIA request at issue in this case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND SUMMARY OF ARGUMENT**

This case was commenced by plaintiff under the FOIA, 5 U.S.C. § 552, when it submitted a FOIA request and fee waiver request to OMB, the Department of Transportation ("DOT"), and the National Highway Traffic Safety Administration ("NHTSA") on August 29, 2006. At issue in this motion is CBD's fee waiver request as applied to OMB. At issue in the FOIA request, by contrast, are documents relating to a Notice of Proposed Rulemaking and Final Rule issued by NHTSA, an agency within the DOT, not OMB.

CBD bears the burden of establishing its entitlement to a fee waiver. As applied here, CBD must establish that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C.

§552(a)(4)(A)(iii); *see also* 5 C.F.R. §1303.70 (OMB's FOIA regulation on waiver or reduction of fees). OMB submits that CBD cannot meet this statutory test for the reasons that OMB articulated when it made its final denial of CBD's fee waiver request by means of a letter dated June 12, 2007. (A copy of that letter is attached as Exhibit 6 to the accompanying declaration of John F. Morrall, III.)[1]

OMB denied the request because CBD failed to establish that its FOIA request would lead to the disclosure of information that was "likely to contribute significantly to public understanding of the operations or activities of the government." The reason CBD did not meet this standard begins with the point that it was NHTSA, and not OMB, who issued the proposed and final rules at issue in the FOIA request. As a result, the information that would "contribute significantly to public understanding" of the rulemaking would be the information that was considered by NHTSA in connection with its rulemaking. Vast amounts of material about the proposed and final rules are part of the public docket and available from NHTSA and DOT. By definition, anything that OMB did not share with NHTSA or DOT could not have had any impact on NHTSA's rulemaking. Ultimately, anything that might be obtained from OMB through the FOIA request would either be something already in the public domain or patently subject to exclusion from FOIA pursuant to the deliberative process privilege or other privileges. OMB should not be required to give CBD a fee waiver so that it can burden the agency with an exercise that would not "contribute significantly to public understanding" of anything regarding the proposed or final rules.

OMB respectfully submits that the Court should grant its motion for summary adjudication as there are no material facts in dispute and that CBD cannot establish its right to a full fee waiver under the statutory and regulatory test for such a waiver. The fee waiver issue in this case should be summarily adjudicated in OMB's favor.

---

[1] While OMB stated four reasons for denying the fee waiver request in its letter dated June 12, 2007, in this motion OMB relies only on the first three reasons and does not rely on the fourth reason identified on page 4 of its letter. *See* Morrall Decl., Exh. 6.

DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION OF FEE WAIVER ISSUE
C 07-4997 MHP                                      2

## II. STATEMENT OF FACTS

### A. OMB.

OMB submits that the most important part of the record for the Court to appreciate is that OMB plays a unique role among federal agencies: OMB is a deliberative agency which, among other things, provides advice to the President about proposed significant regulations. OMB did not issue the regulation at issue in this case and would not have had any authority to do so.

Rather, OMB assists the President in the discharge of his budgetary, management, and other executive responsibilities. *See* Declaration of John F. Morrall, III ("Morrall Decl."), ¶3. Specifically, OMB assists the President in the preparation of the federal budget and in managing its execution by the agencies. *Id.* OMB also has a central role in providing leadership in the development, oversight and coordination of the Federal government's policies in procurement, financial management and the information, statistical, and regulatory arenas as well as in the implementation of those policies. *Id.* OMB promotes better program management, strengthens administrative management, develops agency-performance measures and improves coordination of the Executive Branch's various operations. *Id.*

OMB has only about 490 employees, all of whom are located in Washington, D.C. *Id.*, ¶4. The Office of Information and Regulatory Affairs ("OIRA") was established as part of OMB by Congress in the 1980 Paperwork Reduction Act. *Id.*, ¶5. In addition to OIRA's role reviewing collections of information and information policy issues under the Paperwork Reduction Act, OIRA designates and reviews significant regulations under Presidential Executive Order 12866 (1993). *Id.* Under Executive Order 12866, OIRA consults with Federal agencies and reviews draft significant regulations and regulatory analyses concerning the regulations' potential effects on society, both their benefits and costs. *Id.* As the Executive Order directs, OIRA reviews significant regulations (approximately 600 per year), in draft form before publication to ensure agency compliance with the Executive Order. *Id.* OIRA has been conducting this centralized regulatory review function since 1981 (*id.*), and has thus served Presidents from both major political parties.

OIRA staff work with Federal agencies to review and evaluate planned agency regulations on a wide variety of matters. *Id.*, ¶6. OIRA staff review an agency's draft regulation and discuss the regulation with the agency staff as well as with other agencies that might be affected by the draft regulation before it is issued publicly in the Federal Register as either an Advanced Notice of Proposed Rulemaking ("ANPRM"), Notice of Proposed Rulemaking ("NPRM") or Final Rule. *Id.* OIRA played this role in connection with the rulemaking at issue in this case, as discussed below.

### B. The NHTSA Rulemaking and OMB's Role in the Rulemaking.

On December 12, 2003, NHTSA published an Advanced Notice of Proposed Rulemaking ("ANPRM") in the Federal Register, proposing Corporate Average Fuel Economy ("CAFE") requirements for light trucks (such as pick-up trucks, minivans and sport utility vehicles) for model years 2008 through 2011. *See* 68 Fed. Reg. 74,908 (Dec. 29, 2003). Eighteen months later, on August 30, 2005, NHTSA published a Notice of Proposed Rulemaking ("NRPM"), proposing CAFE standards for light trucks for model years 2008 through 2011. *See* 70 Fed. Reg. 51,414 (Aug. 30, 2005). NHTSA received more than 45,000 comments on the NPRM and a Draft Environmental Assessment from states, consumer and environmental organizations, automobile manufacturers and associations, members of Congress and private individuals. *See* 71 Fed. Reg. At 17,577. NHTSA's final rule was issued on April 6, 2006. *See* 71 Fed. Reg. 17,566. The public regulatory docket related to NHTSA's rulemaking process is available at www.reginfo.gov.

OMB's role with respect to NHTSA's rulemaking process was limited. Pursuant to OIRA's authority under Executive Order 12866, OIRA conducted a review prior to publication of NHTSA's draft Final Rule regarding NHTSA's standards for CAFE. *See* Morrall Decl., ¶8. Prior to issuance of the final rule on April 6, 2006, OIRA consulted with an interagency panel consisting of Executive Branch agencies that had an interest in CAFE (such as NHTSA, Department of Energy, EPA, etc.). *See id.*, ¶7. OIRA used this group as a mechanism for interagency comment on the draft proposed rule. *Id.* Any comments OIRA received during this process were provided to NHTSA for its consideration. *Id.*, ¶7. Thus, the documents ultimately

at issue in this case concern the internal inter-governmental deliberations leading up to various decisions related to issuance of the Final Rule, including communications among OMB staff. *Id.*, ¶8; Morrall Decl., Exh. 6 at p. 3.

The most recent development in NHTSA's final rule stems from the Ninth Circuit's decision in *Center for Biological Diversity v. National Highway Traffic Safety Administration*, 508 F.3d 508 (9th Cir. 2007). The court there held that NHTSA's final rule was arbitrary and capricious and contrary to the Energy Policy and Conservation Act of 1975 ("EPCA") in certain respects; the Court remanded the matter to NHTSA to promulgate new standards and also to prepare a full Environmental Impact Statement. Important for purposes of this motion is the fact that OMB was not a party to any of the Petitions resulting in the Ninth Circuit opinion and the fact that the opinion confirms that it is NHTSA -- not OMB -- who is and was responsible for the final rule.

### C. CBD's FOIA Request and the Administrative Record Leading to OMB's Denial of CBD's Fee Waiver Request.

The FOIA request at issue in this case CBD's August 29, 2006 FOIA request to OMB, DOT and the National Highway Traffic Safety Administration. Morrall Decl., Exh. 1. CBD requested "All documents relating to the development of the Final Rule setting average fuel economy standards for light trucks for model years 2008-2011 (71 Fed. Reg. 17566-17679, "rulemaking") that are not already posted on the internet in Docket Nos. 2005-22223 and 2006-24309. This request includes communications among staff and others that were created during the development of the Final Rule and the Proposed Rule (70 Fed. Reg. 51414-51466). This request includes but is not limited to e-mail exchanges or other correspondence among agency staff and others, draft documents, internal reviews and critiques, inter-agency reviews, agency meeting notes, etc." Morrall Decl., Exh. 1 at pgs. 1-2. In the same letter CBD requested a fee waiver, asking OMB and the other recipients to "waive all fees in connection with this matter." *Id.* at pgs 2-5.

On October 12, 2006, OMB replied to CBD's FOIA request in a letter stating that the FOIA request was "overly broad" and inviting CBD to narrow its request. Morrall Decl., Exh. 2.

On November 7, 2006, CBD submitted a letter that it styled as a "Freedom of Information Act Appeal" to OMB. The letter did not narrow or otherwise refine the scope of CBD's FOIA request. Morrall Decl., Exh. 3.

On January 26, 2007, OMB responded to CBD's "Freedom of Information Act Appeal" of November 7, 2006. OMB stated that it did not consider CBD's letter to be an appeal because OMB had yet to make a determination as to whether to grant or deny the FOIA request. OMB's letter then processed CBD's request for a fee waiver. OMB determined that "the vast majority of the documents that are the subject of your FOIA request would very likely be withheld from mandatory disclosure under FOIA exemption 5 (5 U.S.C. §552(b)(5)" and that CBD had thus failed to satisfy the standard in 5 C.F.R. §1303.70 because the FOIA request would not lead to a release that would "contribute significantly to public understanding of the operations or activities of Government." OMB further advised CBD that it had determined that CBD was a non-commercial requester and advised CBD that the FOIA request would not be processed by OMB until the fee issue had been resolved. Morrall Decl, Exh. 4.

On January 29, 2007, CBD submitted another "Freedom of Information Act Appeal" to OMB. In this letter CBD argued that it should be granted a full fee waiver by OMB. Morrall Decl., Exh. 5.

On June 12, 2007, OMB denied CBD's appeal of the denial of its request for a fee waiver. OMB advised CBD in this letter that "we have again reviewed your request for a fee waiver." OMB explained the four reasons for its decision to deny CBD's appeal: (1) NHTSA, not OMB, issued the proposed and final rules at issue and NHTSA has already made public a substantial amount of information about the rulemaking; (2) OMB would be unlikely to release a significant amount of information not already in the public domain; (3) OMB would be unlikely to release information "likely to contribute significantly" to the public's understanding of whether or not OMB had complied with certain statutes; and (4) CBD had not established that disclosure of documents to it would contribute to the understanding of the public at large. Morrall Decl., Exh. 6.

1    On July 19, 2007, CBD made a final submission to OMB, in a letter it styled as
2  "Additional Information In Support of Fee Waiver Request." Morrall Decl., Exh. 7. OMB did
3  not revisit its denial of CBD's request for a fee waiver as a result of anything in this letter.
4    This litigation then ensued by which CBD seeks to obtain an order that it is entitled to a
5  full fee waiver.

## III.    ARGUMENT

Summary adjudication is an important method of promoting judicial economy by preempting the trial of cases in which no genuine issue of material fact remains. Where no such issue of fact remains, the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) and (e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). OMB seeks summary adjudication of the fee waiver issue in this case, as Rule 56(b) permits OMB to seek summary judgment in its favor "on all or part of the claim." (emphasis added). The present dispute over CBD's request for a fee waiver is properly resolved through summary adjudication. *See McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282 (9th Cir. 1987) ("*McClellan*") (affirming district court's grant of summary judgment to federal defendant where defendant denied full fee waiver to FOIA plaintiff).

CBD's request for a fee waiver is reviewed *de novo* by this court but "the court's review of the matter shall be limited to the record before the agency." *McClellan*, 835 F.2d at 1284 (citing 5 U.S.C. §552(a)(4)(A)(vii)).

As discussed more fully below, OMB is entitled to summary adjudication as to the fee waiver issue in Plaintiff's complaint because there are no material facts in dispute and OMB is entitled to judgment as a matter of law on the issue.

### A.    CBD Bears The Burden of Establishing an Entitlement to a Fee Waiver

FOIA Section 552(a)(4)(iii) establishes a two-part test for establishing whether or not an agency is required to waive or reduce fees for a FOIA request: disclosure must be "likely to contribute significantly to public understanding of the operations or activities of the government," and disclosure must be "not primarily in the commercial interest of the requester." *See also McClellan*, 835 F.2d at 1284 (setting out standard and holding that "public interest

groups must satisfy the statutory test"). The FOIA provides that each agency must promulgate regulations establishing procedures and guidelines for determining when such fees should be waived or reduced. *See* 5 U.S.C. § 552(a)(4)(A)(i). OMB's fee waiver regulation, 5 C.F.R. §1303.70, is essentially identical to the two-part statutory test, stating that fees "shall be waived or reduced where it is determined that disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the Government and is not primarily in the commercial interest of the requester."

The key statutory and regulatory language at issue in this motion is the requirement that disclosure be "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the Government." *See* Section III.B.2, below.

The burden is on CBD to establish that it satisfies this statutory and regulatory test. *See McClellan*, 835 F.2d at 1285 (quoting *National Treasury Employees Union v. Griffin*, 811 F.2d 644, 647 (D.C. Cir. 1987)). *See also Larson v. C.I.A.*, 843 F.2d 1481, 1483 (D.C. Cir. 1988). In the present case, CBD cannot demonstrate that it is entitled to a fee waiver for its FOIA request.

**B.   CBD Is Not Entitled to a Fee Waiver**

**1.   FOIA Policy Arguments Do Not Entitle CBD to a Waiver.**

Much of the argument in CBD's letters to OMB regarding its request for a fee waiver recite over and over again the fact that FOIA is to be "liberally construed in favor of waivers for noncommercial requesters." *McClellan*, 835 F.2d at 1284 (quoting from legislative history). That policy does not entitle CBD to a fee waiver in this case. In *McClellan*, for example, the Ninth Circuit held that "[e]ven in light of legislative intent that courts construe the amended statute liberally, requesters do not deserve a complete waiver of fees." *McClellan*, 835 F.2d at 1287.

Likewise, the history of CBD's success or lack of success in obtaining fee waivers in other cases is of no significance in the present dispute because FOIA requests are to be resolved on a case-by-case basis. *See, e.g., Media Access Project v. FCC*, 883 F.2d 1063, 1065 (D.C. Cir. 1989) (noting that requester may seek waiver of fees on "case-by-case" basis); *Edmonds Inst. v. U.S. Dep't of Interior*, 460 F. Supp. 2d 63, 75 (D.D.C. 2006) ("applications for fee waivers are

considered on a case-by-case basis").

### 2. CBD Is Not Entitled To A Fee Waiver Because Any Information That Might Be Released Would Not Be "Likely to Contribute Significantly" to the Public's Understanding of NHTSA's Rulemaking.

Resolution of this motion and the cross-motion CBD will file turns on the first three issues presented in OMB's final denial of CBD's request for a fee waiver. *See* Morrall Decl., Exh. 6.

#### a. NHTSA, the Rulemaking Agency, Has Already Disclosed A Substantial Amount of Information About the Rulemaking.

As explained above, it was NHTSA, not OMB, that issued the proposed and final rules for the rulemaking at issue in CBD's FOIA request. The DOT and NHTSA have already made available to the public the regulatory dockets for the rulemaking; No. 2005-22223 for the proposed rule and 2006-243090 for the final rule. *See* Morrall Decl., Exh. 6 at p. 2. The proposed rule (comprising 53 Federal Register pages) and final rule (comprising 49 Federal Register pages) obviously provide the best explanation of NHTSA's decision-making in this rulemaking. In addition, the regulatory docket includes copies of the "over 45,000 individual submissions to the rulemaking docket" that NHTSA received "prior to the close of the comment period, including ones from vehicle manufacturers and associations, environmental and consumer advocacy groups, members of Congress and private individuals." *See* 71 Fed. Reg. 17577.

In the preamble to the Final Rule, NHTSA responded to the 45,000 comments and explained the changes it made in response to those comments and explained the changes that NHTSA had made. Those changes are reflected in NHTSA's final rule. Moreover, NHTSA's regulatory docket includes materials related to OMB's review of the rulemaking under Executive Order 12866: the text of the drafts of the proposed and final rules as submitted to OMB for review; the Regulatory Impact Analysis that NHTSA had prepared for the proposed and final rule; NHTSA's Environmental Impact Assessment for the proposed and final rules; and

DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION OF FEE WAIVER ISSUE
C 07-4997 MHP                                            9

1  NHTSA's completed forms for submitting the drafts of the proposed and final rules to OMB for
2  review. *See* Morrall Decl., Exh. 6.
3      Where, as here, there has been so much public disclosure that further disclosures would
4  not significantly contribute to public understanding, a fee waiver request is properly denied.
5  See, e.g., *VoteHemp, Inc. v. Drug Enforcement Admin.*, 237 F. Supp. 2d 55, 61 (D.D.C. 2002)
6  (concluding that plaintiff had not shown how requested documents would give public greater
7  understanding of agency policy than was already available; denial of fee waiver request affirmed
8  in grant of summary judgment to defendant); *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 815
9  (2d Cir. 1994) ("where records are readily available from other sources . . . further disclosure by
10 the agency will not significantly contribute to public understanding").

### b. OMB Would Be Unlikely to Release Information Not Already in the Public Domain.

13     In its initial denial of CBD's fee waiver request by letter dated January 26, 2007 and
14 again in its denial of CBD's appeal by letter dated June 12, 2007, OMB consistently explained
15 that OMB would be unlikely to release a significant amount of information not already in the
16 public domain because of OMB's unique role as a deliberative agency which provides advice to
17 the President. OMB explained that it expected that "most of the responsive documents that
18 OMB would locate . . . would consist of pre-decisional opinions, discussions, and/or draft
19 versions of the proposed and final rule, which were being considered, commented upon and
20 revised by Executive Branch staff" – quintessential pre-decisional, deliberative communications
21 exempt from disclosure under FOIA Exemption 5, 5 U.S.C. §552(b)(5). OMB based this
22 expectation on its "experience in responding to FOIA requests seeking similar types of
23 deliberative materials."
24     CBD argued to OMB that it was improper for OMB to consider the privileged nature of
25 based on some case law holding such considerations to be generally improper under FOIA.
26 CBD's cases. However, the cases relied upon by CBD acknowledge that it is proper to deny a
27 fee waiver on this basis in those "rare cases" where the FOIA request is for documents that are
28 "patently exempt" from disclosure. *See Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 815 (2d

DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION OF FEE WAIVER ISSUE
C 07-4997 MHP                              10

1. Cir. 1994); *Judicial Watch, Inc. v. United States Department of Energy*, 310 F. Supp.2d 271, 295 (D.D.C. 2004), *reversed in part on other grounds*, 412 F.3d 125 (D.C. Cir. 2005).

While neither *Carney* nor *Judicial Watch* held that the "patently exempt" test was met in those cases, OMB submits that the unique role it plays among federal agencies – as a deliberative agency which provides advise to the President about proposed regulations – makes this the "rare case" in which it is proper for an agency to decline to grant a fee waiver in light of the privileged nature of the material likely to be found upon a search for responsive documents.

That is particularly true, here, since OMB did not, and could not, have issued the regulation in question. As OMB explained in its denial of CBD's fee request, OMB relied on its "experience in responding to FOIA requests seeking similar types of deliberative materials" to make the judgment that a fee waiver was not appropriate in light of the privileged nature of what would be found in a search. *See* Morrall Decl., Exh. 6 at p. 3. In fact, at the time CBD's fee waiver request was under consideration OMB was in the process of litigating a case in which California's Attorney General sought a subset of the documents at issue in CBD's FOIA request. That case, *People of the State of California ex rel. Edmund G. Brown, Attorney General of the State of California v. NHTSA et al.*, Case No. 06-2654), ended on or about June 13, 2007 after Judge Conti entered judgment for OMB following the Court's grant of OMB's motion for summary judgment. Prior to sending the June 12, 2007 letter denying CBD's appeal of the denial of its fee waiver request, OMB reviewed those documents and determined that the documents in question contained internal inter and intra-governmental predecisional deliberations leading up to various decisions related to the issuance of the NPRM. *See* Morrall Decl., ¶ 8.

Even a cursory review of the deliberative process privilege underscores that it would apply to most of the documents sought by CBD, highlighting a reason for denying CBD's fee waiver request. The purpose of the privilege is to "prevent injury to the quality of agency decisions." *National Labor Rel. Bd. v. Sears, Robuck & Co.*, 421 U.S. 132, 149, 154 (1975). Specifically, the deliberative process privilege serves to assure that agency staff can freely opine on proposed policies without fear of public criticism, and to prevent the revelation of preliminary views that do not reflect the agency's ultimate position. *Coastal States Gas Corp. v. Department*

DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION OF FEE WAIVER ISSUE
C 07-4997 MHP                                              11

*of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). "By maintaining the confidentiality of the give-and-take that occurs among agency members in the formulation of policy," the privilege "encourages frank and open discussion of ideas, and hence, improves the decisionmaking process." *National Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988).

To fall within the deliberative process privilege, a document must be both "predecisional" and "deliberative." *Carter v. U.S. Dep't of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002). A document is "deliberative" if it is "a direct part of the deliberative process" in that it "makes recommendation or expresses opinions on legal or policy matters." *Vaughn v. Rosen*, 523 F.2d 11136, 1143-44 (D.C. Cir. 1975). It is "predecisional" if it was generated before the adoption of an agency policy, *National Wildlife Fed'n*, 861 F.2d at 1117, and was prepared "to assist an agency decisionmaker in arriving at his decision." *Maricopa Audubon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1089, 1093-94 (9th Cir. 1997).

Following these standards, courts have held that the deliberative process privilege covers "all 'recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *National Wildlife Fed'n*, 861 F.2d at 1118-19. Furthermore, the privilege shields not only deliberative communications, but also information that would reveal the agency's deliberative process itself. *Id.* at 1119.

CBD's FOIA request plainly seeks documents that, almost by definition, are protected from disclosure under the deliberative process privilege. The FOIA request seeks "all documents relating to the *development* of the Final Rule" . . . including "communications among staff and others that were created during the *development* of the Final Rule and the Proposed Rule." Morrall Decl., Exh. 1 at p. 1 (emphasis added). CBD further specifies that its request "includes but is not limited to e-mail exchanges or other correspondence among agency staff and others, draft documents, internal reviews and critiques, inter-agency reviews, agency meeting notes, etc." *Id.* Virtually every document fitting this description would be withheld from disclosure under the deliberative process privilege.

### c. CBD Cannot Obtain a Fee Waiver to Use FOIA To Test Compliance With Federal Statutes.

CBD's consistently argued that its fee waiver request should have been granted by OMB because the documents would bear on whether or not OMB had complied with various federal statutes. For example, in support of its appeal of OMB's initial denial of the fee waiver request CBD stated that the documents it sought "will undoubtedly provide meaningful understanding of OMB's compliance with federal statutes including the Energy Policy and Conservation Act ("EPCA") and the National Environmental Policy Act ("NEPA"), . . . This is certain to shed light on the OMB's decision-making process and compliance with applicable law." Morrall Decl., Exh. 5 at p.7. *See also id.* at Exh. 5, p. 2 (documents will "help reveal whether OMB's actions were inappropriately influenced") & p. 4 (documents "may shed light on the CAFE standards such that action should be taken pursuant to the EPCA, APA, or other applicable law"; ""Perhaps the documents will . . . "shed light on improprieties in the rulemaking") & 7 (documents go to "OMB's compliance or non-compliance with applicable law"); Exh. 1 at p.3 (documents "are certain to shed light upon the agencies' compliance with EPCA and the Administrative Procedures Act"); Exh. 7 at p. 3 (documents "will shed light on government compliance with applicable laws").

That argument beings with a faulty premise because NHTSA, not OMB, was the rulemaking agency and the one with legal responsibility for promulgating regulations in compliance with statutes such as EPCA and NEPA. OMB's contention was borne out in the Ninth Circuit's opinion in *Center for Biological Diversity v. National Highway Traffic Safety Administration*, 508 F.3d 508 (9th Cir. 2007). The Court there addressed NHTSA's compliance with EPCA and NEPA and OMB was neither a party to that suit nor an agency subject to answer for NHTSA's final rule.

Even if the premise were not faulty CBD's argument would still fail. In *McClellan*, the Ninth Circuit addressed a fee waiver request sought by a nonprofit association that sought information about water pollution at the McClellan Air Force Base in the Sacramento area. *McClellan*, 835 F.2d at 1283. In the group's letter requesting a fee waiver they stated that the

information "may be used in litigation to ensure that agencies comply with federal law" among other reasons. *Id.* at 1285. The Ninth Circuit held that such statements did not support a fee waiver (*id.*, citing *National Treasury Employees Union v. Griffin*, 811 F.2d 644, 647 (D.C. Cir. 1987); moreover, the Court explained that – taken to its logical extreme – a public interest group could "demand fee waiver on a request for *all* U.S. government documents, on the basis that the information might be used in litigation to ensure that agencies comply with federal law." *Id.* (emphasis in original).

CBD's basis for its fee waiver request suffers from the same critical defect. It is not a sufficient basis to obtain a fee waiver by contending that the requested information will bear on whether or not some federal agency is complying with federal law, particularly where, as here, there is no evidence of any kind that OMB did anything improper with respect to the rulemaking at issue. Indeed, it is hard to conceive of how OMB could have done anything improper given that the rulemaking in question was never OMB's rule to issue. *See, e.g., VoteHemp, Inc. v. Drug Enforcement Admin.*, 237 F. Supp. 2d 55, 61 (D.D.C. 2002) (rejecting as "rank speculation" allegations that plaintiff entitled to fee waiver based on allegation that agency had "ulterior motive" when it published interpretive rule); *AFGE v. U.S. Dep't of Commerce*, 632 F. Supp. 1272, 1278 (D.D.C. 1986) (finding union's allegations of agency malfeasance too ephemeral to warrant waiver of fees without evidence that informative information would be disclosed), *aff'd*, 907 F.2d 203 (D.C. Cir. 1990).

## IV. CONCLUSION

For all of the foregoing reasons, OMB requests that the Court grant its motion for summary adjudication and hold that CBD is required to pay or agree to pay OMB's search and copy costs before OMB is required to begin to process CBD's FOIA request.

Dated: January 25, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

By:    /s/
Michael T. Pyle
Assistant U.S. Attorney

DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION OF FEE WAIVER ISSUE
C 07-4997 MHP                            14