JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7322
FAX: (415) 436-6748
e-mail: michael.t.pyle@usdoj.gov

Attorneys for Defendant Office of Management and Budget

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>THE OFFICE OF MANAGEMENT AND BUDGET,<br><br>Defendant. | No. C 07-4997 MHP<br><br>**DECLARATION OF JOHN F. MORRALL, III IN SUPPORT OF DEFENDANT OFFICE OF MANAGEMENT AND BUDGET'S MOTION FOR SUMMARY ADJUDICATION OF FEE WAIVER ISSUE**<br><br>Date: February 25, 2008<br>Time: 2:00 p.m.<br>Judge: Honorable Marilyn Hall Patel<br>Courtroom 15 |

I, John F. Morrall III, Ph.D., make the following declaration based on personal knowledge:

1. I am the Chief of the Health, Transportation and General Government Branch of the Office of Information and Regulatory Affairs ("OIRA") of the Office of Management and Budget ("OMB"), which is an office within the Executive Office of the President ("EOP"). I have been the Chief of the Health, Transportation and General Government Branch since 1989, and have been employed at OIRA since its establishment in 1981. From June, 2006, to August, 2007, I

DECLARATION OF JOHN F. MORRALL, III ISO DEF.'S MOT. FOR SUMM.. ADJ.
C 07-4997 MHP                                1

1  served as the Acting Deputy Administrator of OIRA. I make the following statements based
2  upon my personal experience and information obtained by me personally during the course of my
3  official duties.

4  2. The purpose of this declaration is to (I) describe OMB's involvement in the review of the
5  Corporate Average Fuel Efficiency ("CAFE") regulation issued by the National Highway Traffic
6  Administration ("NHTSA"); and (ii) describe the plaintiff's August 29, 2006 Freedom of
7  Information Act ("FOIA") request and the subsequent correspondence between OMB and the
8  Center for Biological Diversity ("CBD" or "plaintiff") and the factors which led to OMB's
9  decision to deny CBD's fee waiver request.

## I. BACKGROUND

### A. RESPONSIBILITIES OF THE OFFICE OF MANAGEMENT AND BUDGET

3. OMB assists the President in the discharge of his budgetary, management, and other executive responsibilities (Reorganization Plan No. 2 of 1970 (5 U.S.C. App.)). More specifically, OMB assists the President in the preparation of the federal budget and in managing its execution by the agencies. OMB works to assure that proposed legislation (as well as testimony, reports and policies) is consistent with Administration policies, including the President's budget. OMB also has a central role in providing leadership in the development, oversight and coordination of the Federal government's policies in procurement, financial management and the information, statistical, and regulatory arenas as well as in the implementation of those policies. OMB promotes better program management, strengthens administrative management, develops agency-performance measures and improves coordination of the Executive Branch's various operations.

4. OMB has approximately 490 employees, whose offices are in the Eisenhower and New Executive Office Buildings in Washington, D.C. (OMB does not have regional or field offices.) OMB comprises the OMB Director's office; several small staff offices (General Counsel, Legislative Affairs, Communications, Administration and Economic Policy); the Budget Review Division (which provides support in the development and execution of the Federal budget); the Legislative Reference Division (which develops and supports the President's management and

DECLARATION OF JOHN F. MORRALL, III ISO DEF.'S MOT. FOR SUMM. ADJ.
C 07-4997 MHP                                      2

budget agenda by carrying out OMB's interagency legislative review function); four Resource Management Offices (which develop and support the President's budget); and four statutory offices (the Office of Information and Regulatory Affairs, the Office of Federal Financial Management, the Office of Federal Procurement Policy, and the Office of Electronic Government and Information Technology).

5. OIRA was established as part of OMB by Congress in the 1980 Paperwork Reduction Act. In addition to OIRA's role reviewing collections of information and information policy issues under the Paperwork Reduction Act, OIRA designates and reviews significant regulations under Presidential Executive Order 12866 (1993). Under Executive Order 12866, OIRA consults with Federal agencies and reviews draft significant regulations and regulatory analyses concerning the regulations' potential effects on society, both their benefits and costs. As the Executive Order directs, OIRA reviews significant regulations (approximately 600 per year), in draft form before publication to ensure agency compliance with the Executive Order. OIRA has been conducting this centralized regulatory review function since 1981.

6. OIRA staff work with Federal agencies to review and evaluate planned agency regulations on a wide variety of matters (e.g., energy, transportation, environment, health, homeland security, housing, education and natural resources, etc.) OIRA staff review an agency's draft regulation and discuss the regulation with the agency staff as well as with other agencies that might be affected by the draft regulation before it is issued publicly in the Federal Register as either an Advanced Notice of Proposed Rulemaking ("ANPRM"), Notice of Proposed Rulemaking ("NPRM") or Final Rule.

B.  OMB's Review of NHTSA's Proposed Rule

7. Under Executive Order 12866, OIRA has responsibility for coordinating interagency review of significant Federal regulations. To facilitate interagency review, OIRA sometimes makes use of informal interagency panels to review a significant regulation. In the specific case of the draft NHTSA proposed rule on CAFE, OIRA consulted with an interagency panel consisting of Executive Branch agencies that had an interest in Corporate Average Fuel Efficiency (such as NHTSA, Department of Energy, EPA, etc.). OIRA used this group as a

DECLARATION OF JOHN F. MORRALL, III ISO DEF.'S MOT. FOR SUMM., ADJ.
C 07-4997 MHP                                3

mechanism for interagency comment on the draft proposed rule. Any comments OIRA received during this process were provided to NHTSA for its consideration. OIRA staff participating in the review mandated by Executive Order 12866 for this particular draft NHTSA rule included staff with scientific expertise, i.e., a Ph.D. in public policy.

8. Pursuant to OIRA's authority under Executive Order 12866, OIRA conducted a review prior to publication of NHTSA's draft Final Rule regarding NHTSA's standards for CAFE. NHTSA published its Final Rule in the Federal Register on April 6, 2006. The documents ultimately at issue in this case concern the internal inter-governmental deliberations leading up to various decisions related to issuance of the Final Rule, including communications among OMB staff. In a separate and earlier litigation concerning a FOIA request made by the Attorney General for the State of California (*People of the State of California ex rel. Edmund G. Brown, Attorney General of the State of California v. NHTSA et al.*, Case No. 06-2654) which sought to obtain OMB documents related to NHTSA's proposed rulemaking on the standards for CAFE, I reviewed the documents and determined that the documents in question contained internal inter and intra-governmental predecisional deliberations leading up to various decisions related to the issuance of the NPRM. I am informed and believe that the Honorable United States District Judge Samuel Conti granted summary judgment in favor of OMB in May 2007 and entered Judgment in favor of OMB on or about June 13, 2007.

**II. The FOIA Request to OMB, and OMB's Denial of CBD's Fee Waiver Request**

9. OMB received a FOIA request from the plaintiff in a letter dated August 29, 2006 for "All documents relating to the development of the Final Rule setting average fuel economy standards for light trucks for model years 2008-2011 (71 Fed. Reg. 17566-17679) ("rulemaking") that are not already posted on the internet in Docket Nos. 2005-22223 and 2006-24309. This request includes communications among staff and others that were created during the development of the Final Rule and the Proposed Rule (70 Fed. Reg. 51414-51466). This request includes but is not limited to e-mail exchanges or other correspondence among agency staff and others, draft documents, internal reviews and critiques, inter-agency reviews, agency meeting notes, etc." In the same letter CBD requested a fee waiver, asking OMB and the other recipients

to "waive all fees in connection with this matter." A true and correct copy of this letter is attached as Exhibit 1 to this declaration.

10. On October 12, 2006, OMB replied to CBD's FOIA request in a letter stating that the FOIA request was "overly broad" and inviting CBD to narrow its request. A true and correct copy of this letter is attached as Exhibit 2 to this declaration.

11. On November 7, 2006, CBD submitted a letter that it styled as a "Freedom of Information Act Appeal" to OMB. The letter did not narrow or otherwise refine the scope of CBD's FOIA request. A true and correct copy of this letter is attached as Exhibit 3 to this declaration.

12. On January 26, 2007, OMB responded to CBD's "Freedom of Information Act Appeal" of November 7, 2006. OMB stated that it did not consider CBD's letter to be an appeal because OMB had yet to make a determination as to whether to grant or deny the FOIA request. OMB's letter then processed CBD's request for a fee waiver. OMB determined that "the vast majority of the documents that are the subject of your FOIA request would very likely be withheld from mandatory disclosure under FOIA exemption 5 (5 U.S.C. §552(b)(5))" and that CBD had thus failed to satisfy the standard in 5 C.F.R. §1303.70 because the FOIA request would not lead to a release that would "contribute significantly to public understanding of the operations or activities of Government." OMB further advised CBD that it had determined that CBD was a non-commercial requester and advised CBD that the FOIA request would not be processed by OMB until the fee issue had been resolved. A true and correct copy of this letter is attached as Exhibit 4 to this declaration.

13. On January 29, 2007, CBD submitted another "Freedom of Information Act Appeal" to OMB. In this letter CBD argued that it should be granted a full fee waiver by OMB. A true and correct copy of this letter, without the exhibits thereto, is attached as Exhibit 5 to this declaration.

14. On June 12, 2007, OMB denied CBD's appeal of the denial of its request for a fee waiver. OMB advised CBD in this letter that "we have again reviewed your request for a fee waiver." OMB explained the four reasons for its decision to deny CBD's appeal: (1) NHTSA, not OMB, issued the proposed and final rules at issue and NHTSA has already made public a substantial amount of information about the rulemaking; (2) OMB would be unlikely to release a

DECLARATION OF JOHN F. MORRALL, III ISO DEF.'S MOT. FOR SUMM.. ADJ.
C 07-4997 MHP                                5

significant amount of information not already in the public domain; (3) OMB would be unlikely to release information "likely to contribute significantly" to the public's understanding of whether or not OMB had complied with certain statutes; and (4) CBD had not established that disclosure of documents to it would contribute to the understanding of the public at large. A true and correct copy of this letter, without the exhibits thereto, is attached as Exhibit 6 to this declaration.

15. On July 19, 2007, CBD made a final submission to OMB, in a letter it styled as "Additional Information In Support of Fee Waiver Request." A true and correct copy of this letter, without the exhibits thereto, is attached as Exhibit 7 to this declaration.

In accordance with 28 U.S.C. §1746, I hereby declare and affirm under penalty of perjury that the foregoing is true and correct.

Executed at Washington, District of Columbia, this 25th day of January, 2008.

John F. Morrall, III
Chief
Health, Transportation and General Government Branch
Office of Information and Regulatory Affairs
Office of Management and Budget

DECLARATION OF JOHN F. MORRALL, III ISO DEF.'S MOT. FOR SUMM. ADJ.
C 07-4997 MHP                    6