

# CENTER FOR BIOLOGICAL DIVERSITY

## BECAUSE LIFE IS GOOD.

August 29, 2006

VIA FACSIMILE AND CERTIFIED MAIL; RETURN RECEIPT REQUESTED

National Highway Traffic Safety Administration  
Executive Secretariat  
Room 5221  
400 Seventh Street, S.W.  
Washington, DC 20590

Donald Hawkins, FOIA Officer  
Office of Management and Budget  
Room 9026  
725 17th Street, NW  
Washington, DC 20503

Kathy Ray  
U.S. Department of Transportation  
Office of the Secretary of Transportation  
C-12/Room 5432  
400 Seventh Street, SW  
Washington, DC 20590

RE: Request for Materials under the Freedom of Information Act

Dear FOIA Officers:

    I am writing to request the following documents pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, on behalf of the Center for Biological Diversity ("Center"). The Center is a non-profit, public interest, conservation organization whose mission is to conserve imperiled native species and their threatened habitat and to fulfill the continuing educational goals of its membership and the general public in the process. The primary goal of the Center's Climate, Air, and Energy Program is to reduce United States greenhouse gases and other harmful air pollutants in order to protect biological diversity, public health, and the environment. Consistent with this mission, and consistent with the Freedom of Information Act (FOIA), 5 U.S.C. § 552, this request describes the records sought and our request for a fee waiver.

## RECORDS REQUESTED

We respectfully request that you produce the following records:

    All documents relating to the development of the Final Rule setting average fuel economy standards for light trucks for model years 2008-2011 (71 Fed. Reg. 17566-17679, "rulemaking") that are not already posted on the internet in Docket Nos. 2005-22223 and 2006-24309. This request includes communications among staff and with others that were created during the development of the Final Rule and the Proposed Rule (70 Fed. Reg. 51414-51466). This request includes but is not

Tucson • Silver City • San Francisco • San Diego • Portland • Phoenix • Joshua Tree • Washington, DC

Kassie Siegel, Climate, Air, and Energy Program Director  
P.O. Box 549, Joshua Tree, CA 92252  
Ph: 760-366-2232 Fax: 760-366-2669  
Email: ksiegel@biologicaldiversity.org  web: www.biologicaldiversity.org



EXHIBIT 1

limited to e-mail exchanges or other correspondence among agency staff and between agency staff and others, draft documents, internal reviews and critiques, inter-agency reviews, agency meeting notes, etc.

This request includes records at the headquarters or other offices of the National Highway Traffic Safety Administration ("NHTSA"), Department of Transportation ("DOT"), and Office of Management and Budget ("OMB"), and in the individual files of all agency employees involved in the rulemaking.

If a portion of a record is responsive to this request, but another portion is not responsive, we request that you disclose the entire record, without redacting any non-responsive portions. Should you believe that a portion of any document is exempt from disclosure, please provide the document with the only exempt portion only redacted.

Should you elect to withhold any documents or portions thereof responsive to this request for each document, please provide the identity of the author (including their title and position) and all recipients (including their title and position), the date, the subject of the record, and the particular privilege claimed. For any records or portion thereof withheld under 5 U.S.C. §552(b)(5) please explain:

1) Why is each document predecisional?

    A. To what decision are each of the documents leading?
    B. Has this decision been finalized?

2) Why is each document deliberative?
    A. To what extent does each make a recommendation on a legal or policy matter?

3) What policy recommendation qualifies this document for exemption?

## REQUEST FOR FEE WAIVER

We request that you waive all fees in connection with this matter. As shown below, we meet the two-pronged test under FOIA for a fee waiver, 5 U.S.C. § 552(a)(4)(A)(iii), as implemented by your agencies' regulations at 49 C.F.R. § 7.44(f) (DOT) and 5 C.F.R. § 1303.70 (OMB), because the requested information will significantly contribute to public understanding of the issues involved. Each of the factors that the agencies must consider in deciding whether to grant a fee waiver is addressed below.

In considering whether we meet the fee waiver criteria, it is imperative that the agencies remember that FOIA, in general, carries a presumption of disclosure and that the fee waiver amendments of 1986 were designed specifically to allow non-profit, public interest groups such as the Center access to government documents without the payment of fees. As stated by one Senator, "[A]gencies should not be allowed to use fees as an offensive weapon against requesters seeking access to Government information . . ." 132 Cong. Rec. S. 14298 (statement of Sen. Leahy). In interpreting

this amendment, the 9th Circuit has stated that the amended statute "is to be liberally construed in favor of waivers for noncommercial requesters." (citing Sen. Leahy). The amendment's main purpose was "to remove the roadblocks and technicalities which have been used by various Federal agencies to deny waivers or reductions of fees under the FOIA. (citing Sen. Leahy). McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1284 (9th Cir. 1987).

As the influential District of Columbia Circuit Court has stated this waiver provision was added to FOIA *"in an attempt to prevent government agencies from using high fees to discourage certain types of requesters and requests,"* in clear reference to requests from journalists, scholars, and nonprofit public interest groups. Better Gov't Ass'n v. Department of State, 780 F.2d 86, 93-94 (D.C. Cir. 1986), quoting Ettlinger v. FBI, 596 F. Supp. 867, 876 (D. Mass. 1984) (emphasis added).

I. Obtaining the Information is of No Commercial Interest to the Center.

The Center has no commercial interest that would be furthered by the requested disclosure. The Center is a public interest, non-profit organization with over 25,000 members that informs, educates, and counsels our members and the public regarding environmental issues, policies, and laws. We have been substantially involved in the management activities of numerous government agencies for years, and have consistently displayed our ability to disseminate information granted to us through FOIA fee waivers.

II. The Subject of the Request Concerns "the Operations and Activities of the Government."

The subject matter of this request is the NHTSA's rulemaking setting average fuel economy standards for light trucks for model years 2008-2011 pursuant to the Energy Policy and Conservation Act, 49 U.S. 32901 et seq. ("EPCA"). NHTSA's rulemaking pursuant to EPCA is obviously an identifiable activity of the government. The requested documents are clearly related to and highly informative about the rulemaking.

III. The Disclosure is "Likely to Contribute" to an Understanding of Government Operations or Activities.

In determining the informative value of the requested documents, the agencies should consider the content of the record, the identity of the requester, and the interrelationship between the two. The documents requested concerning the light truck fuel economy rulemaking, which are not currently publicly available, are certain to shed light upon the agencies' compliance with EPCA and the Administrative Procedures Act. Such public oversight of agency action is vital to our democratic system and clearly envisioned by the drafters of the FOIA. The public is always well served when it knows how government activities, particularly matters touching on legal and ethical questions, have been conducted. See Judicial Watch v. Rossotti, 326 F.3d 1309, 1314 (D.C. Cir. 2003) ("[T]he American people have as much interest in knowing that key [agency] decisions are free from the taint of conflict of interest as they have in discovering that they are not."). The requesters intend to fulfill their well established function of public oversight of agency action. We are not requesting these documents merely for their intrinsic informational value.

FOIA Request
August 29, 2006
Page 3 of 5

11/07/2006 TUE 14:45  FAX 4154369693  CBD SF BAY AREA OFFICE                                    ⌀009/015

U.S. Government agencies including the Air Force, Animal Damage Control, Army, Army Corps of Engineers, Bureau of Land Management, Bureau of Reclamation, Department of Agriculture, Department of Commerce, Department of Defense, Department of the Interior, Department of Justice, Department of Transportation, Federal Bureau of Investigation, Federal Aviation Administration, Fish and Wildlife Service, Forest Service, General Accounting Office, National Aeronautical and Space Administration, National Science Foundation, Office of Management and Budget, Rural Economic Community Development Agency, and the Smithsonian Institution, among others, consistently grant our requests for the waiving of FOIA fees. Substantive FOIA responses consistently conforming with the spirit of the FOIA and consistently conforming with the FOIA fee waiver have been provided to our organizations from these Federal agencies many times.

In consistently granting the fee waivers, all of these agencies have recognized that (1) our requested information contributes significantly to the public understanding of the operations or activities of the government, (2) our requested information enhances the public's understanding to a greater degree than currently exists, (3) we possess the expertise to explain the requested information to the public, (4) we possess the ability to disseminate the requested information to the general public, (5) and that the news media recognizes that we are an established expert in the field of environmental protection and energy use.

IV. The Disclosure of the Requested Information Will Contribute to the Understanding of the Public at Large and the Contribution to Public Understanding Will be Significant

In determining whether the disclosure of requested information will contribute significantly to public understanding, one guiding test is whether the requester will disseminate the disclosed records to a *reasonably broad audience of persons interested in the subject*. Carney v U.S. Dept. of Justice, 19 F.3d 807 (2nd Cir. 1994)(emphasis added). It is clear that release of the requested documents will contribute to better understanding of the public at large, and that the contribution to public understanding will be significant.

The rulemaking setting fuel economy standards for light trucks is the subject of significant interest to the public, as well as to the media, and to the California legislature. This interest is demonstrated, in part, by the large number of comments received on the Proposed Rule, and by the large number of media stories covering the rulemaking. Because the transportation sector accounts for approximately one third of the nation's greenhouse gas emissions, this rulemaking greatly impacts the overall level of greenhouse gas emissions in this country. Global warming is of intense interest to the public as demonstrated by the level of public concern and increase in media coverage in recent months.

The requested documents are not currently in the public domain. Their release is not only "likely to contribute," but is in fact certain to contribute to better public understanding of the process which led to the Final Rule and fuel economy standards for model years 2008-2011. Our organization's track record of active participation in oversight of governmental agency activities and our consistent contribution to the public's understanding of agency activities as compared to the level of public understanding prior to disclosure are well established. The Center's membership alone is over 25,000 strong. The Center is also an established expert at communication of environmental, regulatory, and legal matters to the public.

FOIA Request
August 29, 2006
Page 4 of 5

Public oversight and enhanced understanding of the NHTSA's highly controversial EPCA rulemaking is absolutely necessary and an integral part of our democratic system.

The requested comments will be used to determine whether the agencies complied with EPCA, its implementing regulations, and the Administrative Procedures Act (5 U.S.C. §§ 701 et seq.). Concurrent with any action which the requesters may take after obtaining the requested documents, we will publicize the reasons for the action and the underlying actions of the agencies that have prompted the action. This is certain to result in a significant increase in public understanding of government agency activity, and in particular of the EPCA rulemaking. We have enforced the provisions of our nation's laws and regulations many times through information gained from FOIA requests like this one. We intend to use the documents requested in this request in a similar manner. While we cannot know what precisely the documents will reveal, it is certain that they will shed light on the agencies' rulemaking process. FOIA does not require more. See Western Watersheds Project, 318 F.Supp.2d at 1040 ("In the letter denying the appeal, the FOIA Officer stated that WWP had failed to demonstrate....how the information would contribute to the understanding of the general public of the operations or activities of the government. The Court, however...finds that WWP adequately specified the public interest to be served, that is, educating the public about the ecological conditions of the land managed by the BLM and...how management strategies employed by the BLM may adversely affect the environment."); Judicial Watch v. U.S. DOT, 2005 U.S. Dist. LEXIS 14025 (D.D.C. 2005) ("requiring Judicial Watch to outline a specific plan in addition to describing its methods of publication would amount to 'pointless specificity'").

## CONCLUSION

We hope that this letter has demonstrated to your satisfaction that the Center qualifies for a full fee waiver, and that you will immediately begin to search and copy the requested material. Should you decide not to waive fees, we plan to immediately appeal such a decision.

We request that all records currently existing in electronic format be provided on a compact disk, and all other documents on paper.

Please send all materials to me at the address on this letterhead: Kassie Siegel, Center for Biological Diversity, P.O. Box 549, Joshua Tree, CA 92252. Please contact me at (760) 366-2232 x302 when the documents have been compiled, and if you have any questions about this request. We look forward to your reply within twenty working days as required by FOIA. 5 U.S.C. 552(a)(6)(A)(i).

Sincerely,

Kassie Siegel