

# CENTER FOR BIOLOGICAL DIVERSITY

November 7, 2006

SENT VIA FACSIMILE AND OVERNIGHT UPS

Donald Hawkins
FOIA Officer, Office of Management and Budget
725 17th Street NW, Room 9026
Washington, DC 20503
Fax: (202) 395-3504

*115076*

*NOV 9 - 2006*

*07-020*

Kathy Ray
Departmental FOIA Officer
C-12/Room 5432
400 Seventh St., SW
Washington, D.C. 20590
Fax: (202) 366-8536
Re: FOIA File 2006-253

## FREEDOM OF INFORMATION ACT APPEAL

Dear FOIA Appeal Officers:

On behalf of the Center for Biological Diversity ("the Center"), and pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq. ("FOIA"), I am writing to respond to the Office of Management and Budget's denial of the Center's August 29, 2006, FOIA request. The August 29 FOIA asked for the following information:

> All documents relating to the development of the Final Rule setting average fuel economy standards for light trucks for model years 2008-2011 (71 Fed. Reg. 17566-17679, "rulemaking") that are not already posted on the internet in Docket Nos. 2005-22223 and 2006-24309. This request includes communications among staff and with others that were created during the development of the Final Rule and the Proposed Rule (70 Fed. Reg. 51414-51466). This request includes but is not limited to e-mail exchanges or other correspondence among agency staff and between agency staff and others, draft documents, internal reviews and critiques, inter-agency reviews, agency meeting notes, etc.

See Exhibit A.

Tucson • Phoenix • San Francisco • San Diego • Los Angeles • Joshua Tree • Pinos Altos • Portland • Washington, DC

Justin Augustine, Staff Attorney • 1095 Market St., Suite 511 • San Francisco, CA 94103
Phone: 415-436-9582 x302 • Fax: 415-436-9683 • jaugustine@biologicaldiversity.org

EXHIBIT 3

On October 12, 2006, the Office of Management and Budget ("OMB") replied to the request stating that the request "is overly broad." See Exhibit B.

On October 20, 2006, the U.S. Department of Transportation ("USDOT") responded in similar fashion stating that the request is "extremely broad," and "would target a voluminous amount of information and would require an extensive and potentially burdensome search and review of large numbers of files and documents." See Exhibit C.

The Center feels that its request is already detailed enough and believes that it is not too broad or too burdensome for the following reasons.

The Supreme Court has clearly stated that FOIA seeks "to establish a general philosophy of full agency disclosures unless information is exempted under clearly delineated statutory language." NLRB v. Sears, Roebuck, & Co., 421 U.S. 132, 136 (1975) (quoting S. Rep. No. 813, 89th Cong., 1st Ses., 3 (1965)). The agency must show "by specific and detailed proof that disclosure would defeat, rather than further, the purposes of FOIA." Mead Data Central Inc. v. Dept. of the Air Force, 566 F.2d 242, 258 (D.C. Cir. 1978); see also Lowry v. SSA, 2001 U.S. Dist. LEXIS 23474 (D. Or. 2001) ("Though burdensome, Lowry's request must be viewed in the light of the strong presumption in favor of disclosure.").

In regard to the detail that FOIA requests must contain, FOIA explicitly states that a request must "reasonably describe" the records desired. 5 USCS § 552(a)(3)(A). As pointed out in Yeager v. Drug Enforcement Admin., "the linchpin inquiry is whether the agency is able to determine 'precisely what records (are) being requested.'" 220 U.S. App. D.C. 1, 33 (D.C. Cir. 1982) (citing S.Rep. No. 854, 93d Cong., 2d Sess. 10 (1974); Source Book at 162; H.Rep. No. 876, 93d Cong., 2d Sess. 5-6 (1974), U.S.Code Cong. & Admin.News, p. 6267; Source Book at 125-26); see also Peyton v. Reno, 1999 U.S. Dist. LEXIS 12125, 3-4 (D.D.C. 1999) ("A request reasonably describes records if the agency is able to determine precisely what records are being requested.").

The Center's August 29, 2006, request does just what FOIA asks—it "reasonably" describes the documents desired and even points the agency to the specific final agency decision at issue, the Final Rule setting average fuel economy standards for light trucks for model years 2008-2011. There is no question that OMG and USDOT can "determine precisely what records are being requested." If the record addresses average fuel economy standards for light trucks for model years 2008-2011, then it falls within the request. In fact, this is just the type of request that agencies should be prepared for. While an agency could obviously not prepare well for or anticipate a request asking, for instance, for all documents with the word Scientology in it, it is quite reasonable to assume that records addressing a final agency rule would be organized such that they could be readily accessed.

There is likewise no reason that the requested documents should be prohibitively voluminous. The Center's request is in no way a "broad, sweeping, indiscriminate request for production lacking any specificity." Irons v. Schuyler, 465 F.2d 608, 612 (DC Cir. 1972). To the contrary, the request deals with one specific agency decision and is not at all comparable to situations where requests were deemed "unduly" burdensome by the courts. See American Federation of

Government Employees, Local 2782 v. U.S. Dep't of Commerce, 907 F.2d 203, 208 (D.C. Cir. 1990) (unreasonable to require a search of "every chronological office file and correspondent file, internal and external, for every branch office, staff office [etc.]."); Church of Scientology v. Internal Revenue Serv., 792 F.2d 146, 151 (DC Cir. 1986) (unreasonable to require a "search through every file in [the IRS'] possession to see if a reference to Scientology appeared"); Irons, 465 F.2d at 611-12 (unreasonable to require a search of 3,500,000 files of patents as well as 1,000,000 other files).

Moreover, neither the OMB nor USDOT has provided any reasoning for its conclusory assertions. To simply claim that the Center's request is somehow too broad or too burdensome violates FOIA's goals of open government. See Armstrong v. Bush, 139 F.R.D. 547, 553 (D.D.C. 1991)("The D.C. Circuit has held that where the agency's ability to retrieve requested documents is at issue, an 'undiscriminating adoption' of the agency's assertion is inappropriate and could 'raise the specter of easy circumvention' of the FOIA." (citing Founding Church of Scientology, Inc. v Nat'l Security Agency, 1610 F.2d 824, 837 (D.C. Cir. 1979))

Because it is clear what records the Center has requested, and because records associated with one final agency decision should not be "unduly" burdensome to provide, the Center asks that OMB and USDOT immediately begin to conduct a search for and assemble the requested documents. The Center considers this letter to be an appeal of both OMB and USDOT's responses and as such, requests a response within 20 working days as mandated by FOIA. 5 U.S.C. § 552(a)(6)(A)(ii).

If you have any further questions, please call me at (415) 436-9682 ext. 302. We await your prompt reply.

Sincerely,

*Justin Augustine*

Justin Augustine