Deborah A. Sivas (Calif. Bar No. 135446)
Leah J. Russin (Calif. Bar No. 225336)
Noah Long (Certified Law Student)
ENVIRONMENTAL LAW CLINIC
Mills Legal Clinic at Stanford Law School
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 725-8571
Facsimile: (650) 723-4426

Justin Augustine (Calif. Bar No. 235561)
CENTER FOR BIOLOGICAL DIVERSITY
1095 Market Street, Suite 511
San Francisco, CA 94103
Telephone: (415) 436-9682
Facsimile: (415) 436-9683

Attorneys for Plaintiff CENTER FOR BIOLOGICAL DIVERSITY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> OFFICE OF MANAGEMENT AND BUDGET, <br><br> Defendant. | Case No. C 07-4997 MHP <br><br> **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF OPPOSITION TO CROSS-MOTION FOR SUMMARY JUDGMENT ON FEE WAIVER ISSUE** <br><br> **Date:** Feb. 25, 2008 <br> **Time:** 2:00 p.m. <br> **Court:** 15, 18th Floor |

**TABLE OF CONTENTS**

I.    INTRODUCTION .................................................... 1

II.   ARGUMENT ........................................................ 1

    A.    OMB Improperly Seeks an Agency-Wide Exemption From FOIA Fee Waivers . 1

    B.    OMB's Assertion that "Most" of the Requested Documents Were Previously Released or Are "Likely" to Be Privileged Is Not Legally Sufficient to Support Denial of a Fee Waiver ........................................ 3

    C.    OMB's Claim that It Had No Statutory Authority to Set Fuel Economy Standards Is Irrelevant to this Case ................................... 7

    D.    OMB Concedes That the Center is Capable of Disseminating the Information to a Reasonably Large Public Audience ............................... 8

III.  CONCLUSION ..................................................... 8

# TABLE OF AUTHORITIES

## Federal Cases

*Army Times Publishing Co. v. Department of the Air Force*, 998 F.3d 1067 (D.C. Cir. 1993) . . 5

*Carney v U.S. Department of Justice*, 19 F.3d 807 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*Carter v. US. Department of Commerce*, 307 F.3d 1084 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . 4

*Center for Biological Diversity v. National Highway Traffic Safety Administration*,
    508 F.3d 508 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854 (D.C. Cir. 1980) . . . . . . . . 4, 5

*Eudey v. C.I.A.*, 478 F. Supp. 1175 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*FTC v. Warner Communications*, 742 F.2d 1156 (9th Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*General Electric Co. v. Johnson*, Number Civ.A.00-2855(JDB), 2006 WL 2616187
    (D.D.C. Sept. 7, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Greenpeace v. National Marine Fisheries Service*, 198 F.R.D. 540 (W.D. Wash. 2000) . . . . . . . 6

*Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309 (D.C. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Judicial Watch v. U.S. Department of Energy*, 310 F. Supp. 2d 271 (D.D.C. 2004) . . . . . . . . . . 2

*Maricopa Audubon Society v. US. Forest Serv.*, 108 F.3d 1089 (9th Cir. 1997) . . . . . . . . . . . . 4, 5

*Massachusetts v. E.P.A.*, 127 S. Ct. 1438 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*National Labor Rel. Board v. Sears. Robuck & Co.*, 421 U.S. 132 (1975) . . . . . . . . . . . . . . . . . . 4

*National Wildlife Federation v. U.S. Forest Serv.*, 861 F.2d 1114 (9the Cir. 1988) . . . . . . . . . . . 4

*Project on Military Procurement v. Department of the Navy*, 710 F. Supp. 362
    (D.D.C. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*United States v. W.R. Grace*, 455 F. Supp. 2d 1140 (D. Mont. 2006) . . . . . . . . . . . . . . . . . . . . . 6

*Vaughn v. Roseiz*, 523 F.2d 1136 (D.C. Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*VoteHemp, Inc. v. Drug Enforcement Admin.*, 237 F. Supp. 2d 55 (D.D.C. 2002) . . . . . . . . . . . 4

## Docketed Cases

*Coleman v. Schwarzenegger*, Case Number Numbers CIV S-90-0520 LKK JFM,
    C01-1351 TEH, 2007 WL 4328476 (N.D. Cal. Dec. 7, 2007) . . . . . . . . . . . . . . . . . . . . . . 6

*Modesto Irrigation District v. Gutierrez*, Case No. 1:06-cv-00453 OWW DLB,
    2007 WL 763370, *5 (E.D. Cal., Mar. 9, 2007) .................................... 5, 6

*Stott Outdoor Advertising v. County of Monterey*, Case No. No. C06-00891 RMW (HRL),
    2007 WL 460647, *2-3 (N.D. Cal. Feb. 7, 2007) .................................. 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**I. INTRODUCTION**

For over eighteen months, the Center for Biological Diversity ("Center") has sought documents related to the White House Office of Management and Budget's ("OMB") involvement in the 2006 Corporate Average Fuel Economy ("CAFE") rulemaking for light trucks. Having so long delayed any response, OMB now claims that it denied the Center's request for a fee waiver not because the request itself was flawed or inadequate in some way, but because OMB is a "unique" kind of "deliberative agency" that is effectively exempt from the normal operation and requirements of the Freedom of Information Act ("FOIA"), including the fee waiver provision. See Defendant Office of Management and Budget's Motion for Summary Adjudication on Fee Waiver Issue ("OMB Br.") at 3. This novel argument has absolutely no basis in statute, legislative history, or case law and ignores the fact that OMB has its own FOIA fee waiver regulations, has granted FOIA fee waivers in the past, has acknowledged its participation in the CAFE rulemaking at issue here, and has admitted to possessing documents responsive to the Center's request. Accordingly, this Court should reject OMB's attempt to immunize itself from FOIA disclosure through the vehicle of an unsupportable fee waiver denial.

**II. ARGUMENT**

**A.    OMB Improperly Seeks an Agency-Wide Exemption From FOIA Fee Waivers.**

Here, OMB effectively seeks an agency-wide exemption from FOIA, not only from the production of particular documents, but also from the statute's fee waiver requirements. OMB contends that, as a "deliberative agency," virtually all of the documents in its possession are exempt from FOIA production and, therefore, also are exempt from the fee waiver provision. OMB Br. at 3, 10, 11. The agency's argument is not limited, or even particularly related, to the facts of this case. Rather, "OMB submits that the unique role it plays among federal agencies – as a deliberative agency which provides advise to the President about proposed regulations – makes this the 'rare case' in which it is proper for an agency to decline to grant a fee waiver in light of the privileged nature of the material likely to be found upon a search for responsive documents."

OMB Br. at 11. Thus, OMB claims that by virtue of its position and role within the Executive Branch, it is entitled to a blanket exemption from FOIA fee waiver and document disclosure requirements.

Of course, the statute itself does not provide any such exemption, and OMB does not cite a single case or other legal authority to support its sweeping assertion that it is, for all intents and purposes, exempt from FOIA. Instead, OMB relies on <u>Carney v U.S. Dept. of Justice</u>, 19 F.3d 807 (2d Cir. 1994), for the proposition that fee waiver denials are appropriate where the requested documents are "patently exempt" from disclosure. OMB Br. at 10-11. However, the <u>Carney</u> court explicitly rejected an argument remarkably similar to OMB's argument here:

> As alternative reasons for denying Carney' requests for fee waivers, the DOJ asserts that most of the records Carney requested were exempt from mandatory disclosure and that the non-exempt records either already were in the public domain or were not of interest to the public. … [W]e do not believe that it was proper to deny the fee waivers simply because the records may have been exempt from disclosure. A fee waiver request should be evaluated based on the face of the request and the reasons given by the requester in support of the waiver.

<u>Carney v. U.S. Dept. of Justice</u>, 19 F.3d at 815. <u>See</u> also <u>Project on Military Procurement v. Dept. of the Navy</u>, 710 F. Supp. 362, 367 (D.D.C. 1989) (rejecting argument that fee waiver should be denied because documents may be exempt).

OMB's reliance on <u>Judicial Watch v. U.S. Dept. of Energy</u>, 310 F. Supp. 2d 271 (D.D.C. 2004), <u>rev'd on other grounds</u>, 412 F.3d 125 (D.C. Cir. 2005), is equally misplaced. As did the court in <u>Carney</u>, the <u>Judicial Watch</u> court expressly rejected the agency's attempt to bootstrap its deliberative process assertions into a fee waiver denial:

> [The agency] contended that because the deliberative portions of the records sought would be withheld, releasing the non-exempt portions would "not make a <u>significant</u> contribution to the understanding of the general public." . . . Under the FOIA, the agency bears the burden of justifying nondisclosure. . . . It would be contrary to the express provisions of the FOIA to "invert the burden of proof" and force a plaintiff not only to demonstrate that it satisfies the public interest exception analysis and is entitled to a fee waiver, but also to demonstrate that the defendant agency's contemplated withholdings are not properly claimed.

<u>Judicial Watch, Inc. v. U.S. Dept. of Energy</u>, 310 F. Supp. 2d at 295 (emphasis in original). The

Judicial Watch court warns of precisely the problem created by OMB's assertion of privilege in its denial of a fee waiver here: The Center cannot possibly challenge OMB's anticipated withholding of responsive records without a proper index of documents for which privilege is (or might be) asserted.

In sum, OMB offers a sweeping, novel, and utterly unsupported legal theory, rather than a particularized defense to its actions in this instance. It argues that virtually everything OMB does should be considered that "rare case" justifying both non-disclosure of documents and denial of accompanying fee waiver requests under FOIA. If adopted by the courts, OMB's theory would allow a key policymaking agency within the Executive Branch to entirely shield its activities from the public transparency policies of FOIA. The Court should, therefore, reject OMB's argument.

**B.    OMB's Assertion that "Most" of the Requested Documents Were Previously Released or Are "Likely" to Be Privileged Is Not Legally Sufficient to Support Denial of a Fee Waiver.**

OMB's limited attempt to address the Center's specific request in this case is equally unavailing. The agency begins by arguing that all of the requested documents either already are in the public domain or are subject to withholding under the deliberative process privilege. OMB Br. at 2. Later in its brief, OMB backs away from this strong assertion, claiming instead that the "vast majority" of the requested document would "likely" be withheld. Id. at 6. This distinction matters, since the presence of even a single significant document can justify a FOIA fee waiver. Project on Military Procurement v. Dep't. of Navy, 710 F. Supp. 362, 366 (holding that even a single document may be significant for purposes of granting a fee waiver and that agencies may not consider the number of documents to be released when making a fee waiver determination); Eudey v. C.I.A., 478 F. Supp. 1175, 1177. (D.D.C. 1979) (same). In any event, both the stronger and softer versions of OMB's contention are unpersuasive.

First, public disclosure of some documents in the CAFE rulemaking docket does not mean that the unreleased documents are insignificant. There is a meaningful difference between a claim that all responsive documents have been released and OMB's claim here that there are not likely

to be many unreleased documents. OMB cites VoteHemp, Inc. v. Drug Enforcement Admin., 237 F. Supp. 2d 55 (D.D.C. 2002), for the proposition that where the information used as the basis of a policy has already been fully disclosed, an agency may deny a fee waiver. That case is simply inapposite. Neither OMB nor DOT has yet released any information related to OMB's evaluation of the fuel economy rule or any information that discloses the assumptions, data or research behind the valuation of greenhouse gases in the agency's cost-benefit analysis for the rule. Here, the Center seeks to bring that information to public light for the first time. It is, therefore, entitled to a fee waiver for these newly requested documents. See, e.g., Judicial Watch, Inc. v. Rossotti, 326 F. 3d 1309, 1315 (D.C. Cir. 2003) (holding that a request satisfied the fee waiver requirement when it sought "considerably more" than had been previously released by the agency").[1]

Second, OMB suggests that "most of" the responsive documents not previously disclosed are subject to protection from disclosure under the deliberative process privilege. OMB Br. at. 11. Citing to a handful of deliberative process cases that do not discuss the fee waiver question at issue here,[2] OMB argues that its "experience in responding to FOIA requests seeking similar types of deliberative materials" led the agency "to make the judgment that a fee waiver was not appropriate in light of the privileged nature of what would be found in a search." Id. Such speculation about what might or might not be found if a responsive document search were undertaken does not provide a proper basis for asserting deliberative process privilege, let alone

---

[1] OMB's additional reliance on Carney is especially puzzling because the court in that case held that the previous release of some documents to other requesters was not sufficient to bar a fee waiver. Carney v. Department of Justice, 19 F.3d at 815.

[2] The cases cited by OMB discuss, generally, the purpose and nature of the deliberative process privilege. See National Labor Rel. Bd. v. Sears. Robuck & Co., 421 U.S. 132 (1975); Coastal States Gas Corp. v. Dept. of Energy, 617 F.2d 854 (D.C. Cir. 1980); National Wildlife Fed'n v. U.S. Forest Serv., 861 F.2d 1114 (9the Cir. 1988); Carter v. US. Dep 't of Commerce, 307 F.3d 1084 (9th Cir. 2002); Vaughn v. Roseiz, 523 F.2d 1136 (D.C. Cir. 1975); Maricopa Audubon Soc'y v. US. Forest Serv., 108 F.3d 1089 (9th Cir. 1997). None of these cases permit an agency to assert deliberative process privilege as a justification for denial of a fee waiver.

support a fee waiver denial. Under FOIA, the agency bears the burden of showing that any non-disclosure privilege applies on a document-by-document basis. OMB cannot meet that burden by asserting a blanket privilege for all documents based on prior "experience."[3]

More specifically, when claiming an exemption from disclosure, "it is clear" that the agency has the burden to establish "what deliberative process is involved, and the role played by the documents in issue in the course of that process." Coastal States Gas Corp.v. Dept. Of Energy, 617 F.2d 854, 868 (D.C. Cir. 1980). In particular, agencies bear the burden of demonstrating that disclosure of the requested information "would actually inhibit candor in the decision-making process." Army Times Publishing Co. v. Department of the Air Force, 998 F.3d 1067, 1070 (D.C. Cir. 1993). To meet its burden, an agency "must offer 'oral testimony or affidavits that are detailed enough for the district court to make a de novo assessment of the government's claim of exemption.'" Modesto Irrigation District v. Gutierrez, Case No. 1:06-cv-00453 OWW DLB, 2007 WL 763370, *5 (E.D. Cal., Mar. 9, 2007) (citing Maricopa Audubon Soc. V. U.S. Forest Serv., 108 F.3d 1089 (9th Cir. 1997)). Supporting affidavits must

---

[3] In its brief, OMB cites to paragraph 8 of the Declaration of John F. Morrall to argue that "[p]rior to sending the June 12, 2007 letter denying CBD's appeal of the denial of its fee waiver request, OMB reviewed those documents and determined that the documents in question contained internal inter and intra-governmental predecisional deliberations leading up to various decisions related to the issuance of the NPRM." OMB Br. at 11. This statement misleadingly suggests that Mr. Morrall reviewed the documents subject to the Center's request. However, Mr. Morrall's declaration actually states: "In separate and earlier litigation concerning a FOIA request by the Attorney General of the State of California (People of the State of California ex rel. Edmund G. Brown, Attorney General of the State of California v. NHTSA, et al., Case No. 06-2654) which sought to obtain documents related to NHTSA's proposed rulemaking on the standards for CAFE, I reviewed the documents and determined that the documents in question contained internal inter and intra-governmental predecisional deliberations leading up to various decisions related to the issuance of the NPRM." Declaration of John F. Morrall at ¶ 8. Thus, Mr. Morrall did not state that he reviewed document in response to the Center's request, but only that he reviewed documents related to another request in another lawsuit. In any event, as explained below, FOIA requires a particularized inquiry and document-by-document assertion of the privilege, as apparently occurred in the State of California case.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO CROSS-MOTION FOR SUMMARY JUDGMENT ON FEE WAIVER ISSUE – Case No. C07-4997 MHP     -5-

"contain 'reasonably detailed descriptions of the documents'" and must "allege facts sufficient to establish an exemption." Id. An agency must "specifically designate and describe the information that is purportedly privileged and give 'precise and certain' reasons for preserving" its confidentiality. Greenpeace v. Nat'l Marine Fisheries Service, 198 F.R.D. 540, 543 (W.D. Wash. 2000). Blanket invocations of the privilege are inadequate, id., and "conclusory or general assertions" are "insufficient" to satisfy the deliberative requirement. General Electric Co. v. Johnson, No. Civ.A.00-2855(JDB), 2006 WL 2616187, *5 (D.D.C. Sept. 7, 2006). Finally, a reviewing court should assess fulfillment of the agency's burden with an awareness of the "distinct disadvantage" facing a plaintiff trying to oppose an agency's claims without access to the withheld materials. Id.

Moreover, and critically, the deliberative process privilege is a qualified one. FTC v. Warner Communications, 742 F.2d 1156, 1161 (9th Cir.1984). If the court finds that the requester's need for the material outweighs the government's interest in secrecy, the privilege may be lifted. Id.; Coleman v. Schwarzenegger, Case No. Nos. CIV S-90-0520 LKK JFM P, C01-1351 TEH, 2007 WL 4328476, *6 (N.D. Cal. Dec. 7, 2007); Stott Outdoor Advertising v. County of Monterey, Case No. No. C06-00891 RMW (HRL), 2007 WL 460647, *2-3 (N.D. Cal. Feb. 7, 2007). Accordingly, the court must engage in an individualized, two-step process when evaluating an assertion of privilege based on deliberative process, first determining whether the assertion of privilege is proper and, if so, then assessing whether disclosure is appropriate despite the privilege. Modesto Irrigation District, 2007 WL 763360 at 6 (quoting United States v. W.R. Grace, 455 F. Supp. 2d 1140, 1144 (D. Mont. 2006).

Thus, OMB cannot properly rest on its generalized, blanket assertion of privilege to cut off a fee waiver request. Instead, it must first grant that request and then, if appropriate, identify particular documents that it believes are privileged so that the Center has an opportunity to challenge the privilege assertion.

**C.    OMB's Claim that It Had No Statutory Authority to Set Fuel Economy Standards Is Irrelevant to this Case.**

OMB repeatedly emphasizes that it had no statutory authority to set the fuel economy levels. OMB Br. at 9, 11. However, that fact is not relevant to the question before the Court on this motion. OMB concedes that it was involved in the drafting of the fuel economy rule and that it has documents related to the rule. OMB Br. at 5. OMB also acknowledges that it plays the special role in ensuring that rules published by federal agencies comply with Presidential policy. Id. 3-4. That role is particularly significant here because the President has a publicly-announced policy position on reduction of greenhouse gas emissions. See Massachusetts v. E.P.A. 127 S.Ct. 1438 (2007). Contrary to OMB's suggestion in its brief, the application of FOIA is not limited to those agencies with formal legal responsibility for promulgating a particular regulation, but applies to any agency that has relevant responsive documents in its possession. Thus, the fact that OMB was not the agency that issued the final fuel economy rule is entirely irrelevant to the question of whether the Center is entitled to a fee waiver for the requested documents.

Furthermore, as discussed in the Center's opening brief, the Government Accountability Office has reported that OMB participation and oversight in the rulemaking process is particularly meaningful in NHTSA rules, especially those involving cost-benefit analysis. See Plaintiff's Memorandum of Points and Authorities in Support of Motion for Summary Judgment at 3-4.[4] The Ninth Circuit recently ruled that the fuel economy rule established by NHTSA was arbitrary and capricious because, among other things, the agency failed to properly consider the cost of greenhouse gas emissions. Center for Biological Diversity v. National Highway Traffic Safety Administration, 508 F. 3d 508 (9th Cir. 2007). The deficiencies in the cost-benefit analysis were likely affected by OMB's exercise of its Presidential policy review role with respect to global warming issues. Thus, there is a substantial likelihood that the requested documents in this case

---

[4] See also http://www.gao.gov/new.items/d03929.pdf.

will shed light on how the Administration's policy on climate change is impacting fuel economy standards. Such disclosure is independently valuable and wholly separate from the Ninth Circuit litigation over the rule itself.[5]

**D.   OMB Concedes that the Center is Capable of Disseminating the Information to a Reasonably Large Public Audience.**

In its letters to the Center, OMB denied the fee waiver request, in part, based on its questioning of the Center's ability to disseminate the requested information. As the record in this case demonstrates, the Center repeatedly articulated to OMB the expertise of its staff in analyzing information and identified numerous examples where information obtained through FOIA requests was widely disseminated to the public. In its cross-motion, OMB no longer pursues this basis for the fee waiver denial and, therefore, the Center's ability to disseminate the requested information is not at issue in this motion.

### III.  CONCLUSION

For the forgoing reasons and the reasons set forth in its opening brief, the Center respectfully requests that the Court grant its motion for summary judgment on the fee waiver issue and deny OMB's cross-motion for summary judgment.

DATED: February 15, 2008              Respectfully Submitted,

                                      ENVIRONMENTAL LAW CLINIC

                                       /s/ Noah Long
                                      Noah Long, Certified Law Student
                                      Deborah A. Sivas, Supervising Attorney

---

[5]  OMB makes the odd argument that use of the requested documents for vague future litigation purposes is not a sufficient justification for a fee waiver. OMB Br. at 13-14. In the present case, of course, the Center has already successfully challenged the fuel economy rule in question, and thus is not seeking the documents as some sort of fishing expedition for future litigation. Rather, as NHTSA goes back to the drawing table to craft a new fuel economy rule, the Center seeks to shed light on OMB's role in the process in order to further the interests of public participation in democratic decisionmaking.