UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL DIVERSITY,

               Plaintiff,

   v.

OFFICE OF MANAGEMENT & BUDGET,

               Defendant.
_____/

No. C 07-04997 MHP

**MEMORANDUM & ORDER
Re: Cross-Motions for Summary Judgment**

      Plaintiff Center for Biological Diversity ("CBD") is an organization concerned about the emissions of greenhouse gases and global warming. On September 27, 2007 CBD filed suit against the Office of Management and Budget ("OMB") seeking judicial grant of a fee waiver with respect to a Freedom of Information Act ("FOIA") request it made to the OMB. Now before the court are the parties' cross-motions for summary judgment. The court has considered the parties' arguments fully, and for the reasons set forth below, the court rules as follows.

BACKGROUND

      The OMB assists the President in the preparation of the federal budget and in managing its execution by federal agencies. Morrall Dec., ¶ 3. To this end, the "OMB evaluates the effectiveness of agency programs, policies, and procedures, assesses competing funding demands among agencies, and sets funding priorities." See http://www.whitehouse.gov/omb/organization/role.html (last visited March 3, 2008).

      The CBD is a non-profit, public-interest organization that works to protect species of living creatures that are on the brink of extinction. To reach its goal, the CBD seeks to gain and

1  disseminate information about global warming. See http://www.biologicaldiversity.org (last visited
2  March 3, 2008).
3       On August 29, 2006 the CBD submitted FOIA and fee-waiver requests to the OMB.
4  Augustine Dec., Exh. A. The FOIA request was for:

> All documents relating to the development of the Final Rule setting average fuel
> economy standards for light trucks for model years 2008-2011 (71 Fed. Reg.
> 17566-17679, 'rulemaking') that are not already posted on the internet in Docket
> Nos. 2005-22223 and 2006-24309. This request includes communications among
> staff and with others that were created during the development of the Final Rule and
> the Proposed Rule (70 Fed. Reg. 51414-51466). This request includes but is not
> limited to e-mail exchanges or other correspondence among agency staff and between
> agency staff and others, draft documents, internal reviews and critiques, inter-agency
> reviews, agency meeting notes, etc.

10  Id. On October 12, 2006 the OMB responded, stating that the CBD's request was overly broad and
11  asking the CBD to refine the scope of its request. Id., Exh. B.
12       On November 7, 2006 the CBD reiterated its earlier request with case law purportedly
13  supporting its position. Id., Exh. D. On January 26, 2007 the OMB responded, stating that the
14  CBD's November letter, styled as an appeal, was not a proper appeal since the OMB had not yet
15  made a determination regarding CBD's FOIA request. Id., Exh. H. The correspondence then denied
16  CBD's fee-waiver request because (1) most of the requested documents would be covered by the
17  deliberative process privilege and (2) the documents that would be released would likely reveal only
18  existing publicly known information. Consequently, the OMB stated that a fee waiver was not
19  warranted since the release would not contribute significantly to the public understanding of
20  governmental activities. Id.
21       The CBD immediately responded with another letter styled as an appeal discussing the
22  following four-factors: 1) whether the subject of the requested records concerns the operations or
23  activities of the government; 2) whether the disclosure will contribute to an understanding of federal
24  government operations or activities; 3) whether disclosure will contribute to the understanding of the
25  public at large; and 4) whether the disclosure's contribution to the public's understanding of federal
26  government operations will be significant. Id., Exh. I. The OMB responded over five months later,
27  stating four bases for its continued rejection of the fee waiver. Id., Exh. K.[1] Specifically: 1) the
28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

National Highway Traffic Safety Administration ("NHTSA"), not OMB, issued the proposed and final rules at issue and the NHTSA has already made public a substantial amount of information about the rulemaking; 2) OMB would be unlikely to release a significant amount of information not already in the public domain; 3) OMB would be unlikely to release information "likely to contribute significantly" to the public's understanding of whether or not OMB had complied with certain statutes; and 4) CBD had not established that disclosure of documents would contribute to the understanding of the public at large.[2]

A month later, on July 19, 2007, the CBD wrote to the OMB attempting to refute each of the four bases for rejection of the fee waiver. Id., Exh. L. The OMB did not respond. The CBD filed this suit on September 27, 2007.

LEGAL STANDARD

Summary judgment is proper when the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id. The party moving for summary judgment bears the burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). On an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Mere allegations or denials do not defeat a moving party's allegations. Id.; Gasaway v. Nw. Mut. Life Ins. Co., 26 F.3d 957, 960 (9th Cir. 1994). The court may not make credibility determinations, and inferences to be drawn from the facts must be

3

viewed in the light most favorable to the party opposing the motion. Masson v. New Yorker Magazine, 501 U.S. 496, 520 (1991); Anderson, 477 U.S. at 249.

DISCUSSION

There is only one issue here: whether the CBD is entitled to a fee waiver with respect to its FOIA request. A two-part test determines whether an agency is required to waive fees for a FOIA request: 1) the disclosure must be "likely to contribute significantly to public understanding of the operations or activities of the government;" and 2) the disclosure must be "not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(iii); see also McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1284 (9th Cir. 1987). The FOIA requires that each agency promulgate regulations establishing procedures and guidelines to determine when such fees should be waived or reduced. See 5 U.S.C. § 552(a)(4)(A)(I). OMB's fee waiver regulation is identical to the two-part statutory test, stating that fees "shall be waived or reduced where it is determined that disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the Government and is not primarily in the commercial interest of the requester." 5 C.F.R. § 1303.70.

This court's review of OMB's denial of the requested fee waiver is de novo and limited to the facts and arguments in the record before the agency. 5 U.S.C. § 552(a)(4)(A)(vii); McClellan, 835 F.2d at 1284; Friends of the Coast Fork v. United States Dep't of the Interior, 110 F.3d 53, 55 (9th Cir. 1997). This limitation applies to both the reasons offered by the agency for the denial and to the evidence in the record supporting the waiver. Friends of the Coast Fork, 110 F.3d at 55.

The parties do not argue the second prong of the test. Thus, the key statutory and regulatory language at issue is the first prong that disclosure be "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the Government." 5 U.S.C. § 552(a)(4)(iii). The burden is on CBD to establish that it satisfies this statutory and regulatory test. See McClellan, 835 F.2d at 1285. The court first discusses whether CBD has made a prima facie showing for a fee waiver, and if so, whether the OMB rebuts that showing.

UNITED STATES DISTRICT COURT
For the Northern District of California

4

I.      Prima Facie Showing

In the Ninth Circuit, if a non-profit organization has "identified why they wanted the administrative record, what they intended to do with it, to whom they planned on distributing it, and the [relevant] expertise of their membership," then a waiver is appropriate. Friends of the Coast Fork, 110 F.3d at 55. Specifically, if the organization "meant to challenge publicly the scientific basis for the [agency decision]," then a prima facie showing has been made that the disclosure is "likely to contribute significantly to public understanding." Id.

The CBD brings this FOIA request to assist the public in learning how the DOT and OMB treat climate science in their decisionmaking. Specifically, they aim to determine the weight placed upon climate science and climate change by the OMB when the OMB conducted the cost-benefit analysis with respect to fuel efficiency standards. See Augustine Dec., Exh. I at 2 ("The documents in question will, among other things, help reveal whether OMB's actions regarding fuel economy standards were inappropriately influenced. Just as importantly, it will reveal what information the agency had in its possession when formulating the rulemaking and will reveal any information that the agency failed to disclose on its website or in other already public documents."); id. at 9 ("For instance, disclosure of the records will contribute 'significantly' to public understanding of government meetings with, for example, car companies or other corporate entities that have interests at stake.").

There is no argument that the documents relate to the operations or activities of the government or that the CBD will disseminate the information to a reasonably large segment of the public interested in this subject.[3] Further, the only documents requested are those not already in the public domain. The question then becomes whether the marginal value of the information to be released would "contribute significantly" to the public understanding.

It is indisputably true that national fuel economy standards are a controversial area of governmental activity. The CBD's goal is to understand the administration's rationale and basis for setting the standards at the chosen level. The requested documents will aid the CBD in achieving this goal. The CBD means to challenge publicly the underpinnings of the cost-benefit analysis

5

1 conducted by the OMB.  It intends to use the documents to evaluate and publicize the government
2 process for setting fuel economy standards.  Consequently, the request suffices for a prima facie
3 showing that disclosure is "likely to contribute significantly to public understanding."  The court
4 now turns to whether this prima facie showing is rebutted by the OMB.

6 II.    The OMB did not Make the Rule

7       The OMB argues that these documents cannot contribute significantly to the public
8 understanding since the NHTSA—the agency that issued the rules in question—has already made
9 substantial disclosures to the public as part of the regulatory docket corresponding to rules 2005-
10 22223 and 2006-24309.  Thus, they argue, whatever documents they may release are likely already
11 present in the public domain and could not contribute significantly to public information regarding
12 the rulemaking.  This argument, however, ignores the scope of the request made by the CBD.  The
13 request includes only those documents "that are not already posted on the internet in Docket Nos.
14 2005-22223 and 2006-24309."  Augustine Dec., Exh. A.  Thus, since the request only applies to
15 documents that are not already in the public domain, this argument is without merit.
16       VoteHemp, Inc. v. Drug Enforcement Admin., 237 F. Supp. 2d 55, 61 (D.D.C. 2002), does
17 not compel a different result.  In VoteHemp, plaintiff had failed to demonstrate with "reasonabl[e]
18 specificity" what additional contribution the information it sought would add to the public's
19 understanding.  237 F. Supp. 3d at 61 (internal quotation omitted).  Concurrently, that court stated
20 that it "appreciates that solely because the information plaintiff seeks to obtain is already in the
21 public domain does not foreclose plaintiff's ability to obtain a fee waiver."  Id.  The release of this
22 information will increase public information about the rulemaking because it will aid the public in
23 evaluating the role, scope and influence of the OMB in decisions made by NHTSA.  The OMB
24 correctly claims that any information the OMB did not share with the NHTSA could not have had
25 any impact on NHTSA's rulemaking.  They, however, do not claim that all the information they
26 provided the NHTSA has been released.  Further, they do not claim that the underlying data and
27 assumptions that were relied upon to justify their recommendation has been released to the general

6

1  public.

2  Similarly, Carney v. United States Dep't of Justice, 19 F.3d 807 (2d Cir. 1994), does not
3  compel a different result either. In Carney, the court stated that "in some instances, it may be
4  appropriate to deny a fee waiver because the requested records are available from public sources."
5  19 F.3d at 815. That court, however, also held that the previous release of some documents to other
6  requesters was not sufficient to bar a fee waiver. Id. Furthermore, since the document request is
7  limited to documents not readily available from other sources, Carney is neither restricting nor
8  applicable.

10  III.   Most of OMB's Documents are Privileged

11  The OMB argues that the information requested by the CBD will most likely be shielded by
12  the deliberative process privilege, thereby precluding their release under the FOIA. See 5 U.S.C. §
13  552(b)(5). It bases this expectation on its "experience in responding to FOIA requests seeking
14  similar types of deliberative materials." Augustine Dec., Exh. K at 3. To this end, the OMB states
15  that its unique role as a deliberative agency that advises the President about proposed regulations
16  makes this the rare case in which it is proper to decline a fee waiver in light of the likely privileged
17  nature of the material found upon a search.

18  This argument misses the mark—it allows the OMB to put the cart before the horse. An
19  analysis of the fee waiver issue does not and can not involve a decision regarding whether the
20  deliberative process privilege would apply to the documents covered by the request. The OMB
21  would first need to identify the requested documents and then determine which documents may be
22  withheld because of the exemption. A contrary system would preclude FOIA requesters from
23  challenging the propriety of the governmental agency's action in withholding documents on the
24  basis of the exemption. It would essentially place the burden on the requester to show that an
25  exemption provided by FOIA cannot be established. This stands the statute and its case law on their
26  heads. It is the government's burden to set forth the exemption and justify withholding a document
27  pursuant to that particular exemption. This is accomplished on a document by document basis by

use of a "Vaughn index." See Vaughn v. Rosen, 484 F.2d 820, 828 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). It is well-established FOIA case law that the burden of proof is upon the agency claiming the exemption from the "statutorily-imposed duty to disclose information" under the Act. See Ollestad v. Kelly, 573 F.2d 1109 (9th Cir. 1978).

Defendant cites to People of the State of California v. Nat'l Highway & Traffic Safety Admin., et al., No. C 06-02654, 2007 WL 1697278 (N. D. Cal. June 12, 2007) (Conti, J.), in support. In that action, however, the were specific documents which defendants, including the OMB, claimed were protected by the deliberative process privilege. No blanket assertion of privilege was made. Furthermore, Judge Conti reviewed the specific documents in question in-camera before determining that the documents were in fact protected by the privilege. The situation in this action, where a categorical assertion is being made, is patently distinguishable.

Finally, this argument proves too much. The OMB argues that this is the rare case where the FOIA request is for documents that are "patently exempt" from disclosure. See, e.g., Carney, 19 F.3d at 815; Judicial Watch, Inc. v. United States Dep't of Energy, 310 F. Supp. 2d 271, 295 (D.D.C. 2004), rev'd on other grounds, 412 F.3d 125 (D.C. Cir. 2005). Under the FOIA, the agency bears the burden of showing that any non-disclosure privilege applies. Maricopa Audubon Soc. v. U.S. Forest Serv., 108 F.3d 1089, 1092 (9th Cir. 1997). In order to be exempt, the documents must be both "predecisional" and "deliberative." Carter v. United States Dep't of Commerce, 307 F.3d 1084, 1089 (9th Cir. 2002).

> A 'predecisional' document is one 'prepared in order to assist an agency decisionmaker in arriving at his decision,' and may include 'recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.' A predecisional document is part of the 'deliberative process,' if 'the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.'

Maricopa Audubon Soc., 108 F.3d at 1093 (citations omitted).

Neither case cited by the OMB in support of the categorical exemption, Carney and Judicial Watch, met the "patently exempt" test. Furthermore, the proffered reasons making this a rare case would apply to any request made to the OMB. Namely, independent of the FOIA request, the OMB

8

1 will always be, as it styles itself, a deliberative agency that advises the President about proposed
2 regulations. Finding this to be a rare case based not upon the facts of the case, but because of the
3 OMB's role amongst federal agencies would effectively remove the OMB from the FOIA's reach.
4 Without express statutory authority in this respect, this court is unwilling to provide the OMB with
5 such a blanket waiver. Indeed, it is clear that FOIA applies to the OMB since the OMB has its own
6 FOIA fee waiver regulations.

7 The OMB also argues that the CBD's broad request seeks categories of documents that
8 would indisputably be covered by the privilege. Specifically, the CBD seeks "all documents relating
9 to the development of the Final Rule," including "communications among staff and with others that
10 were created during the development of the Final Rule and the Proposed Rule." This request, they
11 argue, is by definition covered by the deliberative process privilege. Not so. Although the
12 "predecisional" prong is likely met, there is no indication regarding whether every single document
13 requested would either make a recommendation or express opinions on legal or policy matters or
14 reveal the agency's deliberative process itself.

15 Requiring the CBD to pay for the FOIA request because many of the requested documents
16 may be privileged "would be contrary to the express provisions of the FOIA" and "'invert the
17 burden of proof' and force a plaintiff not only to demonstrate that it satisfies the public interest
18 exception analysis and is entitled to a fee waiver, but also to demonstrate that the defendant agency's
19 contemplated withholdings are not properly claimed." Judicial Watch, 310 F. Supp. 2d at 295. In
20 this respect, this court agrees with the Second Circuit since it "do[es] not believe that it was proper
21 to deny the fee waivers simply because the records may have been exempt from disclosure. A fee
22 waiver request should be evaluated based on the face of the request and the reasons given by the
23 requester in support of the waiver." Carney, 19 F.3d at 815.

25 IV.     The CBD is on a Fishing Expedition
26 The OMB argues that since it was not the eventual rulemaking authority with respect to the
27 rules in question, any argument that the documents could reveal that it is in violation of the

9

Administrative Procedures Act ("APA"), Energy Policy and Conservation Act ("EPCA") and the National Environmental Policy Act ("NEPA") is irrelevant. Thus, they contend, any document request pertaining to alleged violations of these statutes will not contribute to the public understanding of the operations of government. The application of FOIA, however, is not limited to those agencies with formal legal responsibility for promulgating a particular regulation, but applies to any agency that has relevant responsive documents.

Nevertheless, this court is wary of allowing the CBD access to the OMB's documents based upon a generalized allegation that the OMB may be in violation of federal law.[4] Accepting that argument would effectively eliminate the fee waiver analysis since any FOIA requester could argue that the requested non-public documents could reveal improprieties within the governmental agency. McClellan is directly on point; specifically, if this were allowed, a FOIA requester could "demand fee waiver on a request for *all* U.S. government documents, on the basis that the information might be used in litigation to ensure that agencies comply with federal law." 835 F.2d at 1285. That court, however, premised its holding on the fact that plaintiff's request relied on vague, conclusory allegations.

Here, plaintiff has made specific allegations and demonstrated specific uses for the information it seeks from the OMB. The CBD seeks information related to OMB's evaluation of the fuel economy rule and information that discloses the assumptions, data or research behind the valuation of greenhouse gases in the agency's cost-benefit analysis for the rule. This cost-benefit analysis is particularly meaningful in the NHTSA rules and its results could make a particular option more or less attractive to the NHTSA. Depending on the weight placed on the cost of greenhouse gas emissions, there is a substantial likelihood that the requested documents will shed light on this administration's policy on how climate change is impacting fuel economy standards.[5] Indeed, the CBD has consistently maintained that "the requested documents will help reveal the basis for the final rulemaking." Augustine Dec., Exh. I at 5.

In light of the above plan, the CBD need not allege that the OMB did anything improper with respect to the rulemaking at issue. Indeed, the public's understanding of governmental activities

10

will increase independent of the specific weight the OMB placed upon greenhouse gas emissions when it conducted its analysis.[6] Mere knowledge of the weight will significantly increase the public's understanding.

In sum, the OMB is unable to rebut the CBD's prima facie showing.

CONCLUSION

For the foregoing reasons, plaintiff's request for a full fee waiver regarding its FOIA request is GRANTED. In that respect, plaintiff's motion for summary judgment is GRANTED and defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated: March 12, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

11

**ENDNOTES**

1. In the interim, the CBD wrote to the OMB on March 14, 2007, inquiring about the reasons for the inordinate delay. Augustine Dec., Exh. J.

2. OMB does not argue here that CBD would not disseminate the released information to the public at large.

3. The CBD has an oft visited website and also sends out regular electronic newsletters.

4. The OMB again argues that since it is not the agency that promulgated the rules, it could not have been in violation of the various statutes. This is incorrect. The documents may well reveal that the OMB was improperly influenced or did not take relevant considerations into account.

5. It is irrelevant that the Ninth Circuit was able to evaluate NHTSA's rulemaking to determine the fate of the rulemaking without any documents from the OMB. The issue here is the effect of the OMB's analysis upon the rulemaking, not the final rule itself.

6. The CBD's assertion that they may use the FOIA to determine what the government is "up to" is incorrect. The Supreme Court has stated that "[FOIA's] basic policy of full agency disclosure unless information is exempted under clearly delineated statutory language, indeed focuses on the citizens' right to be informed about what their government is up to. Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose." United States Dept. of Defense v. Fed. Labor Relations Auth., 510 U.S. 487, 495–96 (1994) (internal quotations omitted). However, that case did not implicate a FOIA fee waiver, but was discussing and exception to disclosure under the FOIA.