1  SCOTT N. SCHOOLS (SCSBN 9990)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MICHAEL T. PYLE (CSBN 172954)
   Assistant United States Attorney
4
       450 Golden Gate Avenue, Box 36055
5      San Francisco, California 94102-3495
       Telephone: (415) 436-7322
6      FAX: (415) 436-6748

7  Attorneys for Defendant Office of Management and Budget

8  Deborah A. Sivas (CSBN 135446)
   Leah J. Russin (CSBN 225336)
9  Noah Long (Certified Law Student)
   ENVIRONMENTAL LAW CLINIC
10 MILLS LEGAL CLINIC
   Stanford Law School
11 Crown Quadrangle
   559 Nathan Abbot Way
12 Stanford, CA 94305-8610
   Telephone: (650) 723-0325
13 Facsimile: (650) 723-4426

14 Justin Augustine (CSBN 235561)
   CENTER FOR BIOLOGICAL DIVERSITY
15 1095 Market Street, Suite 511
   San Francisco, CA 94103
16 Phone: (415) 436-9682
   Facsimile: (415) 436-9683
17
   Attorneys for Plaintiff Center for Biological Diversity
18

19                 UNITED STATES DISTRICT COURT

20                 NORTHERN DISTRICT OF CALIFORNIA

21                      SAN FRANCISCO DIVISION

22

23 CENTER FOR BIOLOGICAL              )   No. C 07-4997 MHP
   DIVERSITY, a non-profit organization, )
                                       )
24         Plaintiff,                  )
                                       )   **JOINT SUBSEQUENT CASE**
25     v.                              )   **MANAGEMENT CONFERENCE**
                                       )   **STATEMENT**
26 THE OFFICE OF MANAGEMENT AND        )
   BUDGET,                             )   Date: April 21, 2008
27                                     )   Time: 3:00 p.m.
           Defendant.                  )
28  _____  )

JOINT SUBSEQUENT CASE MGMT. CONF. STMT.
C 07-4997 MHP                                        1

Plaintiff, the Center for Biological Diversity ("CBD"), and defendant, the Office of Management and Budget ("OMB"), by and through their undersigned counsel, hereby submit the following Joint Subsequent Case Management Conference Statement pursuant to Civil Local Rule 16-10(d):

1. <u>Overview of events since last CMC</u>: The original Case Management Conference was held on January 7, 2008. Thereafter, the Center and OMB filed cross motions for summary adjudication/partial summary judgment regarding the Center's request for a full fee waiver under the Freedom of Information Act ("FOIA"). On March 13, 2008, the Court granted the Center's motion and ordered OMB to provide a full fee waiver for the requested documents. The Court has not entered judgment and thus has jurisdiction to proceed with the remaining issues in the case.

2. <u>Related Cases</u>:

<u>Plaintiff CBD</u>: CBD asserts that there are no related cases as the issue has already been determined, and thus events in other matters is not relevant.

<u>Defendant OMB</u>: OMB filed an Administrative motion to relate this case to *People of the State of California v. EPA et al.*, Case No. 07-2055 JSW, which motion was denied by the Court. OMB respectfully notes for the Court that it has produced a *Vaughn* index in the *State of California* action regarding documents withheld by OMB on various grounds and that would appear to fall within the scope of CBD's FOIA request at issue in this case. Motions for summary judgment are pending before Judge White with regard to the documents listed on OMB's *Vaughn* index. OMB further respectfully notes for the Court that it prevailed in substantial part in a case brought by the State of California involving the Proposed Rule (70 Fed Reg. 51414-51466) for fuel emission standards for light trucks. Judgement was entered in that case on June 13, 2007 following cross-motions for summary judgment. That case is *People of the State of California v. OMB et al.*, 06-2654 SC. OMB respectfully submits that Judge Conti has already ruled on the propriety of OMB's withholding of certain documents regarding the Proposed Rule.

In neither of these cases was there a dispute about a fee waiver. The reason OMB submits that these cases are related to the present case is that in these two related cases courts have ruled (Action 06-02654 SC) or will rule (Action 07-2055 JSW) about the propriety of withholding some of the documents at issue in CBD's FOIA request.

3.  Settlement and ADR: The parties filed a Notice of Need for ADR Phone Conference and held a telephone conference with the Court's ADR office on January 4, 2008. At this time the parties do not believe that any ADR process would be appropriate.

4.  Scheduling:

Plaintiff CBD: The Center requests that the Court require the production of all documents responsive to the Center's request and a complete index of responsive documents for which OMB asserts any exemption from disclosure by May 21, 2008. By the date of the Case Management Conference, thirty-nine days will have passed since the Court's order on the fee waiver issue. The Center believes that an additional thirty days, until May 21, 2008, is a reasonable and sufficient time for production of the records at issue. The Center further requests that the Court maintain jurisdiction until the documents have been produced and assertions of exemption can be challenged.

Furthermore, as provided by FOIA, the Center intends to seek its fees and costs in connection with adjudication of the fee waiver issue and is initiating discussions with OMB concerning this issue in the hope of resolving it without the need for the Court's involvement. However, if the parties cannot resolve the fees and costs issue, the Center will file a motion for adjudication by the Court.

Defendant OMB: OMB submits that CBD's proposed schedule is not reasonable in light of the extraordinary breadth of its FOIA request, covering as it does, the entire rulemaking process for the regulation at issue. OMB began processing CBD's FOIA request upon receipt of the Court's order granting CBD's motion for a full fee waiver, and OMB's search for responsive documents involves searching for both electronic and hard-copy documents. OMB's diligent

efforts to date in processing the FOIA request has revealed a time consuming problem inherent in the request with respect to electronic documents. OMB understands that the office which is searching the e-mail database for OMB will generate a large number of erroneous "hits" because search terms like "CAFE" (for "Corporate Average Fuel Economy", the short-hand name commonly used for the regulation at issue) will also turn up references to some restaurants near OMB's office with "Cafe" in the title. OMB expects that the search of e-mail will generate thousands, and very probably tens of thousands of potentially responsive documents. The search is OMB-wide and thus covers the e-mail from all of the hundreds of OMB employees. OMB currently anticipates that the process for gathering <u>potentially</u> responsive documents will be completed by the end of April. At that point a more time consuming process will begin.

OMB will have to review all of the potentially responsive documents to identify those that are in fact responsive and separate them from those that are not responsive. OMB will then have to review the responsive documents and determine which documents (or portions of documents) should be released to CBD and which documents (or portions of documents) will be included on a *Vaughn* index. OMB will also have to prepare the *Vaughn* Index, which, in and of itself, will require substantial efforts.

At this time, OMB cannot estimate how long these processes will take because it is entirely dependent upon the volume of responsive documents. OMB is certain, however, that it is not possible to complete these processes by May 21, 2008.

OMB intends to move for summary judgment once it has produced its *Vaughn* index and any responsive documents.

OMB proposes that it advise the Court by letter on or before May 21, 2008 as to the progress of these efforts. Alternatively, OMB proposes that the Court schedule a further case management conference on or about May 21, 2008.

OMB submits that it is premature for the Court to consider any motion by CBD for a fee award and that any such motion should be deferred until the conclusion of the case. Regardless,

OMB will discuss the matter with CBD and review CBD's evidentiary basis for whatever fee it claims.

5.   Amendment of the Pleadings:

Defendant OMB: In the parties' initial Joint Case Management Conference Statement they requested that "the Court set a deadline for amendment of pleadings approximately three weeks after the ruling on the motion(s) for summary adjudication of the fee waiver issue." OMB seeks to amend its answer to raise an affirmative defense of res judicata/collateral estoppel based on the related cases discussed above.

Plaintiff CBD: CBD is considering whether an amended complaint is necessary, and requests that no cut-off on amending the pleadings be imposed until the issues are clarified by OMB's forthcoming response to the FOIA request.

6.   Trial: The parties believe that this case will be resolved by means of summary judgment motions following OMB's production of any responsive documents and its *Vaughn* index. CBD submits that the Court should set a further case management conference approximately 30 days after OMB produces responsive documents and its *Vaughn* index to determine the schedule for adjudication of the remainder of the case. OMB submits that the Court will be able to schedule the briefing for motions for summary judgment once OMB is able to give the Court a date by

///

///

///

which it will be able to complete the gathering, review, and production of responsive documents and a *Vaughn* index.

Dated: April 11, 2008                             Respectfully submitted,

                                                  JOSEPH P. RUSSONIELLO
                                                  United States Attorney


                                         By:        /s/
                                                  MICHAEL T. PYLE
                                                  Assistant United States Attorney
                                                  Attorney for Defendant OMB



                                         By:        /s/
                                                  DEBORAH A. SIVAS
                                                  Attorneys for Plaintiff Center for Biological
                                                  Diversity