Deborah A. Sivas (CSBN 135446)
Leah J. Russin (CSBN 225336)
ENVIRONMENTAL LAW CLINIC
MILLS LEGAL CLINIC
Stanford Law School
Crown Quadrangle
559 Nathan Abbot Way
Stanford, CA 94305-8610
Telephone: (650) 723-0325
Facsimile: (650) 723-4426
leahrussin@law.stanford.edu

Justin Augustine (CSBN 235561)
Vera Pardee (CSBN 106146)
CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA 94104
Telephone:  (415) 436-9682
Facsimile:  (415) 436-9683
jaugustine@biologicaldiversity.org

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY,** | ) |
| **Plaintiff**, | ) ) **Civil Action No.: C-07-4997 MHP** |
| v. | ) |
| **THE OFFICE OF MANAGEMENT AND** | ) **JOINT SUBSEQUENT CASE** |
| **BUDGET,** | ) **MANAGEMENT CONFERENCE** ) **STATEMENT** |
| **Defendant**. | ) **Date:      September 8, 2008** |
| . | ) **Time:      3:00 p.m.** ) **Court:     15, 18th Floor** |
| | ) ) ) ) |

1     Plaintiff, the Center for Biological Diversity ("CBD"), and defendant, the Office of

2   Management and Budget ("OMB"), by and through their undersigned counsel, hereby submit the

3   following Joint Subsequent Case Management Conference Statement pursuant to Civil Local

4   Rule 16-10(d):

5   1.     Overview of events since last CMC: The last Case Management Conference was held on

6   August 4, 2008.  Thereafter, on August 7, 2008, CBD and OMB stipulated to a schedule, approved by

7   the Court on August 8, 2008, for OMB to (a) use best efforts to produce by August 15, 1008, documents

8   responsive to the Center's FOIA request that contain the terms "greenhouse gases," the "economic cost

9   of carbon," the "social cost of carbon," and the "discount rate"; (b) complete the production of

10  documents containing these terms by September 8; (c) produce, by September 15, a final *Vaughn* index

11  and supporting declarations concerning documents dated between September 1, 2003 and June 30, 2004

12  previously entirely or partially withheld; and (d) complete the entire production responsive to the FOIA

13  request, a final *Vaughn* index and supporting declarations by November 3, 2008.

14     The parties also stipulated that their cross-motions for summary adjudication as to withheld

15  documents dated between September 1, 2003 and June 30, 2004 will be filed on October 6, 2008, with

16  opposition papers to be filed on October 20, 2008, and that the hearing on these motions will take place

17  on November 10, 2008 at 2:00 p.m.   Lastly, the parties stipulated that three weeks following the Court's

18  ruling on these cross-motions for summary adjudication, the parties shall file their cross-motions for

19  summary judgment as to any remaining withheld documents, which motions shall be set for hearing on

20  the Court's first available hearing date.

21     OMB produced documents containing the term "greenhouse gases" on August 15, 2008.

22  2.     Scheduling and Resolution:

23     Plaintiff CBD:  CBD proposes that the Court order OMB to abide by its stipulation of August 7,

24  2008 and to complete its production of all documents containing the four specified terms by September

25  8; to produce, by September 15, 2008, a final *Vaughn* index and supporting declarations concerning

26  documents dated between September 1, 2003 and June 30, 2004 previously entirely or partially

27  withheld; and to complete the entire production responsive to the FOIA request, a final *Vaughn* index

28  and supporting declarations by November 3, 2008.  Only if OMB complies with these dates will the

2

JOINT SUBSEQUENT CASE MANAGEMENT CONFERENCE STATEMENT
Case No.  C-07- 4997-MHP

parties be able to file their cross-motions for summary adjudication as to documents dated between September 1, 2003 and June 30, 2004, but entirely or partially withheld, on October 6, 2008, so that the matter can be determined by this Court on November 10, 2008 as stipulated; and only then can cross-motions for summary judgment on the remaining production be filed three weeks after that hearing, so that all of the issues in this case can be settled before yet another year has ended.  CBD notes that it sent its FOIA request to OMB on August 27, 2006; that OMB has stated that it commenced its search for responsive documents when it received this Court's March 13, 2008 (now more than five months ago); that this Court ordered OMB to complete the entire production on July 14, 2008; and that the Center has already given OMB two lengthy extensions of time beyond that Court-ordered date.

In regard to some of the assertions made by OMB below, CBD notes that on November 7, 2006, CBD counsel sent a letter to OMB explaining why CBD's request was not "overly broad" and that OMB had provided no support whatsoever for its claim.  Almost 3 months later, instead of writing back to state that it had begun processing the FOIA request, OMB sent a letter declaring that is was denying CBD's fee waiver request (a decision which was subsequently overturned by this Court).  Again, no offer of support was provided for the assertion that CBD's request was "overly broad," and OMB did not make any further effort to deny CBD's request as "overly broad."  Thus, for OMB to now attempt to blame CBD for OMB's extreme delay in this case is disingenuous and not supported by the history of this case.  OMB has never explained what is "overly broad" about CBD's request, and regardless, over four months ago, OMB was ordered to provide all the requested documents.  In short, it is much too late in the day for OMB to grumble about the scope of the request or to suggest that it might not be able to meet a deadline.  Further, CBD's request seeks exactly the type of information for which FOIA was designed – the request addresses a very specific topic (the Final Rule setting average fuel economy standards for light trucks for model years 2008-2011), and describes precisely what documents are desired within that topic.  *See, e.g., Yeager v. Drug Enforcement Admin.*, 220 U.S. App. D.C. 1, 33 (D.C. Cir. 1982) ("The linchpin inquiry is whether the agency is able to determine precisely what records (are) being requested.").  Finally, the long hours and weekends that OMB complains about are irrelevant (indeed, irrespective of this case, long hours and weekends are common in this profession) – what matters is that OMB comply with FOIA and do so efficiently and appropriately.

3

Defendant OMB:  OMB is continuing to work hard to meet the deadlines in the stipulated schedule that was approved by the Court on August 8, 2008.  Those efforts include a trip by OMB's undersigned counsel to spend a week working at OMB on processing the documents at issue in Plaintiff's FOIA request, as well as the fact that both OMB's agency counsel and OMB's undersigned counsel, in addition to diligently working on this matter during the business week will also be working over Labor Day weekend to meet the deadlines in the stipulated schedule (not the only weekends to be spent on this matter).  OMB conservatively estimates that its personnel have spent more than 1,000 person-hours working on processing the documents at issue in this case in the last three months.  As of the filing of this statement OMB remains hopeful that it will be able to meet all of the deadlines in the stipulated order, but will report to the Court at the status conference on September 8, 2008 if any problems emerge between now and the status conference that require any relief from the schedule.

CBD stresses that its FOIA request was served on August 27, 2006, yet OMB reminds the Court that CBD has never narrowed the scope of its exceedingly broad FOIA request.  On August 4, 2008, CBD did identify four categories of documents that it is most interested in, and OMB will produce responsive documents not subject to withholding regarding those four categories on or before the stipulated deadline.  Yet OMB is still required to review thousands of other documents because CBD continues to pursue its broad FOIA request.   OMB had, on several occasions, asked for CBD to narrow its request while it was considering CBD's fee waiver request before this litigation began, and CBD never agreed to narrow its request.  Finally, OMB submits that CBD overstates things when it says that it has agreed to "lengthy extensions of time."  There have been two stipulations extending the deadline for completing the processing all of the documents.  The first stipulation was necessary because of a number of technical and technological challenges that OMB had experienced with regard to its ability to search for responsive documents and because the parties stipulated that they wanted OMB's search for responsive documents to be accurate and complete.  Thus, CBD overstates things when it asserts that OMB has had five months in which to process the thousands of documents at issue, prepare *Vaughn* indices and declarations so that the cross-motions for summary adjudication can be heard.

The parties believe that this case will be resolved by means of summary judgment motions as set forth in their stipulation dated August 7, 2008.

JOINT SUBSEQUENT CASE MANAGEMENT CONFERENCE STATEMENT
Case No.  C-07- 4997-MHP

1

2      Dated: September 2, 2008                        Respectfully submitted,

3                                                      JOSEPH P. RUSSONIELLO
                                                       United States Attorney
4
                                                       By: _____/s/_____
5

6                                                      MICHAEL T. PYLE
                                                       Assistant United States Attorney
7                                                      Attorney for Defendant OMB

8
                                                       By: _____/s/_____
9

10                                                     JUSTIN AUGUSTINE
                                                       Attorney for Plaintiff Center for Biological
11                                                     Diversity

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT SUBSEQUENT CASE MANAGEMENT CONFERENCE STATEMENT
Case No.  C-07- 4997-MHP