UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL
DIVERSITY,

       Plaintiff(s),

   v.

OFFICE OF MANAGEMENT AND
BUDGET,

       Defendant(s).

No. C07-4997 MHP (BZ)

**REPORT AND RECOMMENDATION**

On September 27, 2007, the Center for Biological
Diversity ("plaintiff") filed suit against the Office of
Management & Budget ("defendant"), alleging violations of the
Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  On July
14, 2009, this matter was referred to me by the Honorable
Marilyn H. Patel to conduct an *in camera* review of documents
withheld by defendants under two claimed exemptions, the
deliberative process privilege and the presidential
communications privilege.[1]  The following is my report and

---

[1]    Where part of a document was disclosed, the Court
only reviewed the redacted portions.

1

1   recommendation concerning whether the exemptions claimed by

2   defendant were properly asserted.

3        In her first order on the parties' cross-motions for

4   summary judgment, Judge Patel set forth the factual background

5   of this case, as well as a comprehensive legal discussion of

6   the exemptions claimed by defendant (see Doc. No. 59).

7   Accordingly, I find no need to do so again here.  In the

8   interests of efficiency, I have set forth below a list of the

9   individuals, along with their respective titles, who drafted,

10  sent, and received the emails and documents at issue.  These

11  individuals' last names will be repeated throughout the

12  following report and recommendation, but their respective

13  titles will be omitted.[2]

14  •    Julie Abraham: Director, Office of International Policy,

15       Fuel Economy and Consumer Programs, NHTSA

16  •    Soren Anderson: CEA

17  •    Donald Arbuckle: Deputy Administrator, OIRA

18  •    John Asalone: OMB

19  •    William Badger: Special Assistant to the President for

20       Economic Policy, EOP, NEC

21  •    Ben Bernanke: Chairman CEA

22  •    Larry Blincoe: NHTSA

23  •    Josh Bolton: OMB Director

24  •    Noble Bowie: NHSTA Special Assistant to the Administrator

25  •    Allison Boyd: Special Advisor to the Domestic Policy

26

27       [2]   If an individual's title was not provided, or if the
    individual was only included on one email, his or her name is
28  provided in full.

2

1    Council of WHO

2  •  Elizabeth Branch: Counselor to OIRA Administrator, OMB,

3     OIRA

4  •  Jason Burnett: EPA

5  •  MaryAnne Calamas: Confidential Assistant to OIRA

6     Administrator, OIRA

7  •  Christopher Calamita: Chief Counsel, NHTSA

8  •  Khary Cauthen: EOP, CEQ, Special Assistant to the Chair

9  •  James Connaughton: Chairman of CEQ, CEQ

10 •  David Conover: Department of Energy

11 •  Stephen Cote: EOP, OMB Deputy Associate Director, House

12 •  Cameron Cushman: Executive Assistant to the Assistant to

13    the President

14 •  Logan Dryden: OMB, Confidential Assistant to OMB Deputy

15    Director

16 •  Lisa Epifani: White House Office of Policy Development

17 •  Robert Fairweather: Deputy Associate Director, OMB

18 •  Peter Feather: Chief, Fuel Economy Division, NHTSA

19 •  Barry Felrice: Director, Washington Regulatory Affairs,

20    DaimlerChrysler Corporation

21 •  Debbie Fiddelke: Special Assistant to the President for

22    Legislative Affairs, WHO, EOP

23 •  Jacqueline Glassman: Chief Counsel, NHTSA

24 •  John Graham: Administrator, OIRA

25 •  Maggie Grant: EOP, OIA Special Assistant to the President

26    for Intergovernmental Affairs

27 •  Kevin Green: VOLPE/DOT

28 •  Bryan Hannegan: Assistant Director for Energy &

3

```
1        Transportation, CEQ
2    •   Michael Harrington: DOT
3    •   David Haun: EOP, OMB Transportation Deputy Associate
4        Director
5    •   Eric Haxthausen: Economist, Environmental Defense
6    •   Keith Hennessey: Assistant to the President for Domestic
7        Policy, NEC, WHO
8    •   Brian Hook: Special Assistant to the President for
9        Policy, WHO, Office of the Chief of Staff, EOP
10   •   Chase Hutto: Deputy Assistant to the Vice President for
11       Domestic Policy (Energy)
12   •   Diane Jones: Office of the Commissioner for Trademarks
13       Intent to Use Supervisor
14   •   Joel Kaplan: Deputy Director, OMB
15   •   Ken Katz: Engineer, NHTSA
16   •   Jeremy Katz: WHO
17   •   Brett Kavanaugh: Assistant to the President and Staff
18       Secretary, WHO
19   •   William Kelley: EOP, Deputy Assistant to the President
20       and Deputy Counsel
21   •   Elissa Konove: Program Examiner, OMB, Transportation,
22       Homeland, Justice & Service Branch; Counselor to OIRA
23       Administrator, OMB, OIRA, General Government Services
24       Programs
25   •   John Knepper: Assistant General Counsel, OMB
26   •   Steve Kratzke: Department of Transportation
27   •   Elan Liang: EOP, Special Assistant to the President for
28       Legislative Affairs
```

1    •    Dominic Mancini: Economist, OIRA

2    •    Donald Marron: Member, Council on Economic Advisors, EOP

3    •    Catherine Martin: EOP Deputy Assistant to the President
4         and Deputy Director of Communications

5    •    Mark Menchik: Policy Analyst, OMB, OIRA, EOP

6    •    Steven Mertens: Chief, Energy Branch, OMB, Natural
7         Resources Programs, EOP

8    •    Charles McGrath: Deputy Chief of Staff to the Vice
9         President, White House

10   •    Stephen McMillin: Assistant Director for General
11        Government Programs, OMB

12   •    Christopher Michel: Deputy Assistant to the President and
13        Deputy Director of Speechwriting, WHO, EOP

14   •    Scott Milburn: OMB Press Officer

15   •    Paul Noe: Counselor to the Administrator of OIRA

16   •    Kevin O'Donovan: Deputy Assistant to the Vice President
17        for Domestic Policy (Energy), WHO

18   •    Neil Patel: EOP, OVP Assistant to the Vice President and
19        Staff Secretary

20   •    Dana Perino: Press Secretary, CEQ

21   •    Joan Petrie: Attorney for DOT

22   •    Don Pickrell: Economist, NHTSA

23   •    Quesan Rice: EOP, CEQ Executive Assistant to the Chair

24   •    Krista Ritacco: EOP, Executive Assistant to the Chairman

25   •    Jeffrey A. Rosen: General Counsel, OGC, DOT

26   •    Karl Rove: Deputy Chief of Staff, WHO, Office of the
27        Chief of Staff, EOP

28   •    Jeff Runge: Administrator, NHTSA

1    •    Richard Russell: Associate Director for Technology,
2         Office of Science and Technology Policy, EOP
3    •    Robert Sandoli: EOP, OMB Program Examiner
4    •    Eleanor Schiff: DPC &WHO Special Assistant to the
5         President for Domestic Policy
6    •    Suzanne Scruggs: DOT Director, Scheduling and Advance
7    •    Jess Sharp: Deputy Assistant to the President for
8         Domestic Policy, DPC
9    •    Kristen Silverberg: Deputy Assistant to the President and
10        Advisor to the Chief of Staff, Office of the Chief of
11        Staff
12   •    Jim Simons: Director of the Office of Policy Analysis,
13        NHTSA
14   •    Margaret Stewart: EOP, OMB Deputy Associate Director
15   •    Elizabeth Sykes: Executive Assistant, WHO, DPC, EOP
16   •    Richard Theroux: Economist, OIRA
17   •    Edmond Toy: Engineer & Policy Analyst, OIRA
18   •    Tevi Troy: Deputy Assistant to the President for Domestic
19        Policy, DPC, WHO
20   •    Jared Weinstein: EOP official
21   •    Alice Williams: EOP, CEA Executive Assistant to the
22        Chairman
23   •    Candida P. Wolff: Assistant to the President for
24        Legislative Affairs, WHO, Legislative Affairs, EOP
25   •    Stephen Wood: Chief Counsel, NHTSA
26        The Court recommends that private phone numbers and
27   email addresses not be disclosed, unless plaintiffs can
28   demonstrate a particularized need.

1

**ARMS DOCUMENTS**

2  Document 78: This document, dated 9/12/03, is an email from

3  Graham to Theroux and Toy.  In this email, Graham describes

4  the potential employment impacts in the United States of more

5  stringent light truck CAFÉ standards.  The Court reviewed the

6  document *in camera* and recommends that it be found exempt from

7  disclosure because it is pre-decisional and deliberative and

8  contains no reasonably segregable factual material.

9

10  Document 80: This document, dated 9/15/03, is an email from

11  Graham to Theroux and Toy.  In this email, Graham shares

12  various thoughts about the current structure of light truck

13  CAFE standards and poses several questions to Toy and Theroux

14  about how the statutory language defines light trucks in

15  connection with the drafting of the ANPRM for NHTSA's CAFÉ

16  regulation.  The Court reviewed the document *in camera* and

17  recommends that it be found exempt from disclosure because it

18  is pre-decisional and deliberative and contains no reasonably

19  segregable factual material.

20

21  Document 117: The document, dated 9/26/03, is an email from

22  Toy to Graham.  In this email, Toy offers his observations and

23  opinions and poses several questions to Graham about the

24  potential weight classification system in the draft CAFÉ

25  ANPRM.  The Court reviewed the document *in camera* and

26  recommends that it be found exempt from disclosure because it

27  is pre-decisional and deliberative and contains no reasonably

28  segregable factual material.

1    <u>Document 157</u>: This document, dated 10/16/03, is an email from

2    Toy to Graham.  In this email Toy provides his analysis of the

3    potential safety implications of a change in the light truck

4    CAFÉ standard.  The Court reviewed the document *in camera* and

5    recommends that it be found exempt from disclosure because it

6    is pre-decisional and deliberative and contains no reasonably

7    segregable factual material.

8

9    <u>Document 161</u>: This document, dated 10/17/03, contains two

10   emails, one from Theroux to Toy, and another that contains

11   Toy's response to Theroux's initial email.  In these emails,

12   Toy and Theroux discuss their thoughts about the potential

13   safety implications of large pick-ups and whether they should

14   be included as part of the CAFÉ standards.  The Court reviewed

15   the document *in camera* and recommends that it be found exempt

16   from disclosure because it is pre-decisional and deliberative

17   and contains no reasonably segregable factual material.

18

19   <u>Document 209</u>: This document, dated 11/04/03, is an email from

20   Theroux to Graham containing a one page attachment.  The email

21   has been released, but the attachment is being withheld.  The

22   attachment is a draft assessing the effects of two potential

23   CAFÉ reforms on light truck prices and weight.  The Court

24   reviewed the document *in camera* and recommends that it be

25   found exempt from disclosure because it is pre-decisional and

26   deliberative and contains no reasonably segregable factual

27   material.

28   ///

1    Document 295: This document, dated 12/8/03, is an email from

2    Hunt to Toy and Theroux.  In this email, Hunt forwards the

3    comments and opinions of various Environmental Protection

4    Agency staff members regarding aspects of the draft ANPRM on

5    CAFÉ reform.  This document was partially released.  The

6    agency asserts that any withheld factual material is

7    inextricably intertwined with deliberative opinions.  The

8    Court reviewed the document *in camera* and recommends that the

9    portions of the document that were not already released be

10   found exempt from disclosure because those portions contain

11   pre-decisional and deliberative content and no reasonably

12   segregable factual material.

13

14   Document 296: This document, dated 12/8/03, is an email from

15   Wood to Hunt, Eisner, Theroux, and Petrie.  In this email,

16   with attachment, Wood forwards a draft of a CAFÉ request for

17   technical information related to NHTSA's CAFÉ regulation.  The

18   Court reviewed the document *in camera* and recommends that it

19   be found exempt from disclosure because it is pre-decisional

20   and deliberative and contains no reasonably segregable factual

21   material.

22

23   Document 299: This document, dated 12/11/03, is an email from

24   Toy to Graham forwarding Document 295 (the EPA's comments on

25   the draft ANPRM on CAFÉ reform).  The agency has redacted the

26   EPA's comments, but has otherwise released Document 299 in

27   full.  The Court reviewed the document *in camera* and concludes

28   that for the reasons discussed under Document 295, the agency

properly withheld the redacted portions of the document from
disclosure.  For these reasons, the Court recommends that the
redacted portions of the document be found exempt from
disclosure.

Documents 375, 378: This document, dated 12/11/03, is an email
from Theroux to Graham.  In this email, Theroux relays a
comment from NHTSA regarding a correction to the draft ANPRM.
Document 375 is embedded in Document 378, and has been
redacted.  Otherwise, Document 378 has been released.  The
Court reviewed the documents *in camera* and recommends that
Document 375 (as well as Document 378, to the extent that it
contains the text from Doc. 375) be found exempt from
disclosure because it is pre-decisional and deliberative and
contains no reasonably segregable factual material.

Documents 381, 383, 384:  These documents contain an email
chain, dated 12/17/03.  The original email (Doc. 381) is from
Theroux to Graham, and has been partially released.  The next
email is a response to Doc. 381 from Graham to Theroux, which
has not been released.  The final email is from Theroux to
Toy, in which Theroux forwards Doc. 381 and 383 to Toy.  The
text of the final email (Doc. 384) has been released.  The
redacted portions of the documents discuss whether to make
changes to the CAFÉ ANPRM, and having reviewed the text of the
redacted portions *in camera*, the Court recommends that the
documents be found exempt from disclosure because they are
pre-decisional and deliberative and contain no factually

1    segregable material.

2

3    Document 400: This document, dated 12/17/03, is an email from

4    Graham to Theroux.  The document has been partially released.

5    In the redacted portions of this email, Graham offers his

6    thoughts and comments regarding the December 17,  2003 draft

7    of the CAFÉ ANPRM.  With the exception of Graham's opinions,

8    the email has been disclosed in full.  The Court reviewed the

9    document *in camera* and recommends that the portion of the

10   document that is redacted be withheld because it is pre-

11   decisional and deliberative and contains no factually

12   segregable material.

13

14   Documents 425, 426, 431: These documents, dated 12/18/03,

15   contain an email chain that includes an original email from

16   Hunt to Graham, Theroux, Vandersarl, and Calamas.  In the

17   initial email, Hunt forwards a draft WHHU on CAFÉ.  The

18   attachment is not included in the Documents reviewed by the

19   Court.  This initial email contains no pre-decisional or

20   deliberative information, and the Court recommends that it be

21   released.  The next email, from Vandersarl to Hunt and Theroux

22   poses some recommendations and a question about the draft.

23   The final email from Hunt to Theroux asks, in part, whether

24   Hunt responded to Vandersarl's email.  The Court reviewed

25   these documents *in camera* and concludes that the factual

26   information is reasonably segregable and should therefore be

27   released.  The Court therefore recommends that the documents

28   be produced except for Vandersarl's email to Hunt and Theroux

1  and the second line of Hunt's second email to Theroux, as

2  these portions of the documents contains pre-decisional and

3  deliberative comments.

4

5  Document 596: This document, dated 1/31/04, is an email from

6  Graham to Vandersal.   The email is a one-line email that

7  relates to Vandersarl's 12/18/03 email (contained in Documents

8  426 and 431).   The Court reviewed the document *in camera* and

9  because the Court finds that the email simply requests

10 clarification from Vandersal without revealing any information

11 in the deliberative process, the Court recommends that the

12 document be released.

13

14 Document 599: This document, dated 2/2/04, is an email chain

15 that begins with the text from Document 596, but includes two

16 additional emails, one from Vandersal, which responds to

17 Graham's 1/31/04 request for clarification, and another email

18 that contains Graham's response to Vandersal's email.   The

19 emails concern CAFÉ data that is being prepared to be sent to

20 the WW.   The Court reviewed the document *in camera* and

21 recommends that with the exception of the text that mirrors

22 Document 596, the document be found exempt because it contains

23 pre-decisional and deliberative comments and contains no

24 reasonably segregable factual material.

25

26 Document 607: This document, dated 2/2/04, is an email from

27 Wood to Hunt, and includes a response from Hunt back to Wood.

28 In this email, plus attachment, Hunt provides his comments in

12

1  response to an email regarding NHTSA's significant

2  rulemakings.  The Court reviewed the document *in camera* and

3  recommends that the document be found exempt from disclosure

4  because it contains pre-decisional and deliberative comments

5  and contains no reasonably segregable factual material.

6

7  Document 609: This document, dated 2/3/04, is an email from

8  Feather to Toy in which Feather forwards an email that was

9  originally sent from Green to Maples.  The document includes

10  an attachment.  The substance of the email is in the original

11  email from Green to Maples, which sets forth a list of the

12  documents that are attached to the email.  The email and the

13  documents concern materials related to light-truck CAFÉ

14  standards.  The Court reviewed the document *in camera* and

15  recommends that the email and the attached documents be found

16  exempt from disclosure because the documents contain pre-

17  decisional and deliberative content and no reasonably

18  segregable factual material.

19

20  Document 634: This document, dated 2/3/04, is an email chain.

21  The chain initiates with an email from Graham to Silverberg

22  and contains three other emails wherein Silverberg and Graham

23  respond to one another.  The emails concern a draft of fact

24  sheets on CAFÉ reforms.  The Court reviewed the document *in*

25  *camera* and concludes that the presidential communications

26  privilege applies and recommends that the document be

27  withheld.

28  ///

1    Documents 694, 695, 696: These documents, dated 2/10/04,

2    contain an email chain that begins with an email from Boyd to

3    Graham (Doc. 694).  Although privilege is claimed as to

4    Document 694, the Court notes that the text of Document 694

5    appears to have been released, as the text of that Document

6    appears in full in Document 695, which was redacted in part

7    and released in part.  As to Documents 695 and 696, the Court

8    reviewed the document *in camera* and concludes that the

9    redacted portions of these documents do not reveal any

10   deliberative opinions and the Court therefore recommends that

11   the document should be released, as the information contained

12   therein is merely factual information related to the

13   scheduling of meetings.

14

15   Documents 698, 702: Document 698 is embedded in Document 702.

16   Document 702 is an email chain, dated 2/11/04, with an initial

17   email from Boyd to Graham wherein Boyd asks Graham several

18   questions about NHTSA's CAFÉ regulation and offers her

19   thoughts and opinions on a memo on the CAFÉ regulations that

20   had been circulated.  The next email, from Graham to Boyd,

21   responds to the questions posed by Boyd in Document 698.  The

22   Court reviewed the documents *in camera* and recommends that the

23   documents be found exempt from disclosure because they are

24   pre-decisional and deliberative and contain no reasonably

25   segregable factual information.

26

27   Documents 735, 736, 737: Documents 735 and 736 are embedded in

28   Document 737.  Document 737 is an email chain, dated 3/8/04,

14

1   that begins with an email from Graham to Toy, asking for

2   clarification from Toy about the various options available to

3   firms for them to meet CAFÉ compliance standards (Doc. 735).

4   The next email (Doc. 736) contains a response to Graham's

5   email from Toy and Document 737 completes the email chain with

6   a response from Graham back to Toy.  The Court reviewed the

7   documents *in camera* and recommends that because the

8   information in these documents is pre-decisional and

9   deliberative and contains no reasonably segregable factual

10  information, they be exempt from disclosure.

11

12  <u>Documents 766, 767</u>: Document 766 is embedded in Document 767.

13  Document 767 is an email chain, dated 3/29/04, beginning with

14  Document 766, which is an email from Graham to Calamas.  The

15  chain ends with a response from Calamas to Graham and

16  Hannegan.  The Court reviewed the documents *in camera* and

17  concludes that neither the presidential communications

18  privilege nor the deliberative process privilege have been

19  properly asserted because the emails merely contain logistical

20  information.  Therefore, the Court recommends that the

21  documents be released.

22

23  <u>Document 770</u>: This document, dated 3/30/04, is an email from

24  Theroux to Graham that forwards an email from Weinstein.  The

25  email discusses Weinstein's comments and opinions on an Auto

26  Fuel Economy Power Point presentation.  In this one page

27  email, Theroux both forwards Weinstein's thoughts about the

28  power point, and also includes his own observations about

1   Weinstein's comments.   The Court reviewed the document *in*
2   *camera* and recommends that it be found exempt from disclosure
3   because it is pre-decisional and deliberative and contains no
4   reasonably segregable factual material.

5

6   Documents 784, 789, 791: These documents contain an email
7   chain. Documents 784 and 789 are embedded in Document 791.
8   Document 784, dated 3/31/04, is an email from Graham to Kaplan
9   that discusses the impact of gasoline prices.   Document 789
10  (which embeds Doc. 784), also dated 3/31/04, is an email from
11  Kaplan to Graham, responding to Graham's email (Doc. 784).
12  Document 789 has been released (the portions of Doc. 789 that
13  contain Doc. 784 have been redacted).   Document 791, also
14  dated 3/31/04, is an email from Frankfurt to Calamas.
15  Document 791 has been released, with only the portions of Doc.
16  784 redacted and withheld. The Court reviewed the documents *in*
17  *camera* and recommends that the portions of the documents that
18  were withheld previously be found exempt from disclosure
19  because they are pre-decisional and deliberative and contain
20  no reasonably segregable factual information.

21

22  Document 785, 788, 790, 795, 796, 797, 798, 802, 805, 807,
23  808: These documents contain various iterations of an email
24  chain.  Each email is dated 3/31/04.   The chain begins with
25  Document 785, which is an email from Graham to Silverberg,
26  discussing the impact of gasoline prices.   Document 788 is an
27  email from Connaughton to Silverberg and Graham, responding to
28  Doc. 785 with a follow up question.  Document 790 is an email

from Silverberg to Connaughton, Graham and Hannegan wherein
Silverberg responds to Document 788 and offers a follow up
question.  Document 795 is an email from Hannegan to
Connaughton, Graham, and Silverberg, in which Hannegan
responds to Document 790 by offering his thoughts and comments
about CAFÉ's rulemaking process.  Document 796 is an email
from Connaughton to Graham and Silverberg wherein Connaughton
responds to Document 790 and offers to meet.  Document 797 is
an email from Silverberg to James Connaughton, wherein
Silververg suggests a meeting time.  Document 798 is an email
from Silverberg to Connaughton, Graham, and Hannegan wherein
Silverberg responds to Document 795 by offering her thoughts
and comments about NHTSA's CAFÉ rulemaking and its
relationship to gas prices.  Document 802 responds briefly to
Document 797's request for a meeting.  Document 805 is an
email from Graham to Silverberg, responding to Document 798 by
offering thoughts and opinions on CAFÉ rulemaking.  Document
808 is an email from Calamas to Graham and also concerns
scheduling issues.  The Court reviewed the documents *in camera*
and recommends that Documents 785, 788, 790, 795, 798, and 805
be found exempt from disclosure because they are pre-
decisional and deliberative and contains no reasonably
segregable factual information.  The Court further recommends
that the original text contained in Documents 796, 797, 802,
807, and 808 be released, as the text of those emails contain
only logistical information, but that insofar as those
Documents contain embedded portions of Docs. 785, 788, 790,
795, 798, and 805, those portions of the Documents be left

1   redacted.

2

3   Document 786: This document, dated 3/31/04, is an email from

4   Bowie to Theroux.  In this email, Bowie responds to an email

5   (Document 783, which has been released) and offers his

6   comments and thoughts regarding agency coordination in the

7   context of NHTSA's CAFÉ rulemaking.  The Court reviewed the

8   document *in camera* and recommends that the document be found

9   exempt from disclosure because it is pre-decisional and

10  deliberative and contains no reasonably segregable factual

11  information.

12

13  Document 801, 804: This document, dated 3/31/04, is email

14  chain between Hannegan and Schiff.  In this email chain,

15  Hannegan and Schiff discuss a draft memorandum for a briefing

16  of the President concerning fuel economy.  The Court reviewed

17  the document *in camera* and recommends that the document be

18  found exempt from disclosure due to the presidential

19  communications privilege.  Document 804, also dated 3/31/04,

20  is an email from Dr. Graham to Hannegan, in which Dr. Graham

21  responds to Document 801.  OMB has redacted Document 801 from

22  804, but has otherwise released Document 804 in full.  The

23  Court reviewed the documents *in camera* and recommends that the

24  redacted material be found exempt from disclosure due to the

25  presidential communications privilege.

26

27  Documents 823, 824: This document, dated 4/1/04, is an email

28  from Graham to Silverberg seeking comments on an internal CAFE

1   reform meeting that was held.  Document 824, also dated

2   4/1/04, contains Silverberg's response.  The Court reviewed

3   the documents *in camera* and recommends that the documents be

4   found exempt from disclosure because they are pre-decisional

5   and deliberative and contains no reasonably segregable factual

6   information.

7

8   Document 825, 839, 840: Document 825, dated 4/1/04, is an

9   email from Graham to Hennessey seeking comments on an internal

10  CAFÉ reform meeting that was held.  Document 839, dated

11  4/4/04, is Hennessey's email response to Graham wherein

12  Hennessey responds by offering his observations and opinions

13  on the reform meeting. Document 840, dated 4/4/04, is an email

14  from Graham to Hennessey, giving feedback to Hennessey's

15  observations.  The Court reviewed the documents *in camera* and

16  recommends that the documents be found exempt from disclosure

17  because they are pre-decisional and deliberative and contain

18  no reasonably segregable factual information.

19

20  Document 837, 838: Document 837, dated 4/2/04, is an email

21  from Hannegan to Silverberg.  Document 838, also dated 4/2/04,

22  is an email from Silverberg back to Hannegan.  In these

23  emails, both Silverberg and Hannegan responds to Document 837

24  and offers her own thoughts and opinions regarding CAFÉ

25  rulemaking.  In this email, Hannegan responds to Document 798

26  and offers his thoughts and opinions about CAFE rulemaking in

27  relation to gas prices.

28  ///

1   Document 853: This document, dated 4/15/04, is an email from

2   Graham to Bolton and Kaplan.   In this email, Graham forwards

3   his thoughts and comments about issues that arose in a CAFE

4   briefing with the President regarding advancements in

5   technologies for cars and light trucks.   The Court reviewed

6   the document *in camera* and recommends that the document be

7   found exempt from disclosure because it is pre-decisional and

8   deliberative and contains no reasonably segregable factual

9   information.

10

11  Document 858, 859: This document is an email chain, dated

12  4/21/04, that contains three emails.   The first email is from

13  Hannegan to Connaughton, and has been released.   The next

14  email is from Graham to Hannegan, and the final email is from

15  Hannegan back to Graham. The last two emails have been

16  withheld.   The redacted emails discuss the original email,

17  which contains the text of a published article on evolving

18  emissions standards.   The redacted emails offer comments and

19  observations in response to the article and a question posed

20  by Graham.   Document 859, also dated 4/21/04, is an email from

21  Graham to Toy in which Graham forwards Document 858.   OMB has

22  redacted Document 858 from Document 859 but has otherwise

23  released Document 859 in full.   The Court reviewed the

24  redacted material *in camera* and recommends that the withheld

25  material be found exempt from disclosure because it is pre-

26  decisional and deliberative and contains no reasonably

27  segregable factual information.

28  ///

1                        **EXCHANGE DOCUMENTS**

2   <u>Document 14</u>: This email, dated 12/04/04, is from Toy to

3   Graham.  The only information redacted from the chain consists

4   of personal email addresses and telephone numbers, which were

5   withheld on privacy grounds.  The email also contains an

6   attachment, which was not provided to the Court for review.

7   Accordingly, the Court recommends that the redacted portions

8   of the document be withheld on privacy grounds, but that the

9   remainder of the document, if it has not already been

10  released, be released, as the document only contains factual

11  material.

12

13  <u>Document 22</u>: This email chain, dated 12/20/04-12/22/04, is

14  between Graham and Toy and consists of follow-up questions to

15  Document 21 (not provided for review) regarding CAFE

16  calculations and standards.  The Court reviewed the redacted

17  portions of the document *in camera* and recommends that the

18  redacted portions of the document be found exempt from

19  disclosure because they are pre-decisional and deliberative

20  and contain no reasonably segregable factual material.

21

22  <u>Document 23</u>:  This email chain, dated 12/22/04-12/27/04 is

23  among Theroux, Toy, and Graham.  This chain concerns the

24  agency's thoughts on cost savings from better fuel economy;

25  cost-effectiveness of different kinds of cars; and

26  improvements in performance and safety.  The Court reviewed

27  the redacted portions of the document *in camera* and recommends

28  that the redacted portions of the document be found exempt

                                   21

1  from disclosure because they are pre-decisional and

2  deliberative and contain no reasonably segregable factual

3  material.

4

5  Document 24:  This email chain, dated 12/22/04-12/27/04, is

6  between Graham and Toy.  This chain discusses increase in fuel

7  efficiency and cost-effectiveness of different kinds of cars.

8  The Court reviewed the redacted portions of the document *in*

9  *camera* and recommends that the redacted portions of the

10  document be found exempt from disclosure because they are pre-

11  decisional and deliberative and contain no reasonably

12  segregable factual material.

13

14  Document 55: This email chain, dated 03/02/05, is between

15  Theroux and Hannegan.  This chain discusses approaches on

16  setting CAFE standards made in the context of the development

17  of NHTSA's light truck CAFE rule.  The Court reviewed the

18  redacted portions of the document *in camera* and recommends

19  that the redacted portions of the document be found exempt

20  from disclosure because they are pre-decisional and

21  deliberative and contain no reasonably segregable factual

22  material.

23

24  Document 121:  This email chain, dated 05/13/05, is among

25  Kavanaugh, Graham, Hannegan, and Michel.  In this chain,

26  Kavanaugh asks questions of Graham related to CAFE reform and

27  rulemaking in preparation for a briefing for the President.

28  This email and attachment relate to a memorandum for the

President and his top domestic policy advisors on the subject
of the development of NHTSA's light truck CAFE regulations.
The Court reviewed the documents *in camera* and recommends that
the documents be found exempt from disclosure because they are
pre-decisional and deliberative and contain no reasonably
segregable factual information and because they contain
information provided to the President or his top domestic
advisors at the President's request.

Documents 131-136:  This email chain, dated 05/18/05-05/19/05,
is among Graham, Hannegan, Kaplan, Silverberg, Hennessey, and
Troy.  The chain contains content regarding timing for talking
to interagency deputies and principals regarding the
development of NHTSA's light truck CAFE rule, stringency
levels, and economic/environmental impacts, and a plan for
presenting NHTSA's light truck CAFÉ rule to the President and
his top domestic advisors.  The Court reviewed the documents
*in camera* and recommends that the documents be found exempt
from disclosure because they are pre-decisional and
deliberative and contain no reasonably segregable factual
information and because they contain information provided to
the President or his top domestic advisors at the President's
request.

Document 138: This email chain, dated 05/19/05, is among
Theroux, Toy, Feather, and Green.  The chain discusses changes
in CAFE calculations in the context of NHTSA's proposed CAFE
rulemaking for light trucks and includes attachments (the

attachments were not provided to the Court for review).  The
Court reviewed the document *in camera* and recommends that it
be found exempt from disclosure because it is pre-decisional
and deliberative and contains no reasonably segregable factual
information.

Document 141: This email chain, dated 05/18/05-05/23/05, is
among Hannegan, Connaughton, Silverberg, Kaplan, Hennessey,
and Troy.  This chain discusses timing for conferring with
interagency deputies and principals about the development of
NHTSA's light truck CAFE rule and the plan for presenting it
to the President and his top domestic advisors.  It
specifically outlines time frames for the recipients to turn
in their edits.  This email chain contains reasonably
segregable factual material and the Court therefore recommends
that the portion of the chain discussing time frames for
editing should be disclosed.

Document 150: This email chain, dated 05/26/05, is among
Sharp, Graham, and Calamas.  The email relates to edits made
to a CAFE memo for a meeting (the memo was not provided to the
Court for review).  The Court reviewed the document *in camera*
and recommends that the document be disclosed because it
contains only factual material.

Document 154:  This email chain, dated 05/31/05, is among
Graham, Hannegan, and Connaughton.  The chain discusses an EOP
deputies' meeting on the subject of the development of NHTSA's

light truck CAFE rule.  It outlines views of administrative

reform held by the recipients of the email chain.  The Court

reviewed the document *in camera* and recommends that it be

found exempt from disclosure because it is pre-decisional and

deliberative and contains no reasonably segregable factual

information.


Document 158: This email, dated 06/02/05, is from Graham to

Hennessey, Kaplan, and Troy and discusses the pros and cons

for approaches to size-based CAFE reforms.  The Court reviewed

the document *in camera* and recommends that it be found exempt

from disclosure because it is pre-decisional and deliberative

and contains no reasonably segregable factual information and

because the document contains information conveyed to the

President or his immediate advisors at the President's

request.


Document 159:  This email, dated 06/02/05, is from Graham to

O'Donovan, Kaplan, and Troy.  The email discusses the issue of

how size-based CAFE reform should be decided.  The Court

reviewed the document *in camera* and recommends that it be

found exempt from disclosure because it is pre-decisional and

deliberative and contains no reasonably segregable factual

information and because the document contains information

conveyed to the President or his immediate advisors at the

President's request.

///

///

1    <u>Document 161</u>:  This email chain, dated 06/02/05, is between

2    Hannegan and Graham.   The chain relates to SAP's proposed

3    language for the "quasi-CAFE" provision and includes the

4    proposed language.   The Court reviewed the document *in camera*

5    and recommends that it be found exempt from disclosure because

6    it is pre-decisional and deliberative and contains no

7    reasonably segregable factual information and because the

8    document contains information conveyed to the President or his

9    immediate advisors at the President's request.

10

11   <u>Document 163</u>: This email, dated 06/06/05, is from Hannegan to

12   Sykes.  The email attaches a revised draft memorandum for

13   senior domestic policy advisors to the President on the

14   subject of the development of NHTSA's light truck CAFE rule

15   (but the attachment itself was not provided to the Court for

16   review).  The Court reviewed the document *in camera* and

17   recommends that it be found exempt from disclosure because it

18   is pre-decisional and deliberative and contains no reasonably

19   segregable factual information and because the document

20   contains information conveyed to the President or his

21   immediate advisors at the President's request.

22

23   <u>Document 164</u>:  This email chain, dated 06/05/05-06/06/05, is

24   among Hannegan, Sykes, Troy, Sharp, Hook, O'Donovan, and

25   Branch.  This chain discusses time availability to meet about

26   a draft memorandum on CAFE reform and fuel economy standards.

27   The memorandum was attached to the email and was provided to

28   the Court for review.  The Court reviewed the document (and

attached memorandum) *in camera* and recommends that it be found exempt from disclosure because it is pre-decisional and deliberative; however, scheduling information in the email chain should be disclosed because it is reasonably segregable factual material.

Document 172: This email, dated 06/07/05, is from Graham to Kaplan and Branch.  The email provides comments regarding a meeting with senior domestic policy advisors to the President on the subject of the development of NHTSA's light truck CAFE rule in the context of fuel prices.  The Court reviewed the document *in camera* and recommends that it be found exempt from disclosure because it is pre-decisional and deliberative and contains no reasonably segregable factual information and because the document contains information conveyed to the President or his immediate advisors at the President's request.

Document 173:  This email chain, dated 06/07/05, is among Graham, Troy, Sharp, Hook, Hennessey, Hannegan, Martin, Perino, Marron, Kelley, Badger, McGrath, and Sykes.  This email chain concerns a deputies' meeting on CAFE reform and discusses options for gauging support of the reforms.  The Court reviewed the document *in camera* and recommends that it be found exempt from disclosure because it is pre-decisional and deliberative and contains no reasonably segregable factual information and because the document contains information conveyed to the President or his immediate advisors at the

1    President's request.

2

3    Document 180:  This email chain, dated 06/08/05-06/09/05, is

4    among Hook, Troy, Graham, Kaplan, and Calamas.  This chain

5    concerns scheduling a Principals' meeting on CAFE reform.  The

6    document also includes an attachment, which is a June 16 draft

7    memorandum from Hannigan to the White House that explores

8    proposals to amend CAFE.  The Court reviewed the document *in*

9    *camera* and finds that the email chain contains reasonably

10   segregable factual material.  The Court therefore recommends

11   that the portions of the chain discussing scheduling

12   information should be disclosed but that the email chain and

13   attachment otherwise be found exempt from disclosure because

14   they are pre-decisional and deliberative and because the

15   documents contain information conveyed to the President or his

16   immediate advisors at the President's request.

17

18   Document 181:  This email chain, dated 06/09/05, is between

19   Graham, Troy, Sharp, McGrath, Connaughton, Martin, Marron,

20   Hennessey, Badger, and Hutto.  The email discusses the costs

21   of the existing DOT CAFE program and options that the

22   Secretary proposed to the Principals in a previous meeting

23   concerning costs.  The email also includes the June 16 draft

24   memorandum for DPC Principals (contained in Doc. 180).  The

25   Court reviewed the document *in camera* and recommends that it

26   be found exempt from disclosure because it is pre-decisional

27   and deliberative and contains no reasonably segregable factual

28   information and because the document contains information

1    conveyed to the President or his immediate advisors at the

2    President's request.

3

4    Document 187:  This email chain, dated 06/08/05-06/16/05, is

5    among Graham, Branch, Denise Sick, Cushman, Sykes, Cauthen,

6    Hannegan, Taylor Hughes, Jeremy Katz, Lee Simmons, Ritacco,

7    Aimee Violette, Carmen Ingwell, Williams, Heather Roebke,

8    Lindley Kratovil, Christian Woelk, Calamas, Sharp, Rice, Karla

9    Carnemark, Jessica Bennett, and Hook.  This email chain

10   relates to scheduling the DPC meeting on CAFE and includes the

11   June 16 draft memorandum for DPC Principals (included in Doc.

12   180).  The Court reviewed the document *in camera* and

13   recommends that, as stated above, the memorandum be found

14   exempt from disclosure because it contains information

15   conveyed to the President or his immediate advisors at the

16   President's request, and that the email chain also be found

17   exempt from disclosure because it is pre-decisional and

18   deliberative and contains no reasonably segregable factual

19   information, except for scheduling information, which should

20   be disclosed.

21

22   Document 188:  This email chain, dated 06/16/2005, is among

23   Graham, Sharp, Hannegan, and Troy.  This email chain relates

24   to the preparation of briefing materials for a presentation

25   for the President's most senior domestic policy advisors on

26   the subject of the development of NHTSA's light truck CAFE

27   rule.  There is an attachment referenced in the text of the

28   emails, but it was not provided for review.  The Court

29

1    reviewed the document *in camera* and recommends that the email
2    be disclosed because all it contains is logistical
3    information.

4

5    Document 189: This email, dated 06/16/05, is from Hannegan to
6    Sharp and Graham.  The body of the email contains a revised
7    draft of the June 16 Memorandum for DPC Principals (see Doc.
8    180) and relates to DOT's CAFE reform proposal.  The Court
9    reviewed the document *in camera* and recommends that it be
10   found exempt from disclosure because it is pre-decisional and
11   deliberative and contains no reasonably segregable factual
12   information and because the document contains information
13   conveyed to the President or his immediate advisors at the
14   President's request.

15

16   Document 192:  The email chain, dated 06/17/05-06/20/05, is
17   among Marron, Graham, Hannegan, Hennessey, Hutto, McGrath,
18   Sharp, Kelley, Troy, Badger, Martin, and Perino.  The email
19   chain has been partially released.  The redacted portions of
20   the chain discuss options for reforming CAFE.  The Court
21   reviewed the document *in camera* and recommends that it be
22   found exempt from disclosure because it is pre-decisional and
23   deliberative and contains no reasonably segregable factual
24   material.

25

26   Document 194: This email chain, dated 06/16/050-06/21/05, is
27   among Graham, Hannegan, and Troy.  The chain comments on a
28   revised draft of the CAFE Principals' memorandum and includes

a draft of the June 16 memorandum.  The Court reviewed the
document *in camera* and recommends that it be found exempt from
disclosure because it is pre-decisional and deliberative and
contains no reasonably segregable factual information and
because the document contains information conveyed to the
President or his immediate advisors at the President's
request.

Document 195:  This email chain, dated 06/21/05, is among
Graham, Hannegan, Silverberg, Troy, McGrath, and Connaughton.
The email chain discusses reaching consensus on CAFE reform, a
four-year time horizon, and suggests various proposals.  The
Court reviewed the document *in camera* and recommends that it
be found exempt from disclosure because it is pre-decisional
and deliberative and contains no reasonably segregable factual
information and because the document contains information
conveyed to the President or his immediate advisors at the
President's request.

Document 215:  This email chain, dated 06/22/05, is among
Graham, Troy, and McGrath.  This email chain discusses policy
options for CAFE in the context of gas prices.  The Court
reviewed the document *in camera* and recommends that it be
found exempt from disclosure because it is pre-decisional and
deliberative and because the document contains information
conveyed to the President or his immediate advisors at the
President's request; however, the mileage data for the four
manufacturers is reasonably segregable factual information,

1    which should disclosed.

2

3    Document 229: This email chain, dated 06/23/05, is among

4    Graham, Marron, and Hannegan.  This chain discusses the

5    difference between "range" and "no range" as well as an

6    opinion on the state of the industry.  The Court reviewed the

7    document *in camera* and recommends that it be found exempt from

8    disclosure because it is pre-decisional and deliberative and

9    contains no reasonably segregable factual.

10

11   Document 234: This email chain, dated 06/22/05-06/23/05, is

12   among Hannegan, Graham, Theroux, Toy, and Haxthausen.  The

13   document has been partially released.  The redacted portion

14   discusses Hannegan's thoughts about the merits of certain

15   points in a white paper submitted by Environmental Defense and

16   made in the context of the development of NHTSA's light truck

17   CAFE rule.  The Court reviewed the redacted portions of the

18   document *in camera* and recommends that the redacted portion be

19   found exempt from disclosure because it is pre-decisional and

20   deliberative and contains no reasonably segregable factual

21   material.

22

23   Document 296:  This email chain, dated 06/27/05-06/28/05, is

24   between Graham and Toy.  The redacted portions of this chain

25   discuss the issue of upsizing in the context of the

26   development of NHTSA's proposed CAFE rulemaking for light

27   trucks and consumer demand.  The Court reviewed the document

28   *in camera* and recommends that it be found exempt from

disclosure because it is pre-decisional and deliberative and contains no reasonably segregable factual material, except for paragraph (1) of the June 26, 2005 email from Toy to Graham, which is logistical scheduling information.

Document 305: This email chain, dated 06/29/05, is among Kaplan, Graham, McGrath, Hennessey, Marron, Hannegan, Connaughton, Troy, and Silverberg.  The emails discuss how current events would effect the CAFE policies and how members of the email chain think CAFE standards should be set for 2008-2011.  The Court reviewed the document *in camera* and recommends that it be found exempt from disclosure because it is pre-decisional and deliberative and contains no reasonably segregable factual material, except for the first half of Graham's June 29, 2005 email, which contains factual information from newspapers disclosed as part of Document 315.

Document 306: This email chain, dated 06/29/05, is among Marron, Hennessey, Graham, McGrath, Hannegan, Connaughton, Troy, and Silverberg.  The emails discuss how current events would effect the CAFE policies and what the purpose of CAFE should be regarding negative externalities.  The Court reviewed the document *in camera* and recommends that it be found exempt from disclosure because it is pre-decisional and deliberative and contains no reasonably segregable, except for the first half of Graham's June 29, 2005 email, which contains factual information from newspapers disclosed as part of Document 315.

33

1   Document 308:  This email chain, dated 06/29/05, is between

2   Theroux and Feather.  The emails discuss technologies and the

3   percent of each manufacturers' fleet that complies with the

4   NHTSA standard.  The Court reviewed the document *in camera* and

5   recommends that it be found exempt from disclosure because it

6   is pre-decisional and deliberative and contains no reasonably

7   segregable factual.

8

9   Documents 309, 310:  This email chain, dated 06/29/05, is

10  among Theroux, Feather, Glassman, Calamita, and Wood.  This

11  chain discusses technology net social benefits and how to set

12  unreformed CAFE standards. Document 309 is embedded in

13  Document 310 and is redacted, but Document 310 has otherwise

14  been released.  The Court reviewed the document *in camera* and

15  recommends that it be found exempt from disclosure because it

16  is pre-decisional and deliberative and contains no reasonably

17  segregable factual.

18

19  Document 315:  This email chain, dated 06/30/05-07/01/05, is

20  among Theroux, Neyland, Graham, Connaughton, Marron, McGrath,

21  Hennessey, Hannegan, Troy, and Silverberg.  This chain

22  discusses what effects CAFE would have on gasoline prices and

23  oil consumption. The Court reviewed the document *in camera* and

24  recommends that it be found exempt from disclosure because it

25  is pre-decisional and deliberative and contains no reasonably

26  segregable factual.

27  ///

28  ///

34

1    Document 319:  This email, dated 07/05/05-07/07/05, is from

2    McGrath to Graham.   The email analyzes GM's financial

3    situation in the context of discussions about CAFE rulemaking.

4    The Court reviewed the document *in camera* and recommends that

5    it be found exempt from disclosure because it is pre-

6    decisional and deliberative and contains no reasonably

7    segregable factual.

8

9    Document 330: This email, dated 07/05/05, is from McGrath to

10   Graham.  The email transmits Document 319 to Graham.  The

11   portion that is document 319 is exempt from disclosure; the

12   remainder should be disclosed because it is logistical

13   information that is neither pre-decisional nor deliberative.

14

15   Documents 348-352:  These are a series of email chains which

16   discuss answers to the questions posed by Graham in Document

17   353. The Court reviewed the documents *in camera* and recommends

18   that it be found exempt from disclosure because it is pre-

19   decisional and deliberative and contains no reasonably

20   segregable factual.

21

22   Document 353:  In an email to Theroux and Toy, dated July 11,

23   2005, Graham questioned some statistical date about GM and

24   Ford's fuel efficiency.  The Court reviewed the document *in

25   camera* and recommends that it be found exempt from disclosure

26   because it is pre-decisional and deliberative and contains no

27   reasonably segregable factual.

28   ///

1    Document 354: This email chain, dated 07/08/05-07/11/05, is

2    among Knuffman, Graham, Morrall, Theroux, Hunt, Mancini and

3    Toy.  The emails exchange opinions on statistical data for a

4    certain car manufacturer in the context of CAFE standards.

5    The Court reviewed the document *in camera* and recommends that

6    it be found exempt from disclosure because it is pre-

7    decisional and deliberative and contains no reasonably

8    segregable factual.

9

10   Documents 355, 356, 363, 364, 365: This email chain, dated

11   07/11/05, is among Kratzke, Abraham, Katz, Dominic Mancini,

12   Graham, Theroux, Feather, Petrie, Toy, Hunt, and Wood.  Most

13   of the documents have been released.  The agency has withheld

14   email addresses and personal phone numbers on the ground of

15   privacy.  The other redacted portions discuss statistical data

16   from 2002-2004, concerning various automakers and whether they

17   are in CAFE compliance.  Questions are posed about whether the

18   data is correct, and the data is eventually explained and

19   corrected.  The Court reviewed the document *in camera* and

20   recommends that it be found exempt from disclosure because it

21   is pre-decisional and deliberative and contains no reasonably

22   segregable factual material.

23

24   Document 368: This email chain, dated 07/14/05, is among

25   Graham, Knepper, and Connaughton.  The email has been

26   partially released.  The redacted portion discusses the policy

27   rationale of CAFE in relation to carbon intensity.  The Court

28   reviewed the document *in camera* and recommends that it be

1  found exempt from disclosure because it is pre-decisional and
2  deliberative and contains no reasonably segregable factual
3  material.

4

5  Documents 372, 375: In this email, dated 07/14/05, Graham,
6  Hannegan and Connaughton discuss NHTSA's final CAFE rule for
7  model years 2005-2007 regarding NHTSA's treatment of
8  greenhouse gases.  Document 375, also dated 07/14/05, contains
9  Graham forwarded this discussion to Knepper and Noe.  The
10 Court reviewed the document *in camera* and recommends that it
11 be found exempt from disclosure because it is pre-decisional
12 and deliberative and contains no reasonably segregable factual
13 material.

14

15 Documents 373, 374: In these emails, dated 07/14/05, Graham,
16 Hannegan, and Knuffman discuss whether the RIA mentions or
17 contains sections dealing with greenhouse gases or climate
18 change issues.  The Court reviewed the documents *in camera* and
19 recommends that they be released because they contain only
20 factual information.

21

22 Documents 376-379, 381, 384: This email chain, dated 07/14/05,
23 is among Graham, Hunt, Knuffman, Theroux, Toy, Hannegan,
24 Morrall, and Connaughton.  Document 376, which is an email
25 from Graham to Knuffman, Theroux, Toy, and Hannegan is
26 consistently redacted throughout Documents 374, 377-379, 381,
27 and 384 but otherwise, the documents have been released in
28 full.  Document 376 provides Graham's opinion of where

37

greenhouse gases, carbon emissions, and issues about climate change are mentioned in the text of the RIA.  Document 381 also redacts a comment made by Hannegan pertaining to his thoughts on the agency's position on these issues.  The Court reviewed the documents *in camera* and recommends that the redacted portions be released because they contain purely factual material, except for the last sentence of Document 376, which is deliberative and pre-decisional.

Document 383: This email, dated 07/14/05, is from Graham to Theroux.  The email has been partially released.  In the redacted portion, Theroux answers the question posed by Graham (that text has been released), explaining the context of an inter-agency disagreement.  The Court reviewed the document *in camera* and recommends that it be found exempt from disclosure because it is pre-decisional and deliberative and contains no reasonably segregable factual material.

Documents 385, 392: This email chain, dated 07/14/05-07/15/05, is among Graham, Calamas, Toy, Theroux, Mancini, Knuffman, Hannegan, Knepper, and Hunt.  The emails make suggestions on the draft of CAFE RIA by proposing edits and rewrites to the draft, including how to emphasize certain key points. Document 385 is embedded in Document 392, and has been redacted.  Document 392 has otherwise been fully released. The Court reviewed the document *in camera* and recommends that it be found exempt from disclosure because it is pre-decisional and deliberative and contains no reasonably

1    segregable factual material.

2

3    <u>Documents 389-391</u>: This email chain, dated 07/20/05, is among

4    Morrall, Knuffman, Toy, Hunt, Mancini, and Wood.  The emails

5    discuss opinions and rewrites on sections of the NPRM and PRIA

6    related to CAFE rulemaking.  The Court reviewed the documents

7    *in camera* and recommends that the documents be found exempt

8    from disclosure because they are pre-decisional and

9    deliberative and contain no reasonably segregable factual

10   material.

11

12   <u>Documents 395, 396, 397, 399</u>: This is an email chain, dated

13   07/22/05-07/26/05, among Graham, Calamas, Toy, Knuffman,

14   Mancini, Morrall, and Hunt, wherein Toy sends emails

15   discussing NHTSA's formal submittal and what edits NHTSA staff

16   did not include in the final submitted version.  The Court

17   reviewed the documents *in camera* and recommends that the

18   documents be found exempt from disclosure because they are

19   pre-decisional and deliberative and contain no reasonably

20   segregable factual material.

21

22   <u>Document 398</u>: This is an email chain, dated 07/22/05-07/26/05,

23   among Graham, Knepper, Hannegan, Newell, Conover, Burnett, and

24   Toy.  The documents have been partially released; however, the

25   agency has withheld email addresses and phone numbers on the

26   ground of privacy.  The portion of the email that has been

27   withheld discusses thoughts on why the CAFE reform package was

28   structured in a particular manner.  The Court reviewed the

document *in camera* and recommends that the document be found exempt from disclosure because it is pre-decisional and deliberative and contains no reasonably segregable factual material.

Document 410: This is an email chain, dated 07/29/05-08/01/05, among Graham, Newell, and Toy.  The email forwards attachments (not included in Document 410) and a thank-you is sent by the receiver of the documents.  The content of the emails is logistical, not deliberative.  The Court reviewed the document *in camera* and recommends that the document be disclosed because it contains no deliberative or pre-decisional content.

Document 411: In an email chain dated 07/29/05-08/01/05, Theroux, Newell, and Toy.  The email forwards attachments (not included in Document 411) and a thank-you is sent by the receiver of the documents.  The content of the emails is logistical, not deliberative.  The Court reviewed the document *in camera* and recommends that the document be disclosed because it contains no deliberative or pre-decisional content.

Document 424: This email, dated 08/05/05, sent from Toy to Abraham forwards attachments (not included in Document 424) and requests to speak about the attachments at a later date. The content of the emails is logistical, not deliberative. The Court reviewed the document *in camera* and recommends that the document be disclosed because it contains no deliberative or pre-decisional content.

1    <u>Documents 426, 428, 429</u>: This email chain, dated 08/08/05-

2    08/09/05, is among Newell, Feather, Pickrell, Abraham, Green,

3    Theroux, and Toy.  The agency is withholding phone numbers on

4    the grounds of privacy.  The other portions of the documents

5    that have been withheld discuss CAFE discounting in the

6    context of auto financing.  The Court reviewed the documents

7    *in camera* and recommends that the documents be found exempt

8    from disclosure because they are pre-decisional and

9    deliberative and contain no reasonably segregable factual

10   material.

11

12   <u>Document 427</u>: This email chain, dated 08/08/05, is among

13   Newell, Toy, Graham and Theroux, and discusses the CAFE-Volpe

14   Model peer reviews, providing thoughts and comments about

15   specific statements contained in those reviews.  The Court

16   reviewed the documents *in camera* and recommends that the

17   documents be found exempt from disclosure because they are

18   pre-decisional and deliberative and contain no reasonably

19   segregable factual material.

20

21   <u>Document 434</u>: This email, dated 08/10/05, is from Blincoe to

22   Toy.  The 8/10 email has been fully disclosed, however, the

23   document also contains an email, sent on 07/22/05 from Blincoe

24   to Toy, which has been redacted and withheld.  The redacted

25   portion sets forth Blincoe's opinions on single and multiple-

26   vehicle crashes in the context of CAFE analysis.  The Court

27   reviewed the document *in camera* and recommends that the

28   document be found exempt from disclosure because it is pre-

41

decisional and deliberative and contain no reasonably

segregable factual material.

Document 441: This email chain, dated 08/12/05, is among
Feather, Toy, Simons, and Abraham.  The emails send drafts of
CAFE PRIA, which were not submitted for *in camera* review, and
discuss the changes in the drafts.  The Court reviewed this
email chain *in camera* and recommends it be disclosed since the
information is factual.

Documents 442, 443: This email chain, dated 08/12/05, is among
Toy, Calamas, Hannegan, Newell, Feather, and Theroux.  The
emails forward drafts of CAFE uncertainty analysis, which were
not submitted for *in camera* review.  The content of the emails
is logistical, not deliberative.  The Court reviewed the
emails *in camera* and recommends that they be disclosed because
they contain no deliberative or pre-decisional content.

Document 444: In an email chain dated 08/12/05, Toy,
Hannegan, Newell, Burnett, Conover, Bowers, Feather and
Theroux discussed the changes in the drafts of CAFE.  The
drafts were not submitted for *in camera* review.  The agency
asserts that the document contains intra-agency/inter-agency
pre-decisional, deliberative communications.  However, the
Court reviewed the email chain *in camera* and recommends that
it be disclosed because it does not contain deliberative
content.

*///*

1    Document 445: This email chain, dated 08/12/05, is among

2    Calamas, Toy, Feather, Simons, and Abraham.  The emails

3    circulate NHTSA's drafts of CAFE PRIA, but do not discuss the

4    substance of the drafts.  The Court reviewed the document *in*

5    *camera* and recommends that the document be disclosed because

6    it contains no deliberative or pre-decisional content.

7

8    Document 449: This email chain, dated 08/12/05-08/15/05, is

9    among Toy, Hannegan, Newell, Simons, Abraham, Feather, and

10   Theroux. The emails circulate NHTSA's drafts of CAFE PRIA, but

11   do not discuss the substance of the drafts.  The Court

12   reviewed the document *in camera* and recommends that the

13   document be disclosed because it contains no deliberative or

14   pre-decisional content.

15

16   Document 455: This email, dated 08/17/05, was sent by Toy

17   Arbuckle.  In the email, Toy forwards a draft of the CAFE

18   reform, but does not discuss the draft.  The Court reviewed

19   the document *in camera* and recommends that the document be

20   disclosed because it contains no deliberative or pre-

21   decisional content.

22

23   Document 463: This email, dated 08/18/05, is from Newell to

24   Toy.  The email discusses whether NHSTA should adjust

25   assumptions in some of its price models as they relate to CAFE

26   reform.  The Court reviewed the document *in camera* and

27   recommends that the document be found exempt from disclosure

28   because it is pre-decisional and deliberative and contains no

1   reasonably segregable factual material.

2

3   Document 485: This email chain, dated 08/18/05-08/19/05, is

4   among Toy, Feather, Simons, Abraham, Theroux, Wood, Calamita

5   and George Feygin.  The emails forward a draft version of CAFÉ

6   PRIA and briefly discuss the difference between the sent draft

7   and an earlier draft.  The Court reviewed the document *in*

8   *camera* and recommends that the document be disclosed because

9   it contains no deliberative content.

10

11  Document 486: This email chain, dated 07/29/05-08/19/05, is

12  among Toy, Theroux, and Newell.  The email forwards a draft of

13  the CAFÉ preamble and other documents (not included for

14  review).  The Court reviewed the document *in camera* and

15  recommends that the document be disclosed because it contains

16  no deliberative content.

17

18  Document 513: This email chain, dated 08/18/05-08/19/05, is

19  among Simons, Toy, Theroux, Feather, Abraham, Wood, Calamita,

20  and George Feygin.  The emails have been partially released.

21  The redacted portions of the emails suggest edits and rewrites

22  to specific sections of the CAFÉ regulations.  The Court

23  reviewed the document *in camera* and recommends that the

24  redacted portions of the document be found exempt from

25  disclosure because they are pre-decisional and deliberative

26  and contain no reasonably segregable factual material.

27  ///

28  ///

1    Document 518: This email, dated 08/22/05, was sent by Wood to

2    Toy, Theroux, Glassman, Rosen, and Runge.  In the email, Wood

3    sends copies of a draft of the CAFÉ regulations and of the EA

4    (the attachments were not provided for review).  With the

5    exception of the personal email address of Wood, which the

6    agency has withheld on privacy grounds, the email has been

7    released.  The email does not contain any deliberative

8    content, as the drafts themselves were not attached to

9    Document 518.

10

11   Documents 519, 521: This email chain, dated 08/23/05, is among

12   Branch, Graham, and Harrington.  In this email, Harrington

13   forwards a CAFÉ power point presentation.  The emails have

14   been partially released.  The redacted portions of the emails

15   discuss whether to forward the presentation to other

16   individuals or agencies.  Document 521 has been partially

17   released, but has redacted the embedded portion of Document

18   519 that is contained within the chain.  The Court reviewed

19   the documents *in camera* and recommends that the redacted

20   portions of the document be found exempt from disclosure

21   because they are pre-decisional and deliberative and contain

22   no reasonably segregable factual material.

23

24   Documents 529, 530:  This email chain, dated 08/24/05, is from

25   Newell to Graham and Toy.  The email discusses the rulemaking

26   preamble for CAFÉ model years 2008-2011 and includes an

27   excerpt from the CAFÉ preamble found on the NHTSA website.

28   Document 530 contains Document 529 (redacted) as well as some

                                  45

1    additional comments by Toy (related to the text of the
2    preamble), which have also been redacted.  The Court reviewed
3    the documents *in camera* and recommends that the redacted
4    portions of the document be found exempt from disclosure
5    because they are pre-decisional and deliberative and contain
6    no reasonably segregable factual material; however, the Court
7    recommends that the excerpt from the NHTSA website in Newell's
8    August 24 email be disclosed, as it contains factual material.
9
10   Document 531: This email chain, dated 08/25/05, is among
11   Graham, Newell, Bolten, and Kaplan.  The email discusses
12   specific stakeholder reactions to DOT's CAFÉ reform plan and
13   whether those entities are supportive of the plan or likely to
14   oppose it.  The Court reviewed the document *in camera* and
15   recommends that the redacted portions of the document be found
16   exempt from disclosure because they are pre-decisional and
17   deliberative and contain no reasonably segregable factual
18   material.
19
20   Document 537:  This email chain, dated 08/31/05, is among
21   Graham, Newell, and Toy.  This document has been partially
22   released.  The redacted portion of the document contain's
23   Toy's reactions to how NHTSA has responded to peer reviews of
24   CAFÉ and issues that NHTSA should consider addressing as per
25   the peer review feedback.  The Court reviewed the document *in*
26   *camera* and recommends that the redacted portions of the
27   document be found exempt from disclosure because they are pre-
28   decisional and deliberative and contain no reasonably

1   segregable factual material.

2

3   Document 542:  This email, dated 09/20/05, is among Graham,

4   Newell, Theroux, and Toy.  The withheld email is from Newell,

5   wherein Newell discusses an error contained in an assessment

6   of consumer CAFÉ benefits and what is being done to correct

7   that error.  The Court reviewed the document *in camera* and

8   recommends that the document be found exempt from disclosure

9   because it is pre-decisional and deliberative and contains no

10  reasonably segregable factual material.

11

12  Document 543: This email, dated 09/20/05, is among Theroux,

13  Anderson, Graham, Newell, Toy, and Branch.  The email has been

14  partially released.  Some personal email addresses and phone

15  numbers have been withheld on privacy grounds.  The other

16  redacted portion of the email discusses modeling

17  miscalculations concerning the rulemaking for light trucks and

18  identifies the potential miscalculation.  The Court reviewed

19  the document *in camera* and recommends that the redacted

20  portions of the document be found exempt from disclosure

21  because they are pre-decisional and deliberative and contains

22  no reasonably segregable factual material, except for the last

23  paragraph of Anderson's September 20, 2005 email, which

24  contains only logistical information not subject to exemption.

25

26  Document 544:  This email, dated 09/22/05, is among Graham,

27  Newell, Toy, Theroux, and Branch.  The email has been

28  partially released. The redacted portion of the email

discusses the schedule for release of 2005 energy statistics
and EIA gas-price projections, and comments on the projections
in the context of NHSTA CAFÉ rulemaking.  The Court reviewed
the document *in camera* and recommends that the document be
found exempt from disclosure because it is pre-decisional and
deliberative and contains no reasonably segregable factual
material.

Document 547:  This email chain, dated 08/29/05-09/26/05, is
between Graham and Toy.  The document has been partially
released.  Only a small portion of the document has been
withheld.  The redacted portion is a question that Graham
poses to Toy concerning the effect of the tax-credit
provisions for fuel-efficient vehicles and CAFÉ rulemaking.
The Court reviewed the document *in camera* and recommends that
the redacted portion of the document be found exempt from
disclosure because it is pre-decisional and deliberative and
contains no reasonably segregable factual material.

Document 549:  This email chain, dated 08/31/05-09/27/05, is
among Calamas, Toy, and Dr. Crandall.  This email chain
discusses the CAFÉ reform package and with the exception of a
personal telephone line extension, withheld on privacy
grounds, the document appears to have been released in full.
The document contains no pre-decisional or deliberative
content.

///

///

48

1    Document 553:  This email chain, dated 09/30/05-10/03/05, is

2    among Graham, Toy, Hannegan, Connaughton, and Hennessey.  This

3    chain concerns reactions and possible edits to an interim

4    report on energy policy and motor vehicle fuel economy.  In

5    the emails, the positives and negatives of various policy

6    options are discussed.  The Court reviewed the document *in*

7    *camera* and recommends that the redacted portions of the

8    document be found exempt from disclosure because they are pre-

9    decisional and deliberative and contain no reasonably

10   segregable factual material.

11

12   Document 554:  This email, dated 10/03/05, is from Pickrell to

13   Toy.  The email attaches a document (not included for review)

14   and notes a potential inconsistency to be reviewed.  The Court

15   reviewed the document *in camera* and recommends that the

16   redacted portion of the document be found exempt from

17   disclosure because it is pre-decisional and deliberative and

18   contains no reasonably segregable factual material.

19

20   Document 555: This email, dated 10/04/05, is from Newell to

21   Graham.  In the email, Newell seeks Graham's personal opinion

22   regarding NEC's views on CAFÉ.  The Court reviewed the

23   document *in camera* and recommends that the redacted portion of

24   the document be found exempt from disclosure because it is

25   pre-decisional and deliberative and contains no reasonably

26   segregable factual material.

27   ///

28   ///

49

1    Document 556: This email, dated 10/04/05, is from Toy to

2    Graham. The email includes a table that lists calculations of

3    gas savings from 2005-present and estimations for 2008-2011.

4    The Court reviewed the document *in camera* and recommends that

5    the redacted portion of the document be found exempt from

6    disclosure because it is pre-decisional and deliberative and

7    contains no reasonably segregable factual material.

8

9    Documents 557, 558, 559: This email chain, dated 10/11/05, is

10   among Branch, Graham, Noe, and Hannegan. The emails circulate

11   a draft of a Deputies Memo that concerns improving fuel

12   economy. The Court reviewed the document *in camera* and

13   recommends that the text of the memo, contained in Graham's

14   October 11, 2005 email, be found exempt from disclosure

15   because it is pre-decisional and deliberative and contains no

16   reasonably segregable factual material. The Court further

17   recommends, however, that the other emails that merely request

18   comments and direct people to edits be released, as those

19   emails do not contain pre-decisional or deliberative content.

20

21   Documents 564, 565: This email chain, dated 10/19/05-

22   10/20/05, is between Newell and Graham. This chain discusses

23   a possible omitted CAFÉ cost and economic discount rates and

24   how they effect various projections and models. The Court

25   reviewed the documents *in camera* and recommends that the

26   redacted portions of the documents be found exempt from

27   disclosure because they are pre-decisional and deliberative

28   and contains no reasonably segregable factual material.

1    <u>Documents 572, 576</u>:  These email chains, dated 10/27/05-

2    10/28/05, are among Theroux, Feather, Toy, Abraham, Newell,

3    Calamas and Graham.  This chain forwards a JEEM paper on CAFÉ,

4    which was not submitted for *in camera* review.  The agency has

5    withheld a personal phone number on privacy grounds.  The

6    Court reviewed the document *in camera* and recommends that,

7    with the exception of the redacted telephone number, the

8    document be disclosed because it contains no deliberative or

9    pre-decisional content.

10

11   <u>Document 578</u>: This email chain, dated 10/30/05-10/31/05, is

12   between Newell and Graham.  This chain concerns problems with

13   a handout that was distributed regarding CAFÉ.  The Court

14   reviewed the redacted portion of the document *in camera* and

15   recommends that the redacted portions of the document be found

16   exempt from disclosure because they are pre-decisional and

17   deliberative and contains no reasonably segregable factual

18   material.

19

20   <u>Document 579</u>:  This email, dated 11/01/05, is from Connaughton

21   to Rove, Gerson, Hubbard, and Bernanke.  In this email,

22   Connaughton corrects a misimpression on the CAFÉ Feebate

23   program and how the program effects rural light truck drivers.

24   The Court reviewed the document *in camera* and recommends that

25   it be found exempt from disclosure because it is pre-

26   decisional and deliberative and contains no reasonably

27   segregable factual information and because the document

28   contains information conveyed to the President or his

1   immediate advisors at the President's request.

2

3   Document 581: This email chain, dated 10/27/05-11/01/05, is

4   among Graham, Toy, and Newell.  This email chain forwards an

5   attached CAFÉ Reform document (the attachment was not included

6   for review).  The Court reviewed the document *in camera* and

7   recommends that the document be disclosed because it contains

8   no deliberative or pre-decisional content.

9

10  Documents 582, 583: This email chain, dated 11/03/05, is from

11  Branch to Graham and Toy.  The email attaches a draft of a

12  summary of CAFÉ talking points to pass on to the Vice

13  President and asks for responsive updates.  The attachment was

14  not included for review by the Court.  The Court reviewed the

15  documents *in camera* and recommends that they be found exempt

16  from disclosure because they are pre-decisional and

17  deliberative and contain no reasonably segregable factual

18  information and because the documents contain information

19  conveyed to the President or his immediate advisors at the

20  President's request.

21

22  Document 587:  This email, dated 11/07/05, is from Theroux to

23  Feather, Toy, Newell, and Pickrell.  The email contains an

24  excerpt from an article regarding gasoline taxes and

25  externalities.  The email includes the web address of the

26  paper, but redacts the pasted portion of the document.  The

27  Court reviewed the redacted portion of the document *in camera*

28  and recommends that the redacted portions of the document be

found exempt from disclosure because they are pre-decisional and deliberative and contains no reasonably segregable factual material.

Document 589: This email, dated 11/14/05, was sent from Katz to McMillin and Hannegan.  The email chain concerns an upcoming Principals meeting regarding a draft memorandum on Energy Policy Options for 2006 for a presentation to the President and his domestic policy advisors on the subject of development of NHTSA's light truck CAFE rule.  The draft memorandum is attached to the email and was attached for the Court's review.  The Court reviewed the document *in camera* and recommends that the memorandum be found exempt from disclosure because it is pre-decisional and deliberative and contains no reasonably segregable factual information and because the memorandum contains information conveyed to the President or his immediate advisors at the President's request.  The email, however, contains segregable information, and with the exception of the statement concerning the purpose of the meeting, the Court recommends that the email be disclosed.

Document 590:  This email, dated 11/16/05, is from Theroux to Toy and Asalone.  Theroux forwards documents to Toy and Asalone.  The document appears to have been released in full, with the exception of Theroux's email address, which has been redacted based on privacy grounds.  The Court reviewed the document *in camera* and recommends that the personal email address not be disclosed; otherwise, there is nothing

1  deliberative or pre-decisional about the document.

2

3  Documents 603, 604: This email chain, dated 12/14/05, is among

4  Graham, Hannegan, Glassman, and Newell.  In this chain,

5  Hannegan inquires about a reform proposal to passenger cars,

6  and the rest of the individuals included on Hannegan's email

7  respond to Hannegan's inquiry with thoughts and opinions.  The

8  Court reviewed the redacted portion of the document *in camera*

9  and recommends that the redacted portions of the documents be

10 found exempt from disclosure because they are pre-decisional

11 and deliberative and contain no reasonably segregable factual

12 material.

13

14 Document 605:  This email chain, dated 12/14/05, is among

15 Graham, Toy, and Calamas.  This chain concerns issues to be

16 discussed at an internal meeting on CAFÉ standards and oil

17 savings.  The Court reviewed the redacted portion of the

18 document *in camera* and recommends that the redacted portion of

19 the document be found exempt from disclosure because it is

20 pre-decisional and deliberative and contains no reasonably

21 segregable factual material.

22

23 Documents 606, 607:  This email chain, dated 12/14/05, is

24 among Newell, Graham, Calamas, Toy, Dryden, and Hannegan.

25 This chain discusses standards of conservation and oil savings

26 legislation and provides opinions about what the legislative

27 outlook will be for CAFÉ standards.  Document 606 is embedded

28 in Document 607, but Document 607 has otherwise been fully

released.   The Court reviewed the redacted portion of the documents *in camera* and recommends that the redacted portions of the documents be found exempt from disclosure because they are pre-decisional and deliberative and contain no reasonably segregable factual material.

Document 609:  This email chain, dated 12/15/05, is among Theroux, Toy, and Newell.  This chain discusses CAFE comments. The document has been partially released.  Personal email addresses have been withheld on privacy grounds.  The Court reviewed the redacted portion of the document *in camera* and recommends that redacted portion of the documents be found exempt from disclosure, except for the first line of the withheld email, because they are pre-decisional and deliberative and contain no reasonably segregable factual material.

Document 610:  This email chain, dated 12/14/05-12/15/05, is among Toy, Graham, and Calamas.  The email concerns an upcoming meeting, and includes an attachment, which was not provided to the Court for review.  The only information redacted from the emails is the subject matter.  The Court reviewed the redacted portion of the document *in camera* and recommends that the redacted portion be disclosed, as the subject matter of the emails does not contain any pre-decisional or deliberative material.

///

///

1   Document 611:  This email, dated 12/15/05, is from Graham to

2   Newell and Hannegan.   The email concerns possible shifts in

3   NHTSA's cost estimates.   The Court reviewed the document *in*

4   *camera* and recommends that the document be found exempt from

5   disclosure because it is pre-decisional and deliberative and

6   contains no reasonably segregable factual material.

7

8   Document 624, 625:  This email chain, dated 12/19/05, is

9   between Theroux and Toy.  This chain discusses ANPRM comments

10  on "continuous vs bins."  The document has been partially

11  released.   The redacted portions of the email include email

12  addresses, withheld on privacy grounds, as well as comments by

13  Theroux on ANPRM's comments and the concerns he has with them.

14  The Court reviewed the document *in camera* and recommends that

15  the document be found exempt from disclosure because it is

16  pre-decisional and deliberative and contains no reasonably

17  segregable factual material.

18

19  Document 627:  This email chain, dated 12/22/05, is between

20  James Foster, Newell, and Hennessey.  This chain discusses

21  continuous CAFÉ and continuous Feebate similarities.   The

22  Court reviewed the document *in camera* and recommends that the

23  document be found exempt from disclosure because it is pre-

24  decisional and deliberative and contains no reasonably

25  segregable factual material.

26

27  Document 630:  This email chain, dated 12/22/05-01/03/06, is

28  among Toy, Newell, and Graham.  This chain discusses ways to

improve the Continuous Feebate system regarding different technologies.  The document has been partially released. Personal email addresses have been withheld on privacy grounds.  The Court reviewed the document *in camera* and recommends that the document be found exempt from disclosure because it is pre-decisional and deliberative and contains no reasonably segregable factual material.

Document 631:  This email chain, dated 01/11/06, is among Hannegan, Katz, Graham, and Sharp.  The emails concern an effort to collect current information on CAFÉ proposals for a memorandum.  The court reviewed the document *in camera* and concludes the document contains only factual material and should be disclosed.  The Court reviewed the document *in camera* and recommends that the document be found exempt from disclosure because it is pre-decisional and deliberative and contains no reasonably segregable factual information and because the document contains information conveyed to the President or his immediate advisors at the President's request.

Documents 632, 633: These documents are email chains, dated 01/11/06, among Toy, Katz, Hannegan, and Sharp.  This chain discusses estimates on potential savings from CAFÉ for a draft memorandum being prepared for a presentation to the President and his top domestic policy advisors.  The Court reviewed the document *in camera* and recommends that the document be found exempt from disclosure because it is pre-decisional and

1   deliberative and contains no reasonably segregable factual

2   information and because the document contains information

3   conveyed to the President or his immediate advisors at the

4   President's request.

5

6   Documents 635, 636, 637: This email chain, dated 01/11/06, is

7   among Newell, Toy, Hannegan and Graham.  The chain discusses a

8   table with estimated levels of fleetwide reform for CAFÉ.

9   They include a Powerpoint presentation entitled CAFÉ-Feebates.

10  The Court reviewed the documents *in camera* and recommends that

11  they be found exempt from disclosure because they are pre-

12  decisional and deliberative and contain no reasonably

13  segregable factual material, and because they contain

14  information conveyed to the President or his immediate

15  advisors at the President's request.

16

17  Document 639:  This email chain, dated 01/19/06, is among

18  Connaughton, Rove, McMillin, Jeremy Katz, Allan Hubbard,

19  Hennessey, Hannegan, Dan Bartlett, Bernanke, Bolten, Patel,

20  and Hutto.  This chain discusses whether to present CAFÉ

21  related thoughts for the State of the Union or other energy

22  speeches.  The Court reviewed the documents *in camera* and

23  recommends that they be found exempt from disclosure because

24  they are pre-decisional and deliberative and contain no

25  reasonably segregable factual material, and because they

26  contain information conveyed to the President or his immediate

27  advisors at the President's request.

28  ///

1    Document 640: These documents are email chains, dated

2    01/19/06, from Graham to Wolff.  The emails concern CAFÉ

3    reform through 2015 and propose suggestions for reform.  The

4    Court reviewed the document *in camera* and recommends that it

5    be found exempt from disclosure because it is pre-decisional

6    and deliberative and contains no reasonable segregable factual

7    material.

8

9    Document 641:  This email chain, dated 01/19/06, is among

10   Newell, Graham, Connaughton, and Hannegan.  This chain

11   discusses whether to present CAFÉ related thoughts and

12   standards for light trucks for the State of the Union or other

13   energy speech.  The Court reviewed the document *in camera* and

14   recommends that it be found exempt from disclosure because it

15   is pre-decisional and deliberative and contains no reasonable

16   segregable factual material.

17

18   Document 642:  This email chain, dated 01/20/06, is among

19   Hannegan, Graham, and Anderson.  This chain sets forth ways to

20   edit a memorandum about CAFÉ options.  The Court reviewed the

21   documents *in camera* and recommends that they be found exempt

22   from disclosure because they are pre-decisional and

23   deliberative and contain no reasonably segregable factual

24   material, and because they contain information conveyed to the

25   President or his immediate advisors at the President's

26   request.

27   ///

28   ///

1   Document 647: This email chain, dated 02/13/06-02/14/06, is

2   between Petrie and Menchik.   This chain discusses time

3   pressure in getting out an informal CAFÉ rulemaking draft.

4   The Court reviewed the document *in camera* and recommends that

5   it be found exempt from disclosure because it is pre-

6   decisional and deliberative and contains no reasonable

7   segregable factual material.

8

9   Document 650: This email chain, dated 02/17/06-02/22/06, is

10  among Sharp, Branch, Menchik, Toy, Arbuckle,  Morrall, Newell,

11  Hannegan, and Knepper.   This chain circulates a draft "Light

12  Truck CAFÉ Economic Analysis" memorandum for the President and

13  his top domestic policy advisors; however, the draft

14  memorandum was not submitted for the Court to review.   The

15  Court reviewed the document *in camera* and recommends that it

16  be released, as the email chain contains factual scheduling

17  information and should be disclosed.

18

19  Document 659:  This email chain, dated 02/24/06-02/26/06, is

20  among Newell, Branch, and Anderson.   This email chain has an

21  attachment entitled "CAFÉ Final Notice Feb 14 - CEA Comments"

22  not submitted for *in camera* review.   The Court reviewed the

23  document *in camera* and recommends that it be found exempt from

24  disclosure because it is pre-decisional and deliberative and

25  contains no reasonable segregable factual material.

26

27  Document 685:  This email, dated 03/03/06, is among Abraham,

28  Menchik, Theroux, and Toy.   This chain discusses contact

information while sender is abroad.  The email forwards two

attachments, neither of which were submitted for *in camera*

review.  The Court reviewed the document *in camera* and

recommends that the document be disclosed, unless the phone

number would implicate privacy concerns, because it contains

only factual material.


Documents 686, 688, 689: These email chains, dated 03/02/06-

03/03/06 are between Menchik, Konove, Neyland, Donovan

Robinson and Sandoli.  The chains attach several documents

that concern the draft CAFE rulemaking, regulatory impact

analysis, environmental assessment of DOT/NHTSA's final

rulemaking on CAFÉ standards for light trucks, a comparison of

fuel savings in the proposed and final draft rule, and a

description of the uncertainty analysis. The attachments were

not submitted for *in camera* review.  The Court reviewed the

email chains *in camera* and recommends that the email chain be

disclosed, as the emails contain only factual material.


Documents 690, 691: These emails, dated 03/06/06, are from

Branch to Arbuckle and Theroux.  The emails concern an

attached document, CAFÉ FINAL RULE 022806 ONE PAGER, for use

at a meeting that day.  The attachment was not submitted for

*in camera* review.  The Court reviewed the emails *in camera* and

recommends that they be disclosed because they contain only

factual material.

///

///

1    <u>Document 694</u>: This email chain, dated 03/07/06, is between

2    Kaplan and Theroux.  This chain contains Theroux's answers to

3    two questions posed by Kaplan regarding manufacturer

4    compliance with unreformed and reformed CAFÉ standards as

5    well as how much CAFÉ standards have been raised.  The Court

6    reviewed the document *in camera* and recommends that it be

7    found exempt from disclosure because it is pre-decisional and

8    deliberative and contains no reasonable segregable factual

9    material.

10

11   <u>Document 695</u>: This email chain, dated 03/07/06, is among

12   Fairweather, Hannegan, Neyland, Sharp, Newell, Jeremy Katz,

13   Epifani, Liang, Fiddelke, Martin, Perino, Joel Harris, Grant,

14   Hutto, Michelle Hendrix, Jones, Russell, Knepper, Milburn,

15   Stewart, Cote, Anderson, Haun and Mertens.  This chain

16   transmits a document, CAFÉ FINAL RULE 022806 ONE PAGER, for

17   review.  The attachment was not submitted for *in camera*

18   review.  The Court reviewed document 695 *in camera* and

19   recommends that the document be disclosed because it contains

20   only factual information.

21

22   <u>Document 710</u>:  This email chain, dated 03/14/06, is among

23   Branch, Arbuckle, and Hannegan.  This chain has two documents

24   attached to it, but the attachments were not submitted for *in*

25   *camera* review.  The Court reviewed the document *in camera* and

26   concludes the document contains only factual material and

27   recommends that it be disclosed.

28   ///

1    <u>Document 711</u>: By email dated 03/14/06, Branch transmitted to

2    Sharp comments and edits on a document, which was not

3    submitted for *in camera* review.  The Court reviewed the email

4    *in camera* and recommends that the email be disclosed because

5    it contains only factual material.

6

7    <u>Document 712</u>: By email dated 03/14/06, Menchik sent two

8    documents to Mannix and copied Theroux and Toy.  The

9    documents attached to the emails were not submitted for *in*

10   *camera* review.  The Court reviewed the email *in camera* and

11   recommends that it be disclosed because it contains only

12   factual material.

13

14   <u>Document 716</u>: In an email dated 03/14/06, Menchik sent one

15   document to Mancini and Theroux.  The attached document has

16   not been submitted for *in camera* review.  The Court reviewed

17   the email *in camera* and recommends that it be disclosed

18   because it contains only factual material.

19

20   <u>Document 732</u>: In an email chain dated 02/24/06, Menchik,

21   Branch, Arbuckle, Morrall, and Hunt discussed upcoming NHTSA

22   rulemaking.  The email contained an attachment that was not

23   submitted to the Court for *in camera* review.  The Court

24   reviewed the email *in camera* and recommends that it be found

25   exempt from disclosure because it is pre-decisional and

26   deliberative and contains no reasonable segregable factual

27   material.

28   ///

1    Document 753: This email chain, dated 03/27/06-03/28/06, is

2    among Branch, Menchik, Knepper, Theroux, Thompson, Wehrum,

3    Burnett and  Wood.  The emails discuss their opinions on the

4    draft of CAFÉ.  The Court reviewed the document *in camera* and

5    recommends that it be found exempt from disclosure because it

6    is pre-decisional and deliberative and contains no reasonable

7    segregable factual material, except for the factual material

8    in Wood's email on page 2 of the document, which the Court

9    recommends should be disclosed.

10

11    Document 769: In an email dated 03/28/06, Branch and

12    Harrington discussed their opinions on the final draft of

13    CAFÉ.  The Court reviewed the document *in camera* and

14    recommends that it be found exempt from disclosure because it

15    is pre-decisional and deliberative and contains no reasonable

16    segregable factual material.

17

18    Document 770: In an email dated 03/28/06, Branch provides

19    Harrington her comments on the final draft of CAFÉ.  The

20    Court reviewed the document *in camera* and recommends that it

21    be found exempt from disclosure because it is pre-decisional

22    and deliberative and contains no reasonable segregable

23    factual material.

24

25    Document 771: This email chain, dated 03/27/06-03/28/06, is

26    among Branch, Menchik, Knepper, Theroux, Chet Thompson, Bill

27    Wehrum, and Burnett.  In the emails, the various individuals

28    provide their opinions on the draft of CAFÉ.  The Court

reviewed the document *in camera* and recommends that it be found exempt from disclosure because it is pre-decisional and deliberative and contains no reasonable segregable factual material, except for the factual material in Wood's email on page 1, which the Court recommends be disclosed.

Document 781: This email chain, dated 08/01/05, is among Newell, Toy, and Therous, wherein Newell sent a document, which has not been submitted for *in camera* review.  The Court reviewed the email *in camera* and recommends that it be disclosed because it contains only factual material.

Document 783: This email chain, dated 08/20/04-08/26/04, is among  Graham, Toy, and Felrice.  The emails discuss various issues that may impact CAFÉ reform.  The Court reviewed the document *in camera* and recommends that it be found exempt from disclosure because it is pre-decisional and deliberative and contains no reasonable segregable factual material.

Document 784: This email chain, dated 12/03/04-12/06/04, is among Graham, Calamas, and Hannegan.  The emails discuss the timing of CAFÉ reform.  The Court reviewed the document *in camera* and recommends that it be found exempt from disclosure because it is pre-decisional and deliberative and contains no reasonable segregable factual material.

Document 793: This email chain, dated 02/10/05-02/11/05, is among Theroux, Neyland, Parry ,and Portney.  The emails

1  discuss whether Portney was misquoted in the public report on
2  mistaken identity.  The Court reviewed the document *in camera*
3  and recommends that it be disclosed, because it is not
4  deliberative.

5

6  Document 801: This email chain, dated 03/28/06, is among
7  Abraham, Branch, Harrington, Turmail, and Glassman.  The
8  emails exchange opinions on the final draft of CAFÉ.
9  Personal telephone numbers have been withheld on privacy
10 grounds.  The Court reviewed the document *in camera* and
11 recommends that it be found exempt from disclosure because it
12 is pre-decisional and deliberative and contains no reasonable
13 segregable factual material.

14

15 Document 803: In an email dated 04/14/05, Toy asks Graham to
16 comment on an outline of talking points for Secretary
17 Bodman's briefing on CAFÉ reform.  The Court reviewed the
18 document *in camera* and recommends that it be found exempt
19 from disclosure because it is pre-decisional and deliberative
20 and contains no reasonable segregable factual material.

21

22 Document 810: In an email dated 05/24/05, Toy, Graham and
23 Theroux discussed a draft memo on the cost implications of
24 CAFÉ reform.  The Court reviewed the document *in camera* and
25 recommends that it be found exempt from disclosure because it
26 ///
27 ///
28 ///

66

1    is pre-decisional and deliberative and contains no reasonable

2    segregable factual material.

3

4    Dated: August 24, 2009

5                                    _____

6                                    Bernard Zimmerman
                                     United States Magistrate Judge

7

8    G:\BZALL\-REFS\CENTER FOR BIOLOGICAL DIVERSITY\REPORT AND RECOMMENDATION.wpd